COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:        Fernando Haffid Camero v. Samantha Jo Camero

Appellate case number:     01-15-00860-CV

Trial court case number:    76468-F

Trial court:                300th District Court of Brazoria County

On October 1, 2015, appellant, Fernando Haffid Camero, proceeding pro se and incarcerated, mistakenly filed a notice of appeal in this Court, from the August 10, 2015 final decree of divorce, but is deemed filed in the trial court on October 1, 2015. *See* TEX. R. APP. P. 25.1(a). Appellant filed no post-judgment motion, making September 9, 2015, his deadline for filing a notice of appeal. *See id.* 26.1; TEX. R. CIV. P. 329b(a), (g). Because appellant's October 1, 2015 notice of appeal may not have been timely filed, this Court issued an Order and Notice of Intent to Dismiss for Want of Jurisdiction on January 21, 2016. *See* TEX. R. APP. P. 26.1, 42.3(a), (c). This Court's Order further directed appellant to timely move for extension of time to file his notice of appeal by providing a reasonable explanation why his notice of appeal should be deemed timely under the "prisoner mailbox rule," including any proof of when appellant placed the notice of appeal in the outgoing prison mailbox. *Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (per curiam); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

"Under the mailbox rule, a document is deemed timely filed if it is sent to the proper clerk by first-class mail in a properly addressed, stamped envelope on or before the last day for filing and is received not more than ten days beyond the filing deadline." *Glover v. Berleth*, No. 01-09-00679-CV, 2012 WL 114200, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 12, 2012, no pet.) (mem. op.) (citing TEX. R. APP. P. 9.2(b)(1)); *see also Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam) (noting that appellant has burden of "providing some measure of proof that [his] notice[] of appeal w[as] placed in the United States mail on or before [the deadline]," such as "record in the form of the filing letter accompanying the [appellant's] notice[] of appeal" stating the date the notice of appeal was placed in the "outgoing prison mailbox."). Under the

"prisoner mailbox rule," the "pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk." *Campbell v. State*, 320 S.W.3d 338, 342, 344 (Tex. Crim. App. 2010).

On August 26, 2016, appellant moved for extension of time to file his pro se brief-affidavit, with a three-page pro se brief/affidavit filed in this Court addressing the merits of his appeal.[1] Appellant also attached two exhibits to his brief, Step 1 and Step 2 offender grievance forms alleging that his legal paperwork was temporarily confiscated by prison staff on August 24, 2015, and not all of it was returned, which may have caused his appellate deadline to expire.

On August 31, 2016, appellant filed a letter in this Court, dated August 24, 2016, claiming that he had provided proof of when he placed his notice of appeal in the outgoing prison mailbox by referring to the Step 1 and 2 grievances he previously submitted. In addition, appellant attached two other exhibits, the first was a letter from the district clerk, dated September 30, 2015, stating that she had received appellant's September 19, 2015 cover letter, but that he had failed to include the notice of appeal. The second exhibit was appellant's one-page cover letter entitled "Notice To Appeal," dated September 19, 2015, and postmarked September 22, 2015, stating that he was enclosing his notice of appeal, but it included no separate notice of appeal.

This Court construes appellant's August 31, 2016 letter as his letter-motion for extension of time to file his notice of appeal because it attaches exhibits to support that motion, and refers to the prior August 26, 2016 pro se brief/affidavit and Step 1 and 2 exhibits, and considers all as proof for his motion. *See Glover*, 2012 WL 114200, at *2 (stating that "Rule 9.2(b)(2) of the Texas Rules of Appellate Procedure, entitled 'Proof of Mailing,' identifies items that an appellate court will accept as conclusive proof of the date of mailing, and expressly permits that an appellate court may consider other proof.") (citation omitted). This Court further construes appellant's pro se cover letter, dated September 19, 2015, as his notice of appeal because he provided proof of when he placed the notice of appeal in the outgoing prison mailbox as it was postmarked on September 22, 2015. *See id.* Also, appellant titled his cover letter "Notice To Appeal," stated that he was enclosing his notice of appeal, cited the underlying trial court cause number and divorce decree, and addressed it to the district clerk, indicating his intention to appeal.

In this case, appellant's cover letter "Notice To Appeal," postmarked September 22, 2015, was mailed by prison staff to the district clerk before the last day for filing,

---

[1] On August 18, 2016, this Court granted appellant's third extension of time to file his pro se brief-affidavit in support of his until September 14, 2016. On August 31, 2016, the Clerk of this Court retroactively granted appellant's fourth motion for extension of time to file his pro se brief-affidavit until August 26, 2016, because he included a brief with the motion, both dated August 23, 2016.

which was September 24, 2015, including the fifteen-day grace period under rule 26.3(a), implying a motion for extension of time to file a notice of appeal. *See Houser*, 243 S.W.3d at 646 (holding that inmate's "notice of appeal was deemed filed on the day he mailed it [35 days after trial court's judgment was signed], since it was received one day after the 15-day deadline, . . . and a motion for extension was thereby implied. . . .") (internal citations omitted); *see also McCray v. Mulder*, No. 05–08–00420–CV, 2008 WL 2600700, at *1 (Tex. App.—Dallas July 2, 2008, pet. denied) (per curiam) (mem. op.) (noting that "the notice of appeal [in *Houser*] was received by the trial court clerk on the sixteenth day after it was originally due, which was within ten days of the date it was due under rule 26.3(a).") (citation omitted). Although appellant's separate notice of appeal was not attached to his September 19, 2015 cover letter, his "Notice To Appeal," dated September 28, 2015, was mistakenly filed in this Court on October 1, 2015, and deemed filed the same day with the trial court. *See* TEX. R. APP. P. 25.1(a). Thus, appellant's "Notice To Appeal" was deemed filed on October 1, 2015, which means it was "received not more than ten days beyond the filing deadline." *Ramos*, 228 S.W.3d at 673.

Accordingly, appellant's August 31, 2016 letter-motion for extension of time to file his notice of appeal is **GRANTED** under the "prisoner mailbox rule," and we have jurisdiction to consider his appeal on the merits. *See* TEX. R. APP. P. 9.2(b), 10.5(b), 26.3(b); *Houser*, 243 S.W.3d at 646; *Ramos*, 228 S.W.3d at 673; *see also Glover*, 2012 WL 114200, at *3 (concluding that appellant's notice of appeal was timely filed under the mailbox rule and that court of appeals had jurisdiction to consider merits of appeal).

Because both appellant's pro se brief, filed August 26, 2016, and his pro se supplemental brief, filed on September 1, 2016, appear to address the merits of his divorce appeal, appellee's brief, if any, is **ORDERED** to be filed **within 30 days of the date of this order**. *See* TEX. R. APP. P. 38.6(b), (d). Appellant's reply brief, if any, must be filed within 20 days after the filing date of appellee's brief. *See id.* 38.6(c).

Finally, because appellant is a pro se inmate and submitted a letter-motion requesting a copy of this Court's local rules, local procedure and evidence rules, filed in this Court on September 1, 2016, his letter-motion is **GRANTED** for appellant for his reply brief, if any. *See* TEX. R. APP. P. 38.3. The Clerk of this Court is directed to mail a copy of this Court's Local Rules, the Texas Rules of Appellate Procedure, and the Texas Rules of Evidence to appellant **within 5 days** of this order.

It is so ORDERED.

Judge's signature:   /s/ Laura Carter Higley
                     x  Acting individually                    ☐ Acting for the Court

Date: September 8, 2016

# TEXAS RULES OF APPELLATE PROCEDURE

Table of Contents

**SECTION ONE.**
**GENERAL PROVISIONS**

**Rule 1. Scope of Rules; Local Rules of Courts of Appeals**

    **1.1. Scope.**

    **1.2. Local Rules**
        (a) *Promulgation.*
        (b) *Copies.*
        (c) *Party's Noncompliance.*

**Rule 2. Suspension of Rules**

**Rule 3. Definitions; Uniform Terminology**

    **3.1. Definitions**

    **3.2. Uniform Terminology in Criminal Cases**

**Rule 4. Time and Notice Provisions**

    **4.1. Computing Time**
        (a) *In General.*
        (b) *Clerk's Office Closed or Inaccessible.*

    **4.2. No Notice of Trial Court's Judgment in Civil Case**
        (a) *Additional Time to File Documents.*
            (1) In general.
            (2) Exception for restricted appeal.
        (b) *Procedure to Gain Additional Time.*
        (c) *The Court's Order.*

    **4.3. Periods Affected by Modified Judgment in Civil Case**
        (a) *During Plenary-Power Period.*
        (b) *After Plenary Power Expires.*

    **4.4. Periods Affected When Process Served by Publication**

    **4.5. No Notice of Judgment or Order of Appellate Court; Effect on Time to File Certain Documents**
        (a) *Additional Time to File Documents.*
        (b) *Procedure to Gain Additional Time.*

    (c) *Where to File.*
    (d) *Order of the Court.*

**Rule 5. Fees in Civil Cases**

**Rule 6. Representation by Counsel**

    **6.1. Lead Counsel**
        (a) *For Appellant.*
        (b) *For a Party Other Than Appellant.*
        (c) *How to Designate.*

    **6.2. Appearance of Other Attorneys**

    **6.3. To Whom Communications Sent**

    **6.4. Nonrepresentation Notice**
        (a) *In General.*
        (b) *Appointed Counsel.*

    **6.5. Withdrawal**
        (a) *Contents of Motion.*
        (b) *Delivery to Party.*
        (c) *If Motion Granted.*
        (d) *Exception for Substitution of Counsel.*

    **6.6. Agreements of Parties or Counsel**

**Rule 7. Substituting Parties**

    **7.1. Parties Who Are Not Public Officers**
        (a) *Death of a Party.*
            (1) Civil Cases.
            (2) Criminal Cases.
        (b) *Substitution for Other Reasons.*

    **7.2. Public Officers**
        (a) *Automatic Substitution of Officer.*
        (b) *Abatement.*

**Rule 8. Bankruptcy in Civil Cases**

    **8.1. Notice of Bankruptcy**

    **8.2. Effect of Bankruptcy**

    **8.3. Motion to Reinstate or Sever Appeal Suspended by Bankruptcy**
        (a) *Motion to Reinstate.*

    (b) *Motion to Sever.*

**Rule 9.  Documents Generally**

  **9.1.  Signing**
    (a) *Represented Parties.*
    (b) *Unrepresented Parties.*
    (c) *Electronic Signatures.*

  **9.2.  Filing**
    (a) *With Whom.*
    (b) *Filing by Mail.*
      (1) Timely Filing.
      (2) Proof of Mailing.
    (c) *Electronic Filing.*

  **9.3.  Number of Copies; Electronic Copies**
    (a) *Courts of Appeals.*
    (b) *Supreme Court and Court of Criminal Appeals.*
    (c) *Exception for Record.*

  **9.4.  Form**
    (a) *Printing.*
    (b) *Paper Type and Size.*
    (c) *Margins.*
    (d) *Spacing.*
    (e) *Typeface.*
    (f) *Binding and Covering.*
    (g) *Contents of Cover.*
    (h) *Appendix.*
    (i) *Length.*
    (j) *Electronically Filed Documents.*
    (k) *Nonconforming Documents.*

  **9.5.  Service**
    (a) *Service of All Documents Required.*
    (b) *Manner of Service.*
    (c) *When complete.*
    (d) *Proof of Service.*
    (e) *Certificate Requirements.*

  **9.6.  Communications with the Court**

  **9.7.  Adoption by Reference**

  **9.8.  Protection of Minor's Identity in Parental-Rights Termination Cases and Juvenile Court Cases**

    (a) *Alias Defined.*
    (b) *Parental-Rights Termination Cases.*
    (c) *Juvenile Court Cases.*
    (d) *No Alteration of Appellate Record.*

  **9.9.  Privacy Protection for Documents Filed in Civil Cases**
    (a) *Sensitive Data Defined.*
    (b) *Filing of Documents Containing Sensitive Data Prohibited.*
    (c) *Redaction of Sensitive Data; Retention Required.*
    (d) *Notice to Clerk.*
    (e) *Restriction on Remote Access.*

  **9.10.  Privacy Protection for Documents Filed in Criminal Cases**
    (a) *Sensitive Data Defined.*
    (b) *Redacted Filings.*
    (c) *Exemptions from the Redaction Requirement.*
    (d) *Redaction Procedures.*
    (e) *Certification.*
    (f) *Reference List.*
    (g) *Sealed materials.*
    (h) *Waiver of Protection of Identifiers.*

**Rule 10. Motions in the Appellate Courts**

  **10.1.  Contents of Motions; Response**
    (a) *Motion.*
    (b) *Response.*

  **10.2.  Evidence on Motions**

  **10.3.  Determining Motions**
    (a) *Time for Determination.*
    (b) *Reconsideration.*

  **10.4.  Power of Panel or Single Justice or Judge to Entertain Motions**
    (a) *Single Justice.*
    (b) *Panel.*

  **10.5.  Particular Motions**
    (a) *Motions Relating to Informalities in the Record.*
    (b) *Motions to Extend Time.*
      (1) Contents of Motion in General.
      (2) Contents of Motion to Extend Time to File Notice of Appeal.
      (3) Contents of Motion to Extend Time to File Petition for Review or Petition for Discretionary Review.
    (c) *Motions to Postpone Argument.*

**Rule 11. Amicus Curiae Briefs**

**Rule 12. Duties of Appellate Clerk**

  **12.1.  Docketing the Case**

**12.2.** **Docket Numbers**
    (a) *Numbering System.*
    (b) *Numbering Order.*
    (c) *Multiple Notices of Appeal.*
    (d) *Appeals Not Yet Filed.*

**12.3.** **Custody of Papers**

**12.4.** **Withdrawing Papers**

**12.5.** **Clerk's Duty to Account**

**12.6.** **Notices of Court's Judgments and Orders**

**Rule 13.** **Court Reporters and Court Recorders**

**13.1.** **Duties of Court Reporters and Recorders**

**13.2.** **Additional Duties of Court Recorder**

**13.3.** **Priorities of Reporters**

**13.4.** **Report of Reporters**

**13.5.** **Appointing Deputy Reporter**

**13.6.** **Filing of Notes in a Criminal Case**

**Rule 14.** **Recording and Broadcasting Court Proceedings**

**14.1.** **Recording and Broadcasting Permitted**

**14.2.** **Procedure**
    (a) *Request to cover Court proceeding.*
    (b) *Response.*
    (c) *Court May Shorten Time.*
    (d) *Decision of Court.*

**14.3.** **Equipment and Personnel**

**14.4.** **Enforcement**

**Rule 15.** **Issuance of Writ or Process by Appellate Court**

**15.1.** **In General**
    (a) *Signature Under Seal.*
    (b) *To Whom Directed; by Whom Served.*
    (c) *Return; Lack of Execution; Simultaneous Writs.*

**15.2.** **Appearance Without Service; Actual Knowledge**

**Rule 16.** **Disqualification or Recusal of Appellate Judges**

**16.1.** **Grounds for Disqualification**

**16.2.** **Grounds for Recusal**

**16.3.** **Procedure for Recusal**
    (a) *Motion.*
    (b) *Decision.*
    (c) *Appeal.*

**Rule 17.** **Court of Appeals Unable to Take Immediate Action**

**17.1.** **Inability to Act**

**17.2.** **Nearest Available Court of Appeals**

**17.3.** **Further Proceedings**

**Rule 18.** **Mandate**

**18.1.** **Issuance**
    (a) *In the Court of Appeals.*
    (b) *In the Supreme Court and the Court of Criminal Appeals.*
    (c) *Agreement to Issue.*

**18.2.** **Stay of Mandate**

**18.3.** **Trial Court Case Number**

**18.4.** **Filing of Mandate**

**18.5.** **Costs**

**18.6.** **Mandate in Accelerated Appeals**

**18.7.** **Recall of Mandate**

**Rule 19.** **Plenary Power of the Courts of Appeals and Expiration of Term**

**19.1.** **Plenary Power of Courts of Appeals**

**19.2.** **Plenary Power Continues After Petition Filed**

**19.3.** **Proceedings After Plenary Power Expires**

**19.4.** **Expiration of Term**

**Rule 20. When Party is Indigent**

    **20.1.** **Civil Cases**
        (a) *Costs Defined.*
        (b) *When a Statement Was Filed in the Trial Court.*
            (1) General Rule; Status in Trial Court Carries Forward.
            (2) Establishing the Right to Proceed Under the General Rule.
            (3) Exception; Material Change in Circumstances.
        (c) *When No Statement Was Filed in the Trial Court.*

    **20.2.** **Criminal Cases**

**SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS**

**Rule 21. New Trials in Criminal Cases**

    **21.1.** **Definitions**
        (a) *New Trial.*
        (b) *New Trial on Punishment.*

    **21.2.** **When Motion for New Trial Required**

    **21.3.** **Grounds**

    **21.4.** **Time to File and Amend Motion**
        (a) *To file.*
        (b) *To Amend.*

    **21.5.** **State May Controvert; Effect**

    **21.6.** **Time to Present**

    **21.7.** **Types of Evidence Allowed at Hearing**

    **21.8.** **Court's Ruling**
        (a) *Time to Rule.*
        (b) *Ruling.*
        (c) *Failure to Rule.*

    **21.9.** **Granting a New Trial**

**Rule 22. Arrest of Judgment in Criminal Cases**

    **22.1.** **Definition**

    **22.2.** **Grounds**

**22.3.** **Time to File Motion**

**22.4.** **Court's Ruling**
    (a) *Time to Rule; Form of Ruling.*
    (b) *Failure to Rule.*

**22.5.** **Effect of Denying**

**22.6.** **Effect of Granting**
    (a) *Defendant Restored.*
    (b) *Defendant Discharged or Remanded.*

**Rule 23. Nunc Pro Tunc Proceedings in Criminal Cases**

    **23.1.** **Judgment and Sentence**

    **23.2.** **Credit on Sentence**

**Rule 24. Suspension of Enforcement of Judgment Pending Appeal in Civil Cases**

    **24.1.** **Suspension of Enforcement**
        (a) *Methods.*
        (b) *Bonds.*
        (c) *Deposit in Lieu of Bond.*
            (1) Types of Deposits.
            (2) Amount of Deposit.
            (3) Clerk's Duties; Interest.
        (d) *Conditions of Liability.*
        (e) *Orders of Trial Court.*
        (f) *Effect of Supersedeas.*

    **24.2.** **Amount of Bond, Deposit, or Security**
        (a) *Type of Judgment.*
            (1) For Recovery of Money.
            (2) For Recovery of Property.
            (3) Other Judgment.
            (4) Conservatorship or Custody.
            (5) For a Governmental Entity.
        (b) *Lesser Amount.*
        (c) *Determination of Net Worth.*
            (1) Judgment Debtor's Affidavit Required; Contents; Prima Facie Evidence.
            (2) Contest; Discovery.
            (3) Hearing; Burden of Proof; Findings; Additional Security.
        (d) *Injunction.*

    **24.3.** **Continuing Trial Court Jurisdiction; Duties of Judgment Debtor**
        (a) *Continuing Jurisdiction.*
        (b) *Duties of Judgment Debtor.*

**24.4. Appellate Review**
    (a) *Motions; Review*.
    (b) *Grounds of Review*.
    (c) *Temporary Orders*.
    (d) *Action by Appellate Court*.
    (e) *Effect of Ruling*.

**Rule 25. Perfecting Appeal**

**25.1. Civil Cases.**
    (a) *Notice of Appeal*.
    (b) *Jurisdiction of Appellate Court*.
    (c) *Who Must File Notice*.
    (d) *Contents of Notice*.
    (e) *Service of Notice*.
    (f) *Clerk's Duties*.
    (g) *Amending the Notice*.
    (h) *Enforcement of Judgment Not Suspended by Appeal*.

**25.2. Criminal Cases**
    (a) *Rights to Appeal*.
      (1) Of the State.
      (2) Of the Defendant.
    (b) *Perfection of Appeal*.
    (c) *Form and Sufficiency of Notice*.
    (d) *Certification of Defendant's Right of Appeal*.
    (e) *Clerk's Duties*.
    (f) *Amending the Notice*.
    (g) *Effect of Appeal*.
    (h) *Advice of Right of Appeal*.

**Rule 26. Time to Perfect Appeal**

**26.1. Civil Cases**

**26.2. Criminal Cases**
    (a) *By the Defendant*.
    (b) *By the State*.

**26.3. Extension of Time**

**Rule 27. Premature Filings**

**27.1. Prematurely Filed Notice of Appeal**
    (a) *Civil Cases*.
    (b) *Criminal Cases*.

**27.2. Other Premature Actions**

**27.3. If Appealed Order Modified or Vacated**

**Rule 28. Accelerated, Agreed, and Permissive Appeals in Civil Cases**

**28.1. Accelerated Appeals**
    (a) *Types of Accelerated Appeals*.
    (b) *Perfection of Accelerated Appeal*.
    (c) *Appeals of Interlocutory Orders*.
    (d) *Quo Warranto Appeals*.
    (e) *Record and Briefs*.

**28.2. Agreed Interlocutory Appeals in Civil Cases**
    (a) *Perfecting Appeal*.
    (b) *Other Requirements*.
    (c) *Contents of Notice*.
    (d) *Determination of Jurisdiction*.
    (e) *Record; Briefs*.
    (f) *No Automatic Stay of Proceedings in Trial Court*.

**28.3. Permissive Appeals in Civil Cases.**
    (a) *Petition Required*.
    (b) *Where Filed*.
    (c) *When Filed*.
    (d) *Extension of Time to File Petition*.
    (e) *Contents*.
    (f) *Response; Reply; Cross-Petition; Time for Filing*.
    (g) *Length of Petition, Cross-Petition, Response, and Reply*.
    (h) *Service*.
    (i) *Docketing Statement*.
    (j) *Time for Determination*.
    (k) *When Petition Granted*.

**28.4. Accelerated Appeals in Parental Termination and Child Protection Cases**
    (a) *Application and Definitions*.
    (b) *Appellate Record*.
    (c) *Remand for New Trial*.

**Rule 29. Orders Pending Interlocutory Appeal in Civil Cases**

**29.1. Effect of Appeal**

**29.2. Security**

**29.3. Temporary Orders of Appellate Court**

**29.4. Enforcement of Temporary Orders**

**29.5. Further Proceedings in Trial Court**

**29.6. Review of Further Orders**
    (a) *Motion to Review Further Orders*.
    (b) *Record*.

**Rule 30. Restricted Appeal to Court of Appeals in Civil Cases**

**Rule 31. Appeals in Habeas Corpus, Bail, and Extradition Proceedings in Criminal Cases**

    **31.1. Filing the Record; Submission**

    **31.2. Hearing**

    **31.3. Orders on Appeal**

    **31.4. Stay of Mandate**
        (a) *When Motion for Stay Required*.
        (b) *Determination of the motion*.
        (c) *Denial of stay*.

    **31.5. Judgment Conclusive**

    **31.6. Defendant Detained by Other Than Officer**

    **31.7. Judgment to be Certified**

**Rule 32. Docketing Statement**

    **32.1. Civil Cases**

    **32.2. Criminal Cases**

    **32.3. Supplemental Statements**

    **32.4. Purpose of Statement**

**Rule 33. Preservation of Appellate Complaints**

    **33.1. Preservation; How Shown**
        (a) *In General*.
        (b) *Ruling by Operation of Law*.
        (c) *Formal Exception and Separate Order Not Required*.
        (d) *Sufficiency of Evidence Complaints in Nonjury Cases*.

    **33.2. Formal Bills of Exception**
        (a) *Form*.
        (b) *Evidence*.
        (c) *Procedure*.
        (d) *Conflict*.
        (e) *Time to File*.
            (1) Civil Cases.
            (2) Criminal Cases.
            (3) Extension of Time.
        (f) *Inclusion in Clerk's Record*.

**Rule 34. Appellate Record**

    **34.1. Contents**

    **34.2. Agreed Record**

    **34.3. Agreed Statement of the Case**

    **34.4. Form**

    **34.5. Clerk's Record**
        (a) *Contents*.
        (b) *Request for Additional Items*.
            (1) Time for Request.
            (2) Request Must Be Specific.
            (3) Requesting Unnecessary Items.
            (4) Failure to Timely Request.
        (c) *Supplementation*.
        (d) *Defects or Inaccuracies*.
        (e) *Clerk's Record Lost or Destroyed*.
        (f) *Original Documents*.
        (g) *Additional Copies of Clerk's Record in Criminal Cases*.
        (h) *Clerk May Consult With Parties*.

    **34.6. Reporter's Record**
        (a) *Contents*.
            (1) Stenographic Recording.
            (2) Electronic Recording.
        (b) *Request for Preparation*.
            (1) Request to Court Reporter.
            (2) Filing.
            (3) Failure to Timely Request.
        (c) *Partial Reporter's Record*.
            (1) Effect on Appellate Points or Issues.
            (2) Other Parties May Designate Additions.
            (3) Costs; Requesting Unnecessary Matter.
            (4) Presumptions.
            (5) Criminal Cases.
        (d) *Supplementation*.
        (e) *Inaccuracies in the Reporter's Record*.
            (1) Correction of Inaccuracies by Agreement.
            (2) Correction of Inaccuracies by Trial Court.
            (3) Correction After Filing in Appellate Court.
        (f) *Reporter's Record Lost or Destroyed*.
        (g) *Original Exhibits*.
            (1) Reporter May Use in Preparing Reporter's Record.

     (2) Use of Original Exhibits by Appellate Court.

(h) *Additional Copies of Reporter's Record in Criminal Cases.*

(i) *Supreme Court and Court of Criminal Appeals May Set Fee.*

**Rule 35. Time to File Record; Responsibility for Filing Record**

  **35.1. Civil Cases**

  **35.2. Criminal Cases**

  **35.3. Responsibility for Filing Record**
    (a) *Clerk's Record.*
    (b) *Reporter's Record.*
    (c) *Courts to Ensure Record Timely Filed.*

**Rule 36. Agency Record in Administrative Appeals**

  **36.1. Scope**

  **36.2. Inclusion in Appellate Record**

  **36.3. Correcting the Record**
    (a) *Correction by Agreement.*
    (b) *Correction by Trial Court.*

**Rule 37. Duties of the Appellate Clerk on Receiving the Notice of Appeal and Record**

  **37.1. On Receiving the Notice of Appeal**

  **37.2. On Receiving the Record**

  **37.3. If No Record Filed**
    (a) *Notice of late record.*
      (1) Civil Cases.
      (2) Criminal Cases.
    (b) *If No Clerk's Record Filed Due to Appellant's Fault.*
    (c) *If No Reporter's Record Filed Due to Appellant's Fault.*

**Rule 38. Requisites of Briefs**

  **38.1. Appellant's Brief**
    (a) *Identity of Parties and Counsel.*
    (b) *Table of Contents.*
    (c) *Index of Authorities.*
    (d) *Statement of the Case.*
    (e) *Any Statement Regarding Oral Argument.*
    (f) *Issues Presented.*

    (g) *Statement of Facts.*
    (h) *Summary of the Argument.*
    (i) *Argument.*
    (j) *Prayer.*
    (k) *Appendix in Civil Cases.*
      (1) Necessary Contents.
      (2) Optional Contents.

  **38.2. Appellee's Brief**
    (a) *Form of Brief.*
    (b) *Cross-Points.*
      (1) Judgment Notwithstanding the Verdict.
      (2) When Evidentiary Hearing Needed.

  **38.3. Reply Brief**

  **38.4. *Deleted***

  **38.5. Appendix for Cases Recorded Electronically**
    (a) *Appendix.*
      (1) In General.
      (2) Repetition Not Required.
      (3) Form.
      (4) Notice.
    (b) *Presumptions.*
    (c) *Supplemental Appendix.*
    (d) *Inability to Pay.*
    (e) *Inaccuracies.*
      (1) Correction by Agreement.
      (2) Correction by Appellate or Trial Court.
    (f) *Costs.*

  **38.6. Time to File Briefs**
    (a) *Appellant's Filing Date.*
    (b) *Appellee's Filing Date.*
    (c) *Filing Date for Reply Brief.*
    (d) *Modifications of Filing Time.*

  **38.7. Amendment or Supplementation**

  **38.8. Failure of Appellant to File Brief**
    (a) *Civil Cases.*
    (b) *Criminal Cases.*
      (1) Effect.
      (2) Notice.
      (3) Hearing.
      (4) Appellate Court Action.

  **38.9. Briefing Rules to be Construed Liberally**
    (a) *Formal Defects.*
    (b) *Substantive Defects.*

**Rule 39. Oral Argument; Decision Without Argument**

    **39.1. Right to Oral Argument**

    **39.2. Purpose of Argument**

    **39.3. Time Allowed**

    **39.4. Number of Counsel**

    **39.5. Argument by Amicus**

    **39.6. When Only One Party Files a Brief**

    **39.7. Request and Waiver**

    **39.8. Clerk's Notice**

**Rule 40. ORDER OF DECISION**

    **40.1. Civil Cases**

    **40.2. Criminal Cases**

**Rule 41. Panel and En Banc Decision**

    **41.1. Decision by Panel**
        (a) *Constitution of Panel.*
        (b) *When Panel Cannot Agree on Judgment.*
        (c) *When Court Cannot Agree on Judgment.*

    **41.2. Decision by En Banc Court**
        (a) *Constitution of En Banc Court.*
        (b) *When En Banc Court Cannot Agree on Judgment.*
        (c) *En Banc Consideration Disfavored.*

    **41.3. Precedent in Transferred Cases.**

**Rule 42. Dismissal**

    **42.1. Voluntary Dismissal in Civil Cases**
        (a) *On Motion or By Agreement.*
           (1) On Motion of Appellant.
           (2) By Agreement.
         (b) *Partial Disposition.*
        (c) *Effect on Court's Opinion.*
        (d) *Costs.*

    **42.2. Voluntary Dismissal in Criminal Cases**

    **42.3. Involuntary Dismissal in Civil Cases**

    **42.4. Involuntary Dismissal in Criminal Cases**
        (a) *Timely Return to Custody; Reinstatement.*
        (b) *Life Sentence.*

**Rule 43. Judgment of the Court of Appeals**

    **43.1. Time**

    **43.2. Types of Judgment**

    **43.3. Rendition Appropriate Unless Remand Necessary**

    **43.4. Judgment for Costs in Civil Cases**

    **43.5. Judgment Against Sureties in Civil Cases**

    **43.6. Other Orders**

**Rule 44. Reversible Error**

    **44.1. Reversible Error in Civil Cases**
        (a) *Standard for Reversible Error.*
        (b) *Error Affecting Only Part of Case.*

    **44.2. Reversible Error in Criminal Cases**
        (a) *Constitutional Error.*
        (b) *Other Errors.*
        (c) *Presumptions.*

    **44.3. Defects in Procedure**

    **44.4. Remediable Error of the Trial Court**
        (a) *Generally.*
        (b) *Court of Appeals Direction if Error Remediable.*

**Rule 45. Damages for Frivolous Appeals in Civil Cases**

**Rule 46. Remittitur in Civil Cases**

    **46.1. Remittitur After Appeal Perfected Trial**

    **46.2. Appeal on Remittitur**

    **46.3. Suggestion of Remittitur by Court of Appeals**

    **46.4. Refusal to Remit Must Not Be**

**Mentioned in Later**

**46.5. Voluntary Remittitur**

**Rule 47. Opinions, Publication, and Citation**

**47.1. Written Opinions**

**47.2. Designation and Signing of Opinions; Participating Justices**
(a) *Civil and Criminal Cases.*
(b) *Criminal Cases.*
(c) *Civil Cases.*

**47.3. Distribution of Opinions**

**47.4. Memorandum Opinions**

**47.5. Concurring and Dissenting Opinions**

**47.6. Change in Designation by En Banc Court**

**47.7. Citation of Unpublished Opinions**
(a) *Criminal Cases.*
(b) *Civil Cases.*

**Rule 48. Copy of Opinion and Judgment to Interested Parties and Other Courts**

**48.1. Mailing Opinion and Judgment in All Cases**

**48.2. Additional Recipients in Criminal Cases**

**48.3. Filing Opinion and Judgment**

**48.4. Opinion Sent to Criminal Defendant**

**Rule 49. Motion for Rehearing and En Banc Reconsideration**

**49.1. Further Motion for Rehearing**

**49.2. Response**

**49.3. Decision on Motion**

**49.4. Accelerated Appeals.**

**49.5. Further Motion for Rehearing**

**49.6. Amendments**

**49.7. En Banc Reconsideration**

**49.8. Extensions of Time**

**49.9. Not Required for Review**

**49.10. *Deleted***

**49.11. Relationship to Petition for Review**

**49.12. Certificate of Conference Not Required**

**Rule 50. Abolished eff Sept 1, 2011**

**Rule 51. Enforcement of Judgments After Mandate**

**51.1. Civil Cases**
(a) *Statement of Costs.*
(b) *Enforcement of Judgment.*

**51.2. Criminal Cases**
(a) *Clerk's Duties.*
(b) *Judgment of Affirmance; Defendant Not in Custody.*
  (1) Capias to Be Issued.
  (2) Contents of Capias.
  (3) Sheriff's Duties.
(c) *Judgment of Reversal.*
  (1) When new Trial Ordered.
  (2) When Case Dismissed.
(d) *Judgment of Acquittal.*

**SECTION THREE. ORIGINAL PROCEEDINGS IN THE SUPREME COURT AND THE COURTS OF APPEALS**

**Rule 52. Original Proceedings**

**52.1. Commencement**

**52.2. Designation of Parties**

**52.3. Form and Contents of Petition**
(a) *Identity of Parties and Counsel.*
(b) *Table of Contents.*
(c) *Index of Authorities.*
(d) *Statement of the Case.*
(e) *Statement of Jurisdiction.*
(f) *Issues Presented.*
(g) *Statement of Facts.*
(h) *Argument.*
(i) *Prayer.*
(j) *Certification.*
(k) *Appendix.*
  (1) Necessary Contents.
  (2) Optional Contents.

**52.4. Response**

**52.5. Relator's Reply to Response**

**52.6.** *Deleted*

**52.7. Record**
  (a) *Filing by Relator Required.*
  (b) *Supplementation Permitted.*
  (c) *Service of Record on All Parties.*

**52.8. Action on Petition**
  (a) *Relief Denied.*
  (b) *Interim Action.*
  (c) *Relief Granted.*
  (d) *Opinion.*

**52.9. Motion for Rehearing**

**52.10. Temporary Relief**
  (a) *Motion for Temporary Relief; Certificate of Compliance.*
  (b) *Grant of Temporary Relief.*
  (c) *Motion to Reconsider.*

**52.11. Groundless Petition or Misleading Statement or Record**

**SECTION FOUR. PROCEEDINGS IN THE SUPREME COURT**

**Rule 53. Petition for Review**

**53.1. Method of Review**

**53.2. Contents of Petition**
  (a) *Identity of Parties and Counsel.*
  (b) *Table of Contents.*
  (c) *Index of Authorities.*
  (d) *Statement of the Case.*
  (e) *Statement of Jurisdiction.*
  (f) *Issues Presented.*
  (g) *Statement of Facts.*
  (h) *Summary of the Argument.*
  (i) *Argument.*
  (j) *Prayer.*
  (k) *Appendix.*
    (1) Necessary Contents.
    (2) Optional Contents.

**53.3. Response to Petition for Review**

**53.4. Points Not Considered in Court of Appeals**

**53.5. Petitioner's Reply to Response**

**53.6.** *Deleted*

**53.7. Time and Place of Filing**
  (a) *Petition.*
  (b) *Premature Filing.*
  (c) *Petitions Filed by Other Parties.*
  (d) *Response.*
  (e) *Reply.*
  (f) *Extension of Time.*
  (g) *Petition Filed in Court of Appeals.*

**53.8. Amendment**

**53.9. Court May Require Revision**

**Rule 54. Filing the Record**

**54.1. Request for Record**

**54.2. Duty of Court of Appeals Clerk**
  (a) *Request for Record.*
  (b) *Nondocumentary Exhibits.*

**54.3. Expenses**

**54.4. Duty of Supreme Court Clerk**

**Rule 55. Briefs on the Merits**

**55.1. Request by Court**

**55.2. Petitioner's Brief on the Merits**
  (a) *Identity of Parties and Counsel.*
  (b) *Table of Contents.*
  (c) *Index of Authorities.*
  (d) *Statement of the Case.*
  (e) *Statement of Jurisdiction.*
  (f) *Issues Presented.*
  (g) *Statement of Facts.*
  (h) *Summary of the Argument.*
  (i) *Argument.*
  (j) *Prayer.*

**55.3. Respondent's Brief**

**55.4. Petitioner's Brief in Reply**

**55.5. Reliance on Prior Brief**

**55.6.** *Deleted*

**55.7. Time and Place of Filing; Extension of Time**

**55.8.** Amendment

**55.9.** Court May Require Revision

**Rule 56.** Orders on Petition for Review

**56.1.** Orders on Petition for Review
(a) *Considerations in Granting Review*.
(b) *Petition Denied or Dismissed*.
(1) "Denied."
(2) "Dismissed w.o.j."
(c) *Petition Refused*.
(d) *Improvident Grant*.

**56.2.** Moot Cases

**56.3.** Settled Cases

**56.4.** Notice to Parties

**56.5.** Return of Documents to Court of Appeals

**Rule 57.** Direct Appeals to the Supreme Court

**57.1.** Application

**57.2.** Jurisdiction

**57.3.** Statement of Jurisdiction

**57.4.** Preliminary Ruling on Jurisdiction

**57.5.** Direct Appeal Exclusive While Pending

**Rule 58.** Certification of Questions of Law by United States Courts

**58.1.** Certification

**58.2.** Contents of the Certification Order

**58.3.** Transmission of Certification Order

**58.4.** Transmission of Record

**58.5.** Fees and Costs

**58.6.** Notice

**58.7.** Briefs and Oral Argument
(a) *Briefs*.
(b) *Oral Argument*.

**58.8.** Intervention by the State

**58.9.** Opinion on Certified Questions

**58.10.** Answering Certified Questions

**Rule 59.** Submission and Argument

**59.1.** Submission Without Argument

**59.2.** Submission With Argument

**59.3.** Purpose of Argument

**59.4.** Time for Argument

**59.5.** Number of Counsel

**59.6.** Argument by Amicus Curiae

**Rule 60.** Judgments in the Supreme Court

**60.1.** Announcement of Judgments

**60.2.** Types of Judgment

**60.3.** Remand in the Interest of Justice

**60.4.** Judgment for Costs

**60.5.** Judgment Against Sureties

**60.6.** Other Orders

**Rule 61.** Reversible Error

**61.1.** Standard for Reversible Error

**61.2.** Error Affecting Only Part of the Case

**61.3.** Defects in Procedure

**61.4.** Remediable Error of the Trial Court or Court of Appeals
(a) *Generally*.
(b) *Supreme Court Direction if Error Remediable*.

**Rule 62.** Damages for Frivolous Appeals

**Rule 63.** Opinions; Copy of Opinion and Judgment to Interested Parties and Other Courts

**Rule 64.** Motion for Rehearing

**64.1.** Time for Filing

**64.2. Contents**

**64.3. Response and Decision**

**64.4. Second Motion**

**64.5. Extensions of Time**

**64.6.** *Deleted*

**Rule 65. Enforcement of Judgment after Mandate**

**65.1. Statement of Costs**

**65.2. Enforcement of Judgment**

**SECTION FIVE. PROCEEDINGS IN THE COURT OF CRIMINAL APPEALS**

**Rule 66. Discretionary Review in General**

**66.1. With or Without Petition**

**66.2. Not a Matter of Right**

**66.3. Reasons for Granting Review**

**66.4. Documents to Aid Decision**
(a) *Acquiring Documents.*
(b) *Return of Documents.*

**Rule 67. Discretionary Review Without Petition**

**67.1. Four Judges' Vote**

**67.2. Order Staying Mandate**

**67.3. Time to Issue Mandate Extended**

**Rule 68. Discretionary Review with Petition**

**68.1. Generally**

**68.2. Time to File Petition**
(a) *First Petition.*
(b) *Subsequent Petition.*
(c) *Extension of Time.*

**68.3. Where to File Petition**

**68.4. Contents of Petition**
(a) *Table of Contents.*
(b) *Index of Authorities.*
(c) *Statement Regarding Oral Argument.*

(d) *Statement of the Case.*
(e) *Statement of Procedural History.*
(f) *Grounds for Review.*
(g) *Argument.*
(h) *Prayer for Relief.*
(i) *Appendix.*

**68.5.** *Deleted*

**68.6. Nonconforming Petition**

**68.7. Court of Appeals Clerk's Duties**
(a) *On filing of the Petition.*
(b) *Reply.*
(c) *Sending Petition and Reply to Court of Criminal Appeals.*

**68.8. Court of Criminal Appeals Clerk's Duties**

**68.9. Reply**

**68.10. Amendment**

**68.11. Service on State Prosecuting Attorney**

**Rule 69. Action of Court on Petition for Discretionary Review and After Granting Review**

**69.1. Granting or Refusal**

**69.2. Setting Case for Submission**

**69.3. Improvident Grant of Review**

**69.4. Clerk's Duties**
(a) *On Refusal or Dismissal.*
(b) *On Granting Review.*

**Rule 70. Brief on the Merits**

**70.1. Initial Brief**

**70.2. Reply Brief**

**70.3. Brief Contents and Form**

**70.4. Other Briefs**

**Rule 71. Direct Appeals**

**71.1. Direct Appeal**

**71.2. Record**

**71.3. Briefs**

**71.4. Additional Briefs**

**Rule 72. Extraordinary Matters**

    **72.1. Leave to File**

    **72.2. Disposition**

**Rule 73. Postconviction Applications for Writs of Habeas Corpus**

    **73.1. Form for Application Filed Under Article 11.07 of the Code of Criminal Procedure**

    **73.2. Noncompliant Applications**

    **73.3. State's Response**

    **73.4. Filing and Transmission of Habeas Corpus**

    **73.5. Time Frame for Resolution of Claims Raised in Application**

    **73.6. Action on Application**

**Rule 74. Review of Certified State Criminal-Law Questions**

    **74.1. Certification**

    **74.2. Contents of the Certification Order**

    **74.3. Transmission of Certification Order**

    **74.4. Transmission of Record**

    **74.5. Notice**

    **74.6. Briefs and Oral Argument**
        (a) *Briefs.*
        (b) *Oral Argument.*

    **74.7. Intervention by the State**

    **74.8. Opinion on Certified Question**

    **74.9. Motion for Rehearing**

    **74.10. Answering Certified Questions**

**Rule 75. Notification; Oral Argument**

    **75.1. Notification of Argument or Submission**

    **75.2. Request for Argument**

    **75.3. Oral Argument**

**Rule 76. Submissions En Banc**

**Rule 77. Opinions**

    **77.1. Generally**

    **77.2. Signing; Publication**

    **77.3. Unpublished Opinions**

    **77.4. Copies**

**Rule 78. Judgments in the Court of Criminal Appeals**

    **78.1. Types of Judgment**

    **78.2. Remand in the Interests of Justice**

    **78.3. Other Orders**

**Rule 79. Rehearings**

    **79.1. Motion for Rehearing**

    **79.2. Contents**

    **79.3. Amendments**

    **79.4. Decision**

    **79.5. Further Motion for Rehearing**

    **79.6. Extension of Time**

    **79.7. Service**

# TEXAS RULES OF APPELLATE PROCEDURE
*Updated with Amendments Effective September 1, 2016*

## SECTION ONE: GENERAL PROVISIONS

### Rule 1.  Scope of Rule; Local Rules of Courts of Appeals

**1.1. Scope**

These rules govern procedure in appellate courts and before appellate judges and post-trial procedure in trial courts in criminal cases.

**1.2. Local Rules**

(a) *Promulgation*. A court of appeals may promulgate rules governing its practice that are not inconsistent with these rules. Local rules governing civil cases must first be approved by the Supreme Court. Local rules governing criminal cases must first be approved by the Court of Criminal Appeals.

(b) *Copies.* The clerk must provide a copy of the court's local rules to anyone who requests it.

(c) *Party's Noncompliance.* A court must not dismiss an appeal for noncompliance with a local rule without giving the noncomplying party notice and a reasonable opportunity to cure the noncompliance.

**Notes and Comments**

Comment to 1997 change: Subdivision 1.1 is simplified without substantive change. Subdivision 1.2 is amended to make clear that any person is entitled to a copy of local rules. Paragraph 1.2(c), restricting dismissal of a case for noncompliance with a local rule, is added.

### Rule 2. Suspension of Rule

On a party's motion or on its own initiative an appellate court may — to expedite a decision or for other good cause — suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case.

**Notes and Comments**

Comment to 1997 change: Former subdivision (a) regarding appellate court jurisdiction is deleted. The power to suspend rules is extended to civil cases. Other nonsubstantive changes are made.

### Rule 3. Definitions; Uniform Terminology

**3.1. Definitions**

(a) *Appellant* means a party taking an appeal to an appellate court.

(b) *Appellate court* means the courts of appeals, the Court of Criminal Appeals, and the Supreme Court.

(c) *Appellee* means a party adverse to an appellant.

(d) *Applicant* means a person seeking relief by a habeas corpus in a criminal case;

(e) *Petitioner* means a party petitioning the Supreme Court or the Court of Criminal Appeals for review.

(f) *Relator* means a person seeking relief in an original proceeding in an appellate court other than by habeas corpus in a criminal case.

(g) *Reporter* or *court reporter* means the court reporter or court recorder.

(h) *Respondent* means:

(1) a party adverse to a petitioner in the Supreme Court or the Court of Criminal Appeals; or

(2) a party against whom relief is sought in an original proceeding in an appellate court.

**3.2. Uniform Terminology in Criminal Cases**

In documents filed in criminal appeals, the parties are the *State* and the *appellant*. But if the State has appealed under Article 44.01 of the Code of Criminal Procedure, the defendant is the *appellee*. Otherwise, papers should use real names for parties, and such labels as *appellee, petitioner, respondent,* and *movant* should be avoided unless necessary for clarity. In habeas corpus proceedings, the person for whose relief the writ is requested is the *applicant*; Code of Criminal Procedure article 11.13.

## Notes and Comments

Comment to 1997 change: The definition of *court below* and the reference to "suing out a writ of error to the court of appeals," are deleted as those terms are no longer used in these rules. Other changes are made.

## Rule 4. Time and Notice Provisions

### 4.1. Computing Time

(a) *In General.* The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute. The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.

(b) *Clerk's Office Closed or Inaccessible.* If the act to be done is filing a document, and if the clerk's office where the document is to be filed is closed or inaccessible during regular hours on the last day for filing the document, the period for filing the document extends to the end of the next day when the clerk's office is open and accessible. The closing or inaccessibility of the clerk's office may be proved by a certificate of the clerk or counsel, by a party's affidavit, or by other satisfactory proof, and may be controverted in the same manner.

### 4.2. No Notice of Trial Court's Judgment in Civil Case

(a) *Additional Time to File Documents.*

    (1) In general. If a party affected by a judgment or other appealable order has not — within 20 days after the judgment or order was signed — either received the notice required

by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

    (2) Exception for restricted appeal. Subparagraph (1) does not extend the time for perfecting a restricted appeal.

(b) Procedure to Gain Additional Time. The procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a.5.

(c) *The Court's Order.* After hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed.

### 4.3. Periods Affected by Modified Judgment in Civil Case

(a) *During Plenary-Power Period.* If a judgment is modified in any respect while the trial court retains plenary power, a period that, under these rules, runs from the date when the judgment is signed will run from the date when the modified judgment is signed.

(b) *After Plenary Power Expires.* If the trial court corrects or reforms the judgment under Texas Rule of Civil Procedure 316 after expiration of the trial court's plenary power, all periods provided in these rules that run from the date the judgment is signed run from the date the corrected judgment is signed for complaints that would not apply to the original judgment.

### 4.4. Periods Affected When Process Served by Publication

If process was served by publication and if a motion for new trial was filed under Texas Rule of Civil Procedure 329 more than 30 days after the judgment was signed, a period that, under these rules, runs from the date when the judgment is signed will be computed as if the judgment were signed on the date

when the motion for new trial was filed.

### 4.5.  No Notice of Judgment or Order of Appellate Court; Effect on Time to File Certain Documents.

(a) *Additional Time to File Documents*. A party may move for additional time to file a motion for rehearing or en banc reconsideration in the court of appeals, a petition for review, or a petition for discretionary review, if the party did not—until after the time expired for filing the document—either receive notice of the judgment or order from the clerk or acquire actual knowledge of the rendition of the judgment or order.

(b) *Procedure to Gain Additional Time*. The motion must state the earliest date when the party or the party's attorney received notice or acquired actual knowledge that the judgment or order had been rendered. The motion must be filed within 15 days of that date but in no event more than 90 days after the date of the judgment or order.

(c) Where to File.

(1) A motion for additional time to file a motion for rehearing or en banc reconsideration in the court of appeals must be filed in and ruled on by the court of appeals in which the case is pending.

(2) A motion for additional time to file a petition for review must be filed in and ruled on by the Supreme Court.

(3) A motion for additional time to file a petition for discretionary review must be filed in and ruled on by the Court of Criminal Appeals.

(d) *Order of the Court*. If the court finds that the motion for additional time was timely filed and the party did not—within the time for filing the motion for rehearing or en banc reconsideration, petition for review, or petition for discretionary review, as the case may be—receive the notice or have actual knowledge of the judgment or order, the court must grant the motion. The time for filing the document will begin to run on the date when the court grants the motion.

**Notes and Comments**

Comment to 1997 change: This is former Rule 5. Paragraph 4.1(b) is added.  Former paragraph (b)(1) is omitted because it is covered by other provisions of the rules. Former paragraphs (b)(2) and (b)(3) are omitted because they are duplicative of provisions in the Rules of Civil Procedure, which prescribes the applicable procedure. The phrase "modified, corrected or reformed in any respect" in paragraph 4.3(a) is changed to "modified in any respect," but no change in substance is intended. Former subdivision (e) regarding notice of judgment by the court of appeals is moved to Rule 12.6. Subdivision 4.5 is revised and now makes clear that the court must grant the motion for additional time if the court finds that the party did not receive the notice or acquire actual knowledge in time.  Other changes are made throughout the rule.

Comment to 2002 change: Subdivision 4.5 is amended to clarify that a party may obtain additional time to file documents when the party fails to receive notice not only of an appellate court judgment, but of an appellate court order - such as one denying a motion for rehearing - that triggers the appeal period.

Comment to 2007 change: Subdivision 4.5 is changed, consistent with other changes in the rules, to specifically address a motion for en banc reconsideration and treat it as a motion for rehearing.

## Rule 5. Fees in Civil Cases

A party who is not excused by statute or these rules from paying costs must pay — at the time an item is presented for filing — whatever fees are required by statute or Supreme Court order.  The appellate court may enforce this rule by any order that is just.

**Notes and Comments**

Comment to 1997 change: This is former Rule 13. The rule is simplified.  The fees an appellate court may charge in a civil case are now specified by Supreme Court order.

## Rule 6. Representation by Counsel

### 6.1. Lead Counsel

(a) *For Appellant*. Unless another attorney is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal.

(b) *For a Party Other Than Appellant*. Unless

another attorney is designated, lead counsel for a party other than an appellant is the attorney whose signature first appears on the first document filed in the appellate court on that party's behalf.

(c) *How to Designate*. The original or a new lead counsel may be designated by filing a notice stating that attorney's name, mailing address, telephone number, fax number, if any, email address, and State Bar of Texas identification number. If a new lead counsel is being designated, both the new attorney and either the party or the former lead counsel must sign the notice.

## 6.2. Appearance of Other Attorneys

An attorney other than lead counsel may file a notice stating that the attorney represents a specified party to the proceeding and giving that attorney's name, mailing address, telephone number, fax number, if any, and State Bar of Texas identification number. The clerk will note on the docket the attorney's appearance. When a brief or motion is filed, the clerk will note on the docket the name of each attorney, if not already noted, who appears on the document.

## 6.3. To Whom Communications Sent

Any notice, copies of documents filed in an appellate court, or other communications must be sent to:

(a) each party's lead counsel on appeal;

(b) a party's lead counsel in the trial court if:

(1) that party was represented by counsel in the trial court;

(2) lead counsel on appeal has not yet been designated for that party; and

(3) lead counsel in the trial court has not filed a nonrepresentation notice or been allowed to withdraw;

(c) a party if the party is not represented by counsel.

## 6.4. Nonrepresentation Notice

(a) *In General*. If, in accordance with paragraph 6.3(b), the lead counsel in the trial court is being sent notices, copies of documents, or other communications, that attorney may file a nonrepresentation notice in the appellate court. The notice must:

(1) state that the attorney is not representing the party on appeal;

(2) state that the court and other counsel should communicate directly with the party in the future;

(3) give the party's name and last known address and telephone number; and

(4) be signed by the party.

(b) *Appointed Counsel*. In a criminal case, an attorney appointed by the trial court to represent an indigent party cannot file a nonrepresentation notice.

## 6.5. Withdrawal

An appellate court may, on appropriate terms and conditions, permit an attorney to withdraw from representing a party in the appellate court.

(a) *Contents of Motion*. A motion for leave to withdraw must contain the following:

(1) a list of current deadlines and settings in the case;

(2) the party's name and last known address and telephone number;

(3) a statement that a copy of the motion was delivered to the party; and

(4) a statement that the party was notified in writing of the right to object to the motion.

(b) *Delivery to Party*. The motion must be delivered to the party in person or mailed — both by certified and by first-class mail — to the party at the party's last known address.

(c) *If Motion Granted*. If the court grants the motion, the withdrawing attorney must immediately notify the party, in writing, of any deadlines or settings that the attorney knows about at the time of withdrawal but that were not previously disclosed to the party. The withdrawing attorney must file a

copy of that notice with the court clerk.

(d) *Exception for Substitution of Counsel*. If an attorney substitutes for a withdrawing attorney, the motion to withdraw need not comply with (a) but must state only the substitute attorney's name, mailing address, telephone number, fax number, if any, and State Bar of Texas identification number. The withdrawing attorney must comply with (b) but not (c).

## 6.6. Agreements of Parties or Counsel

To be enforceable, an agreement of parties or their counsel concerning an appellate court proceeding must be in writing and signed by the parties or their counsel. Such an agreement is subject to any appellate court order necessary to ensure that the case is properly presented.

### Notes and Comments
Comment to 1997 change: Former Rules 7 and 57 are merged and substantially revised. Former Rule 8 regarding agreements of counsel is included here as subdivision 6.6 and the requirement that an agreement be filed and included in the record is deleted.

## Rule 7. Substituting Parties

## 7.1. Parties Who Are Not Public Officers

(a) *Death of a Party*.

(1) Civil Cases. If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

(2) Criminal Cases. If the appellant in a criminal case dies after an appeal is perfected but before the appellate court issues the mandate, the appeal will be permanently abated.

(b) *Substitution for Other Reasons*. If substitution of a party in the appellate court is necessary for a reason other than death, the appellate court may order substitution on any party's motion at any time.

## 7.2. Public Officers

(a) *Automatic Substitution of Officer*. When a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate. Proceedings following substitution are to be in the name of the substituted party, but any misnomer that does not affect the substantial rights of the parties may be disregarded. Substitution may be ordered at any time, but failure to order substitution of the successor does not affect the substitution.

(b) *Abatement*. If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision. In all other cases, the suit will not abate, and the successor will be bound by the appellate court's judgment or order as if the successor were the original party.

### Notes and Comments
Comment to 1997 change: This is former Rule 9. Former subdivision (a) regarding death of a party in a civil case is now subparagraph 7.1(a)(1). Former subdivision (b) regarding death of a party in a criminal case is now subparagraph 7.1(a)(2). Former subdivision (c) regarding separation of office by public officers is now subdivision 7.2. Former paragraph (c)(3) regarding a successor's liability for costs is omitted as unnecessary. Former subdivision (d) regarding substitution for other causes is now paragraph 7.1(b). Subdivision 7.2 is revised to make it applicable to all cases in which a public officer is a party, and to make substitution automatic if appropriate.

## Rule 8. Bankruptcy in Civil Cases

## 8.1. Notice of Bankruptcy

Any party may file a notice that a party is in bankruptcy. The notice must contain:

(a) the bankrupt party's name;

(b) the court in which the bankruptcy proceeding is pending;

(c) the bankruptcy proceeding's style and case number; and

(d) the date when the bankruptcy petition was filed. Comment to 2008 change: The requirement that the bankruptcy notice contain certain pages of the bankruptcy petition is eliminated, given that electronic filing is now prevalent in bankruptcy courts and bankruptcy petitions are available through the federal PACER system.

## 8.2. Effect of Bankruptcy

A bankruptcy suspends the appeal and all periods in these rules from the date when the bankruptcy petition is filed until the appellate court reinstates or severs the appeal in accordance with federal law. A period that began to run and had not expired at the time the proceeding was suspended begins anew when the proceeding is reinstated or severed under 8.3. A document filed by a party while the proceeding is suspended will be deemed filed on the same day, but after, the court reinstates or severs the appeal and will not be considered ineffective because it was filed while the proceeding was suspended.

## 8.3. Motion to Reinstate or Sever Appeal Suspended by Bankruptcy

(a) *Motion to Reinstate*. If a case has been suspended by a bankruptcy filing, a party may move that the appellate court reinstate the appeal if permitted by federal law or the bankruptcy court. If the bankruptcy court has lifted or terminated the stay, a certified copy of the order must be attached to the motion.

(b) *Motion to Sever*. A party may move to sever the appeal with respect to the bankrupt party and to reinstate the appeal with respect to the other parties. The motion must show that the case is severable and must comply with applicable federal law regarding severance of a bankrupt party. The court may proceed under this paragraph on its own initiative.

### Notes and Comments

Comment to 1997 change: This is a new rule.

## Rule 9. Documents Generally

### 9.1. Signing

(a) *Represented Parties*. If a party is represented by counsel, a document filed on that party's behalf must be signed by at least one of the party's attorneys. For each attorney whose name appears on a document as representing that party, the document must contain that attorney's State Bar of Texas identification number, mailing address, telephone number, fax number, if any, and email address.

(b) *Unrepresented Parties*. A party not represented by counsel must sign any document that the party files and give the party's mailing address, telephone number, fax number, if any, and email address.

(c) *Electronic Signatures*. A document that is electronically served, filed, or issued by a court or clerk is considered signed if the document includes:

(1) a "/s/" and name typed in the space where the signature would otherwise appear, unless the document is notarized or sworn; or

(2) an electronic image or scanned image of the signature.

### 9.2. Filing

(a) *With Whom*. A document is filed in an appellate court by delivering it to:

(1) the clerk of the court in which the document is to be filed; or

(2) a justice or judge of that court who is willing to accept delivery. A justice or judge who accepts delivery must note on the document the date and time of delivery, which will be considered the time of filing, and must promptly send it to the clerk.

(b) *Filing by Mail*.

(1) Timely Filing. A document received within ten days after the filing deadline is considered timely filed if:

(A) it was sent to the proper clerk by

United States Postal Service or a commercial delivery service;

(B) it was placed in an envelope or wrapper properly addressed and stamped; and

(C) it was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

(2) Proof of Mailing. Though it may consider other proof, the appellate court will accept the following as conclusive proof of the date of mailing:

(A) a legible postmark affixed by the United States Postal Service;

(B) a receipt for registered or certified mail if the receipt is endorsed by the United States Postal Service;

(C) a certificate of mailing by the United States Postal Service; or

(D) a receipt endorsed by the commercial delivery service.

(c) *Electronic Filing*.

(1) Requirement. Attorneys in civil cases must electronically file documents. Attorneys in criminal cases must electronically file documents except for good cause shown in a motion filed in the appellate court. Unrepresented parties in civil and criminal cases may electronically file documents, but it is not required.

(2) Mechanism. Electronic filing must be done through the electronic filing manager established by the Office of Court Administration and an electronic filing service provider certified by the Office of Court Administration.

(3) Exceptions. Documents filed under seal, subject to a pending motion to seal, or to which access is otherwise restricted by law or court order must not be electronically filed. For good cause, an appellate court may permit a party to file other documents in paper form in a particular case.

(4) Timely Filing. Unless a document must be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, except:

(A) if a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday; and

(B) if a document requires a motion and an order allowing its filing, the document is deemed filed on the date the motion is granted.

(5) Technical Failure. If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court.

(6) Confirmation of Filing. The electronic filing manager will send a filing confirmation notice to the filing party.

(7) Electronic Notices From the Court. The clerk may send notices, orders, or other communications about the case to the party electronically. A court seal may be electronic.

## 9.3. Number of Copies

(a) *Courts of Appeals*.

(1) Document Filed in Paper Form. If a document is not electronically filed, a party must file the original and one unbound copy of the document unless otherwise required by local rule. The unbound copy of an appendix must contain a separate page before each document and must not include tabs that extend beyond the edge of the page.

(2) Electronically Filed Document. Unless required by local rule, a party need not file a paper copy of an electronically filed document.

(b) *Supreme Court and Court of Criminal Appeals.*

   (1) Document Filed in Paper Form. If a document is not electronically filed, a party must file the original and 11 copies of any document addressed to either the Supreme Court or the Court of Criminal Appeals, except that in the Supreme Court only an original and one copy must be filed of any motion, response to the motion, and reply in support of the motion, and in the Court of Criminal Appeals, only the original must be filed of a motion for extension of time or a response to the motion, or a pleading under Code of Criminal Procedure article 11.07.

   (2) Electronically Filed Document. Paper copies of each document that is electronically filed with the Supreme Court or the Court of Criminal Appeals must be mailed or hand- delivered to the Supreme Court or the Court of Criminal Appeals, as appropriate, within three business days after the document is electronically filed. The number of paper copies required shall be determined, respectively, by order of the Supreme Court or the Court of Criminal Appeals.

(c) *Exception for Record.* Only the original record need be filed in any proceeding.

## 9.4. Form

Except for the record, a document filed with an appellate court, including a paper copy of an electronically filed document, must — unless the court accepts another form in the interest of justice — be in the following form:

(a) *Printing.* A document may be produced by standard typographic printing or by any duplicating process that produces a distinct black image. Printing must be on one side of the paper.

(b) *Paper Type and Size.* The paper on which a document is produced must be 8a/2 by 11 inches, white or nearly white, and opaque.

(c) *Margins*. Documents must have at least one-inch margins on both sides and at the top and bottom.

(d) *Spacing*. Text must be double-spaced, but footnotes, block quotations, short lists, and issues or points of error may be single-spaced.

(e) *Typeface*. A document produced on a computer must be printed in a conventional typeface no smaller than 14-point except for footnotes, which must be no smaller than 12-point. A typewritten document must be printed in standard 10-character-per-inch (cpi) monospaced typeface.

(f) *Binding and Covering*. A paper document must be bound so as to ensure that it will not lose its cover or fall apart in regular use. A paper document should be stapled once in the top left-hand corner or be bound so that it will lie flat when open. A paper petition or brief should have durable front and back covers which must not be plastic or be red, black, or dark blue.

(g) *Contents of Cover*. A document's front cover, if any, must contain the case style, the case number, the title of the document being filed, the name of the party filing the document, and the name, mailing address, telephone number, fax number, if any, email address, and State Bar of Texas identification number of the lead counsel for the filing party. If a party requests oral argument in the court of appeals, the request must appear on the front cover of that party's first brief.

(h) *Appendix and Original Proceeding Record*. A appendix may be bound either with the document to which it is related or separately. If separately bound, the appendix must comply with paragraph (f). A paper record in an original proceeding or a paper appendix must be tabbed and indexed. An electronically filed record in an original proceeding or an electronically filed appendix that includes more than one item must contain bookmarks to assist in locating each item.

(i) *Length.*

   (1) Contents Included and Excluded. In calculating the length of a document, every word and every part of the

document, including headings, footnotes, and quotations, must be counted except the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

(2) Maximum Length. The documents listed below must not exceed the following limits:

(A) A brief and response in a direct appeal to the Court of Criminal Appeals in a case in which the death penalty has been assessed: 37,500 words if computer- generated, and 125 pages if not.

(B) A brief and response in an appellate court (other than a brief under subparagraph (A)) and a petition and response in an original proceeding in the court of appeals: 15,000 words if computer-generated, and 50 pages if not. In a civil case in the court of appeals, the aggregate of all briefs filed by a party must not exceed 27,000 words if computer- generated, and 90 pages if not.

(C) A reply brief in an appellate court and a reply to a response to a petition in an original proceeding in the court of appeals: 7,500 words if computer- generated, and 25 pages if not.

(D) A petition and response in an original proceeding in the Supreme Court, a petition for review and response in the Supreme Court, a petition for discretionary review and response in the Court of Criminal Appeals, and a motion for rehearing and response in an appellate court: 4,500 words if computer- generated, and 15 pages if not.

(E) A reply to a response to a petition for review in the Supreme Court, a reply to a response to a petition in an original proceeding in the Supreme Court, and a reply to a response to a petition for discretionary review in the Court of Criminal Appeals: 2,400 words if computer-generated, and 8 pages if not.

(3) Certificate of Compliance. A computer-generated document that is subject to a word limit under this rule must include a certificate by counsel or an unrepresented party stating the number of words in the document. The person certifying may rely on the word count of the computer program used to prepare the document.

(4) Extensions. A court may, on motion, permit a document that exceeds the prescribed limit.

(j) *Electronically Filed Documents.* An electronically filed document must:

(1) be in text-searchable portable document format (PDF);

(2) be directly converted to PDF rather than scanned, if possible;

(3) not be locked;

(4) be combined with any appendix into one computer file, unless that file would exceed the size limit prescribed by the electronic filing manager; and

(5) otherwise comply with the Technology Standards set by the Judicial Committee on Information Technology and approved by the Supreme Court.

(k) *Nonconforming Documents.* If a document fails to conform with these rules, the court may strike the document or identify the error and permit the party to resubmit the document in a conforming format by a specified deadline.

## 9.5. Service

(a) *Service of All Documents Required.* At or before the time of a document's filing, the

filing party must serve a copy on all parties to the proceeding. Service on a party represented by counsel must be made on that party's lead counsel. Except in original proceedings, a party need not serve a copy of the record.

(b) *Manner of Service*.

(1) Documents Filed Electronically. A document filed electronically under Rule 9.2 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Documents Not Filed Electronically. A document that is not filed electronically may be served in person, by mail, by commercial delivery service, by fax, or by email. Personal service includes delivery to any responsible person at the office of the lead counsel for the party served.

(c) *When Complete*.

(1) Service by mail is complete on mailing.

(2) Service by commercial delivery service is complete when the document is placed in the control of the delivery service.

(3) Service by fax is complete on receipt.

(4) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(d) *Proof of Service*. A document presented for filing must contain a proof of service in the form of either an acknowledgment of service by the person served or a certificate of service. Proof of service may appear on or be affixed to the filed document. The clerk may permit a document to be filed without proof of service, but will require the proof to be filed promptly.

(e) *Certificate Requirements*. A certificate of service must be signed by the person who made the service and must state:

(1) the date and manner of service;

(2) the name and address of each person served; and

(3) if the person served is a party's attorney, the name of the party represented by that attorney.

## 9.6. Communications With the Court

Parties and counsel may communicate with the appellate court about a case only through the clerk.

## 9.7. Adoption by Reference

Any party may join in or adopt by reference all or any part of a brief, petition, response, motion, or other document filed in an appellate court by another party in the same case.

## 9.8. Protection of Minor's Identity in Parental-Rights Termination Cases and Juvenile Court Cases

(a) *Alias Defined.* For purposes of this rule, an alias means one or more of a person's initials or a fictitious name, used to refer to the person.

(b) *Parental-Rights Termination Cases.* In an appeal or an original proceeding in an appellate court, arising out of a case in which the termination of parental rights was at issue:

(1) except for a docketing statement, in all papers submitted to the court, including all appendix items submitted with a brief, petition, or motion:

(A) a minor must be identified only by an alias unless the court orders otherwise;

(B) the court may order that a minor's parent or other family member be identified only by an alias if necessary to protect a minor's identity; and

(C) all documents must be redacted accordingly;

(2) the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member.

(c) *Juvenile Court Cases.* In an appeal or an original proceeding in an appellate court, arising out of a case under Title 3 of the Family Code:

(1) except for a docketing statement, in all papers submitted to the court, including all appendix items submitted with a brief, petition, or motion:

(A) a minor must be identified only by an alias;

(B) a minor's parent or other family member must be identified only by an alias; and

(C) all documents must be redacted accordingly;

(2) the court must, in its opinion, use an alias to refer to a minor and to the minor's parent or other family member.

(d) *No Alteration of Appellate Record.* Nothing in this rule permits alteration of the original appellate record except as specifically authorized by court order.

## 9.9 Privacy Protection for Documents Filed in Civil Cases.

(a) *Sensitive Data Defined.* Sensitive data consists of:

(1) a driver's license number, passport number, social security number, tax identification number or similar government-issued personal identification number;

(2) a bank account number, credit card number, or other financial account number; and

(3) a birth date, a home address, and the name of any person who was a minor

when the underlying suit was filed.

(b) *Filing of Documents Containing Sensitive Data Prohibited.* Unless the inclusion of sensitive data is specifically required by a statute, court rule, or administrative regulation, an electronic or paper document containing sensitive data may not be filed with a court unless the sensitive data is redacted, except for the record in an appeal under Section Two.

(c) *Redaction of Sensitive Data; Retention Requirement.* Sensitive data must be redacted by using the letter "X" in place of each omitted digit or character or by removing the sensitive data in a manner indicating that the data has been redacted. The filing party must retain an unredacted version of the filed document during the pendency of the appeal and any related proceedings filed within six months of the date the judgment is signed.

(d) *Notice to Clerk.* If a document must contain sensitive data, the filing party must notify the clerk by:

(1) designating the document as containing sensitive data when the document is electronically filed; or

(2) if the document is not electronically filed, by including, on the upper left-hand side of the first page, the phrase: "NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA."

(e) *Restriction on Remote Access.* Documents that contain unredacted sensitive data in violation of this rule must not be posted on the Internet.

### Notes and Comments

Comment to 1997 change: This is former Rule 4. Subdivision 9.4, prescribing the form of documents filed in the appellate courts, is changed and the form to be used is stated in significantly more detail. Former subdivisions (f) and (g), regarding service of documents, are merged into subdivision 9.5. Former Rule 6 is included as subdivision 9.6, but no substantive change is made. Other changes are made throughout the rule. Electronic filing is authorized by §§ 51.801-.807 of the Government Code.

Comment to 2002 change: The change [to Rule

9.5(a)] clarifies that the filing party must serve a copy of the document filed on all other parties, not only in an appeal or review, but in original proceedings as well. The rule applies only to filing *parties*. Thus, when the clerk or court reporter is responsible for filing the record, as in cases on appeal, a copy need not be served on the parties. The rule for original civil proceedings, in which a party is responsible for filing the record, is stated in subdivision 52.7.

Subdivision 9.7 is added to provide express authorization for the practice of adopting by reference all or part of another party's filing.

Comment to 2008 change: Subdivision 9.3 is amended to reduce the number of copies of a motion for extension of time or response filed in the Supreme Court. Subdivision 9.8 is new. To protect the privacy of minors in suits affecting the parent-child relationship (SAPCR), including suits to terminate parental rights, Section 109.002(d) of the Family Code authorizes appellate courts, in their opinions, to identify parties only by fictitious names or by initials. Similarly, Section 56.01(j) of the Family Code prohibits identification of a minor or a minor's family in an appellate opinion related to juvenile court proceedings. But as appellate briefing becomes more widely available through electronic media sources, appellate courts' efforts to protect minors' privacy by disguising their identities in appellate opinions may be defeated if the same children are fully identified in briefs and other court papers available to the public. The rule provides protection from such disclosures. Any fictitious name should not be pejorative or suggest the person's true identity. The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases. Although appellate courts are authorized to enforce the rule's provisions requiring redaction, parties and amici curiae are responsible for ensuring that briefs and other papers submitted to the court fully comply with the rule.

Comment to 2012 Change: Rule 9 is revised to consolidate all length limits and establish word limits for documents produced on a computer. All documents produced on a computer must comply with the word limits. Page limits are retained for documents that are typewritten or otherwise not produced on a computer.

Comment to 2013 Change: Rule 9 is revised to incorporate rules for electronic filing, in accordance with the Supreme Court's order - Misc. Docket No. 12-9206, amended by Misc. Docket Nos. 13-9092 and 13-9164 - mandating electronic filing in civil cases in appellate courts, effective January 1, 2014. In addition, Rule 9.9 is added to provide privacy protection for all documents, both paper and electronic, filed in civil cases in appellate courts.

**9.10 Privacy Protection for Documents Filed in Criminal Cases.**

(a) *Sensitive Data Defined.* Sensitive data consists of:

(1) a driver's license number, passport number, social security number, tax identification number or similar government-issued personal identification number;

(2) bank account number, credit card number, and other financial account number;

(3) a birth date, a home address, and the name of any person who was a minor at the time the offense was committed.

(b) *Redacted Filings.* Unless a court orders otherwise, an electronic or paper filing with the court, including the contents of any appendices, must not contain sensitive data.

(c) *Exemptions from the Redaction Requirement.* The redaction requirement does not apply to the following:

(1) A court filing that is related to a criminal matter or investigation and that is prepared before the filing of a criminal charge or is not filed as part of any docketed criminal case;

(2) An arrest or search warrant;

(3) A charging document and an affidavit filed in support of any charging document;

(4) A defendant's date of birth;

(5) A defendant's address; and

(6) Any government issued number intended to identify the defendant associated with a criminal filing, except for the defendant's social security number or driver's license number.

(d) *Redaction procedures.* Sensitive data must be redacted by using the letter "X" in place of each omitted digit or character or by removing the sensitive data in a manner indicating that the data has been redacted. The filer must retain an unredacted version of the filed document during the pendency of the appeal and any related proceedings filed within three years of the date the judgment is signed. If a district court clerk or appellate court clerk discovers unredacted sensitive data in the record, the clerk shall notify the parties and seek a ruling from the court.

(e) *Certification.* The filing of a document constitutes a certification by the filer that the document complies with paragraphs (a) and (b) of this rule.

(f) *Reference List.* If a filer believes any information described in paragraph (a) of this rule is essential to a document or that the document would be confusing without the information, the filer may submit the information to the court in a reference list that is in paper form and under seal. The reference list must specify an appropriate identifier that corresponds uniquely to each item listed. Any reference in the document to a listed identifier will be construed to refer to the corresponding item of information. If the filer provides a reference list pursuant to this rule, the front page of the document containing the redacted information must indicate that the reference list has been, or will be, provided. On its own initiative, the court may order a sealed reference list in any case.

(g) *Sealed materials.* Materials that are required by statute to be sealed, redacted, or kept confidential, such as the items set out in Articles 35.29 (Personal Information About Jurors), 38.45 (Evidence Depicting or Describing Abuse of or Sexual Conduct by Child or Minor), and 42.12, § 9(j), must be treated in accordance with the pertinent statutes and shall not be publicly available on the internet. A court may also order that a document be filed under seal in paper form or electronic form, without redaction. The court may later unseal the document or order the filer to provide a redacted version of the document for the public record. If a court orders material sealed, whether it be sensitive data or other materials, the court's sealing order must be affixed to the outside of the sealed container if the sealed material is filed in paper form, or be the first document that appears if filed in electronic form. Sealed portions of the clerk's and reporter's records should be clearly marked and separated from unsealed portions and tendered as separate records, whether in paper form or electronic form. Sealed material shall not be available either on the internet or in other form without court order.

(h) *Waiver of Protection of Identifiers.* A person waives the protection of this rule as to a person's own information by filing it without redaction and not under seal.

## Rule 10. Motions in the Appellate Courts

### 10.1. Contents of Motions; Response

(a) *Motion.* Unless these rules prescribe another form, a party must apply by motion for an order or other relief. The motion must:

  (1) contain or be accompanied by any matter specifically required by a rule governing such a motion;

  (2) state with particularity the grounds on which it is based;

  (3) set forth the order or relief sought;

  (4) be served and filed with any brief, affidavit, or other paper filed in support of the motion; and

  (5) in civil cases, except for motions for rehearing and en banc reconsideration, contain or be accompanied by a certificate stating that the filing party conferred, or made a reasonable attempt to confer, with all other parties about the merits of the motion and whether those parties oppose the motion.

(b) *Response.* A party may file a response to a motion at any time before the court rules on the motion or by any deadline set by the court. The court may determine a motion before a response is filed.

### 10.2. Evidence on Motions

A motion need not be verified unless it depends on the following types of facts, in which case the

motion must be supported by affidavit or other satisfactory evidence. The types of facts requiring proof are those that are:

(a) not in the record;

(b) not within the court's knowledge in its official capacity; and

(c) not within the personal knowledge of the attorney signing the motion.

## 10.3. Determining Motions

(a) *Time for Determination*. A court should not hear or determine a motion until 10 days after the motion was filed, unless:

    (1) the motion is to extend time to file a brief, a petition for review, or a petition for discretionary review;

    (2) the motion states that the parties have conferred and that no party opposes the motion; or

    (3) the motion is an emergency.

(b) *Reconsideration*. If a motion is determined prematurely, any party adversely affected may request the court to reconsider its order.

## 10.4. Power of Panel or Single Justice or Judge to Entertain Motions

(a) *Single Justice*. In addition to the authority expressly conferred by these rules or by law, a single justice or judge of an appellate court may grant or deny a request for relief that these rules allow to be sought by motion. But in a civil case, a single justice should not do the following:

    (1) act on a petition for an extraordinary writ; or

    (2) dismiss or otherwise determine an appeal or a motion for rehearing.

(b) *Panel*. An appellate court may provide, by order or rule, that a panel or the full court must act on any motion or class of motions.

## 10.5. Particular Motions

(a) *Motions Relating to Informalities in the*

*Record*. A motion relating to informalities in the manner of bringing a case into court must be filed within 30 days after the record is filed in the court of appeals. The objection, if waivable, will otherwise be deemed waived.

(b) *Motions to Extend Time*.

    (1) Contents of Motion in General. All motions to extend time, except a motion to extend time for filing a notice of appeal, must state:

        (A) the deadline for filing the item in question;

        (B) the length of the extension sought;

        (C) the facts relied on to reasonably explain the need for an extension; and

        (D) the number of previous extensions granted regarding the item in question.

    (2) Contents of Motion to Extend Time to File Notice of appeal. A motion to extend the time for filing a notice of appeal must:

        (A) comply with (1)(A) and (C);

        (B) identify the trial court;

        (C) state the date of the trial court's judgment or appealable order; and

        (D) state the case number and style of the case in the trial court.

    (3) Contents of motion to extend time to file petition for review or petition for discretionary review. A motion to extend time to file a petition for review or petition for discretionary review must also specify:

        (A) the court of appeals;

        (B) the date of the court of appeals' judgment;

        (C) the case number and style of the case in the court of appeals; and

(D) the date every motion for rehearing or en banc reconsideration was filed, and either the date and nature of the court of appeals' ruling on the motion, or that it remains pending.

(c) *Motions to Postpone Argument.* Unless all parties agree, or unless sufficient cause is apparent to the court, a motion to postpone argument of a case must be supported by sufficient cause.

### Notes and Comments

Comment to 1997 change: This is former Rule 19. Under subdivision 10.1, a response may be filed at any time before the court rules on the motion. The provision of former subdivision (b) regarding docketing motions is incorporated in Rule 12.2. The provision of former subdivision (b) for noting attorneys' names on the docket is incorporated in Rule 6.2. Former subdivision (c), requiring the clerk to send notices of the filing of motions is deleted as unnecessary because the parties must serve all motions under Rule 9.5. Subdivision 10.2 is amended to eliminate the requirement of an oath where the facts are within the personal knowledge of the attorney. Subdivision 10.5 is new and incorporates the provisions of other rules concerning motions, as follows: 10.5(a) from former Rule 71; 10.5(b) from former Rules 73, 130(d), and 160; and 10.5(c) from former Rule 70. Other changes are made.

Comment to 2008 change: It happens so infrequently that a non-movant does not oppose a motion for rehearing or en banc reconsideration that such motions are excepted from the certificate-of-conference requirement in Subdivision 10.1(a)(5). Subdivision 10.2 is revised to clarify that facts supporting a motion need not be verified by the filer if supporting evidence is in the record, the facts are known to the court, or the filer has personal knowledge of them. Subdivision 10.5(b)(3)(D) is added.

### Rule 11. Amicus Curiae Briefs

An appellate clerk may receive, but not file, an amicus curiae brief. But the court for good cause may refuse to consider the brief and order that it be returned. An amicus curiae brief must:

(a) comply with the briefing rules for parties;

(b) identify the person or entity on whose behalf the brief is tendered;

(c) disclose the source of any fee paid or to be paid for preparing the brief; and

(d) certify that copies have been served on all parties.

### Notes and Comments

Comment to 1997 change: This is former Rule 20. The rule is rewritten and now requires disclosure of the identity of the person or entity on whose behalf the brief is filed, and the source of any fee paid.

Comment to 2002 change: The change expressly recognizes that a court may refuse to consider an amicus curiae brief for good cause.

### Rule 12. Duties of Appellate Clerk

**12.1. Docketing the Case**

On receiving a copy of the notice of appeal, the petition for review, the petition for discretionary review, the petition in an original proceeding, or a certified question, the appellate clerk must:

(a) endorse on the document the date of receipt;

(b) collect any filing fee;

(c) docket the case;

(d) notify all parties of the receipt of the document; and

(e) if the document filed is a petition for review filed in the Supreme Court, notify the court of appeals clerk of the filing of the petition.

**12.2. Docket Numbers**

The clerk must put the case's docket number on each item received in connection with the case and must put the docket number on the envelope in which the record is stored.

(a) *Numbering System.* Each case filed in a court of appeals must be assigned a docket number consisting of the following four parts, separated by hyphens:

(1) the number of the court of appeals district;

(2) the last two digits of the year in which the case is filed;

(3) the number assigned to the case; and

(4) the designation "CV" for a civil case or "CR" for a criminal case.

(b) *Numbering Order.* Each case must be docketed in the order of its filing.

(c) *Multiple Notices of Appeal.* All notices of appeal filed in the same case must be given the same docket number.

(d) *Appeals Not Yet Filed.* A motion relating to an appeal that has been perfected but not yet filed must be docketed and assigned a docket number that will also be assigned to the appeal when it is filed.

## 12.3. Custody of Papers

The clerk must safeguard the record and every other item filed in a case. If the record or any part of it or any other item is missing, the court will make an order for the replacement of the record or item that is just under the circumstances.

## 12.4. Withdrawing Papers

The clerk may permit the record or other filed item to be taken from the clerk's office at any time, on the following conditions:

(a) the clerk must have a receipt for the record or item;

(b) the clerk should make reasonable conditions to ensure that the withdrawn record or item is preserved and returned;

(c) the clerk may demand the return of the record or item at any time;

(d) after the case is submitted to the court and before the court's decision, the record cannot be withdrawn;

(e) after the court's decision, the losing party must be given priority in withdrawing the record;

(f) the clerk may not allow original documents filed under Rule 34.5(f) or original exhibits filed under Rule 34.6(g) to be taken from the

clerk's office;

(g) if the court allows an original document or exhibit to be taken by a party and it is not returned, the court may accept the opposing party's statement concerning the document's or exhibit's nature and contents;

(h) withdrawn material must not be removed from the court's jurisdiction; and

(i) the court may, on the motion of any party or its own initiative, modify any of these conditions.

## 12.5. Clerk's Duty to Account

The clerk of an appellate court who receives money due another court must promptly pay the money to the court to whom it is due. This rule is enforceable by the Supreme Court.

## 12.6. Notices of Court's Judgments and Orders

In any proceeding, the clerk of an appellate court must promptly send a notice of any judgment, mandate or other court order to all parties to the proceeding.

### Notes and Comments

Comment to 1997 change: This is former Rule 18. Former subdivision (b), regarding the preparation of the record, is moved to the order concerning the preparation of the appellate record. Former Rule 14, which is revised and simplified, is relocated here as subdivision 12.5. Subdivision 12.6, requiring the clerk to send a notice of any order or judgment of an appellate court, is added. Other changes are made.

Comment to 2002 change: Subdivision 12.6 is amended to require the clerk to notify the parties of all of the court's rulings, including the mandate.

## Rule 13. Court Reporters and Court Recorders

## 13.1. Duties of Court Reporters and Recorders

The official court reporter or court recorder must:

(a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings;

(b) take all exhibits offered in evidence during a proceeding and ensure that they are marked;

(c) file all exhibits with the trial court clerk after a proceeding ends;

(d) perform the duties prescribed by Rules 34.6 and 35; and

(e) perform other acts relating to the reporter's or recorder's official duties, as the trial court directs.

## 13.2. Additional Duties of Court Recorder

The official court recorder must also:

(a) ensure that the recording system functions properly throughout the proceeding and that a complete, clear, and transcribable recording is made;

(b) make a detailed, legible log of all proceedings being recorded, showing:

   (1) the number and style of the case before the court;

   (2) the name of each person speaking;

   (3) the event being recorded such as the voir dire, the opening statement, direct and cross- examinations, and bench conferences;

   (4) each exhibit offered, admitted, or excluded;

   (5) the time of day of each event; and

   (6) the index number on the recording device showing where each event is recorded;

(c) after a proceeding ends, file with the clerk the original log;

(d) have the original recording stored to ensure that it is preserved and is accessible; and

(e) ensure that no one gains access to the original recording without the court's written order.

## 13.3. Priorities of Reporters

The trial court must help ensure that the court reporter's work is timely accomplished by setting work priorities. The reporter's duties relating to proceedings before the court take preference over other work.

## 13.4. Report of Reporters

To aid the trial court in setting priorities under 13.3, each court reporter must give the trial court a monthly written report showing the amount and nature of the business pending in the reporter's office. A copy of this report must be filed with the appellate clerk of each district in which the court sits.

## 13.5. Appointing Deputy Reporter

When the official court reporter is unable to perform the duties in 13.1 or 13.2 because of illness, press of official work, or unavoidable absence or disability, the trial court may designate a deputy reporter. If the court appoints a deputy reporter, that person must file with the trial court clerk a document stating:

(a) the date the deputy worked;

(b) the court in which the deputy worked; and

(c) the number and style of the case on which the deputy worked.

## 13.6. Filing of Notes in a Criminal Case

When a defendant is convicted and sentenced, or is granted deferred adjudication for a felony other that a state jail felony, and does not appeal, the court reporter must — within 20 days after the time to perfect the appeal has expired — file the untranscribed notes or the original recording of the proceeding with the trial court clerk. The trial court clerk need not retain the notes beyond 15 years of their filing date.

### Notes and Comments

Comment to 1997 change: Former Rules 11 and 12 are merged. Former Rules 11(a), (c) and (d) now appear as subdivisions 13.1, 13.5 and 13.6. Former Rule 11(b) is omitted as unnecessary. The provisions of former Rule 12(a) are moved to Rule 35.3. Former Rules 12(b) and (c) now appear as subdivisions 13.3 and 13.4. The rule is made to apply to court recorders as well as court reporters. Paragraph 13.1(a) merges paragraphs (a)(1) and (2) of former Rule 11, and now requires the reporter to make a record of voir dire and closing argument unless excused by agreement of the parties. Paragraph 13.1(b) is new, but codifies current practice. Subdivision 13.2 is new and specifies rules for electronic recording of proceedings. A provision requiring a deputy court reporter to file with the trial

court clerk a document identifying the proceedings in which the reporter worked is included in paragraph 13.5. Other changes are made.

Comment to 2002 change: Subdivision 13.1(a) is amended merely for clarification.

## Rule 14. Recording and Broadcasting Court Proceedings

### 14.1. Recording and Broadcasting Permitted

An appellate court may permit courtroom proceedings to be broadcast, televised, recorded, or photographed in accordance with this rule.

### 14.2. Procedure

(a) *Request to Cover Court Proceeding.*

    (1) A person wishing to broadcast, televise, record, or photograph a court proceeding must file with the court clerk a request to cover the proceeding. The request must state:

        (A) the case style and number;

        (B) the date and time when the proceeding is to begin;

        (C) the name of the requesting person or organization;

        (D) the type of coverage requested (for example, televising or photographing); and

        (E) the type and extent of equipment to be used.

    (2) A request to cover argument of a case must be filed no later than five days before the date the case is set for argument and must be served on all parties to the case. A request to cover any other proceeding must be filed no later than two days before the date when the proceeding is to begin.

(b) *Response.* Any party may file a response to the request. If the request is to cover argument, the response must be filed no later than two days before the date set for argument. If a party objects to coverage of the argument, the response should state the injury that will allegedly result from coverage.

(c) *Court May Shorten Time.* The court may, in the interest of justice, shorten the time for filing a document under this rule if no party or interested person would be unduly prejudiced.

(d) *Decision of Court.* In deciding whether to allow coverage, the court may consider information known ex parte to the court. The court may allow, deny, limit, or terminate coverage for any reason the court considers necessary or appropriate, such as protecting the parties' rights or the dignity of the court and ensuring the orderly conduct of the proceedings.

### 14.3. Equipment and Personnel

The court may, among other things:

(a) require that a person seeking to cover a proceeding demonstrate or display the equipment that will be used;

(b) prohibit equipment that produces distracting sound or light;

(c) prohibit signal lights or devices showing when equipment is operating, or require their concealment;

(d) prohibit moving lights, flash attachments, or sudden lighting changes;

(e) require the use of the courtroom's existing video, audio, and lighting systems, if any;

(f) specify the placement of personnel and equipment;

(g) determine the number of cameras to be allowed in the courtroom; and

(h) require pooling of equipment if more than one person wishes to cover a proceeding.

### 14.4. Enforcement

The court may sanction a violation of this rule by measures that include barring a person or organization from access to future coverage of proceedings in that court for a defined period.

**Notes and Comments**

Comment to 1997 change: This is former Rule 21. The rule is rewritten and now allows recording and broadcasting of court proceedings at the discretion of the court and subject to the stated guidelines.

## Rule 15. Issuance of Writ or Process by Appellate Court

### 15.1. In General

(a) *Signature Under Seal*. A writ or process issuing from an appellate court must bear the court's seal and be signed by the clerk.

(b) *To Whom Directed; by Whom Served*. Unless a rule or statute provides otherwise, the writ or process must be directed to the person or court to be served. The writ or process may be served by the sheriff, constable, or other peace officer whose jurisdiction includes the county in which the person or court to be served may be found.

(c) *Return; Lack of Execution; Simultaneous Writs*. The writ or process must be returned to the issuing court according to the writ's direction. If the writ or process is not executed, the clerk may issue another writ or process if requested by the party who requested the former writ or process. At a party's request, the clerk may issue two or more writs simultaneously.

### 15.2. Appearance Without Service; Actual Knowledge

A party who appears in person or by attorney in an appellate court proceeding — or who has actual knowledge of the court's opinion, judgment, or order related to a writ or process — is bound by the opinion, judgment, or order to the same extent as if personally served under 15.1.

**Notes and Comments**

Comment to 1997 change: This is former Rule 17. Nonsubstantive changes are made.

## Rule 16. Disqualification or Recusal of Appellate Judges

### 16.1. Grounds for Disqualification

The grounds for disqualification of an appellate court justice or judge are determined by the Constitution and laws of Texas.

### 16.2. Grounds for Recusal

The grounds for recusal of an appellate court justice or judge are the same as those provided in the Rules of Civil Procedure. In addition, a justice or judge must recuse in a proceeding if it presents a material issue which the justice or judge participated in deciding while serving on another court in which the proceeding was pending.

### 16.3. Procedure for Recusal

(a) *Motion*. A party may file a motion to recuse a justice or judge before whom the case is pending. The motion must be filed promptly after the party has reason to believe that the justice or judge should not participate in deciding the case.

(b) *Decision*. Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her.

(c) *Appeal*. An order of recusal is not reviewable, but the denial of a recusal motion is reviewable.

**Notes and Comments**

Comment to 1997 change: Former Rules 15 and 15a are merged. Former Rule 15a appears as subdivision 16.2. For grounds for disqualification, reference is made to the Constitution and statutes rather than the Rules of Civil Procedure. The procedure for disqualification is not specified. The nature of prior participation in a proceeding that requires recusal is clarified. Former subdivision (b) of Rule 15, requiring service of the motion, is omitted as unnecessary. The remaining subdivisions of former Rule 15 are contained in subdivision 16.3. Other changes are made.

## Rule 17. Court of Appeals Unable to Take Immediate Action

## 17.1. Inability to Act

A court of appeals is unable to take immediate action if it cannot — within the time when action must be taken — assemble a panel because members of the court are ill, absent, or unavailable. A justice who is disqualified or recused is unavailable. A court of appeals' inability to act immediately may be established by certificate of the clerk, a member of the court, or a party's counsel, or by affidavit of a party.

## 17.2. Nearest Available Court of Appeals

If a court of appeals is unable to take immediate action, the nearest court of appeals that is able to take immediate action may do so with the same effect as the other court. The nearest court of appeals is the one whose courthouse is nearest — measured by a straight line — the courthouse of the trial court.

## 17.3. Further Proceedings

After acting or refusing to act, the nearest court of appeals must promptly send a copy of its order, and the original or a copy of any document presented to it, to the other court, which will conduct any further proceedings in the matter.

### Notes and Comments

Comment to 1997 change: This is former Rule 16. The rule is rewritten and simplified.

### Rule 18. Mandate

## 18.1. Issuance

The clerk of the appellate court that rendered the judgment must issue a mandate in accordance with the judgment and send it to the clerk of the court to which it is directed and to all parties to the proceeding when one of the following periods expires:

(a) *In the Court of Appeals*.

   (1) Ten days after the time has expired for filing a motion to extend time to file a petition for review or a petition for discretionary review if:

      (A) no timely petition for review or petition for discretionary review has been filed;

      (B) no timely filed motion to extend time to file a petition for review or petition for discretionary review is pending; and

      (C) in a criminal case, the Court of Criminal Appeals has not granted review on its own initiative.

   (2) Ten days after the time has expired for filing a motion to extend time to file a motion for rehearing of a denial, refusal, or dismissal of a petition for review, or a refusal or dismissal of a petition for discretionary review, if no timely filed motion for rehearing or motion to extend time is pending.

(b) *In the Supreme Court and the Court of Criminal Appeals*. Ten days after the time has expired for filing a motion to extend time to file a motion for rehearing if no timely filed motion for rehearing or motion to extend time is pending.

(c) *Agreement to Issue*. The mandate may be issued earlier if the parties so agree, or for good cause on the motion of a party.

## 18.2. Stay of Mandate

A party may move to stay issuance of the mandate pending the United States Supreme Court's disposition of a petition for writ of certiorari. The motion must state the grounds for the petition and the circumstances requiring the stay. The appellate court authorized to issue the mandate may grant a stay if it finds that the grounds are substantial and that the petitioner or others would incur serious hardship from the mandate's issuance if the United States Supreme Court were later to reverse the judgment. In a criminal case, the stay will last for no more than 90 days, to permit the timely filing of a petition for writ of certiorari. After that period and others mentioned in this rule expire, the mandate will issue.

## 18.3. Trial Court Case Number

The mandate must state the trial court case number.

## 18.4. Filing of Mandate

The clerk receiving the mandate will file it with the case's other papers and note it on the docket.

### 18.5. Costs

The mandate will be issued without waiting for costs to be paid. If the Supreme Court declines to grant review, Supreme Court costs must be included in the court of appeals' mandate.

### 18.6. Mandate in Accelerated Appeals

The appellate court's judgment on an appeal from an interlocutory order takes effect when the mandate is issued. The court may issue the mandate with its judgment or delay the mandate until the appeal is finally disposed of. If the mandate is issued, any further proceeding in the trial court must conform to the mandate.

### 18.7. Recall of Mandate

If an appellate court vacates or modifies its judgment or order after issuing its mandate, the appellate clerk must promptly notify the clerk of the court to which the mandate was directed and all parties. The mandate will have no effect and a new mandate may be issued.

#### Notes and Comments

Comment to 1997 change: This is a new rule that combines the provisions of former Rules 43(g), 86, 186, 231, and 232.

Comment to 2002 change: Subdivision 18.1 is amended consistent with the change in subdivision 12.6.

### Rule 19. Plenary Power of the Courts of Appeals and Expiration of Term

### 19.1. Plenary Power of Courts of Appeals

A court of appeals' plenary power over its judgment expires:

(a) 60 days after judgment if no timely filed motion for rehearing or en banc reconsideration, or timely filed motion to extend time to file such a motion, is then pending; or

(b) 30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion.

### 19.2. Plenary Power Continues After Petition Filed

In a civil case, the court of appeals retains plenary power to vacate or modify its judgment during the periods prescribed in 19.1 even if a party has filed a petition for review in the Supreme Court.

### 19.3. Proceedings After Plenary Power Expires

After its plenary power expires, the court cannot vacate or modify its judgment. But the court may:

(a) correct a clerical error in its judgment or opinion;

(b) issue and recall its mandate as these rules provide;

(c) enforce or suspend enforcement of its judgment as these rules or applicable law provide;

(d) order or modify the amount and type of security required to suspend a judgment, and decide the sufficiency of the sureties, under Rule 24; and

(e) order its opinion published in accordance with Rule 47.

### 19.4. Expiration of Term

The expiration of the appellate court's term does not affect the court's plenary power or its jurisdiction over a case that is pending when the court's term expires.

#### Notes and Comments

Comment to 1997 change: This is a new rule except the provisions of former Rule 234 are incorporated in subdivision 19.4.

Comment to 2002 change: Subdivision 19.1 is amended to clarify that a motion for en banc reconsideration extends the court of appeals' plenary power in the same manner as a motion for rehearing addressed to the panel of justices who rendered the judgment or under consideration.

Comment to 2008 change: Subdivision 19.1 is changed, consistent with other changes in the rules, to specifically address a motion for en banc reconsideration and treat it as a motion for rehearing.

## Rule 20. When Party is Indigent

### 20.1. Civil Cases

(a) *Costs Defined.* In this rule, "costs" mean filing fees charged by the appellate court. Fees charged for preparation of the appellate record are governed by Texas Rule of Civil Procedure 145.

(b) *When a Statement Was Filed in the Trial Court.*

    (1) *General Rule; Status in Trial Court Carries Forward.* A party who filed a Statement of Inability to Afford Payment of Court Costs in the trial court is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence in an order that complies with Texas Rule of Civil Procedure 145. A party is not required to pay costs in the appellate court if the trial court ordered the party to pay partial costs or to pay costs in installments.

    (2) *Establishing the Right to Proceed Under the General Rule.* To establish the right to proceed without payment of costs under (1), a party must communicate to the appellate court clerk in writing that the party is presumed indigent under this rule. In an appeal under Section Two of these rules, the applicability of the presumption should be stated in the notice of appeal and in the docketing statement.

    (3) *Exception; Material Change in Circumstances.* An appellate court may permit a party who is not entitled to proceed under (1) to proceed without payment of costs if the party establishes that the party's financial circumstances have materially changed since the date of the trial court's order under Texas Rule of Civil Procedure 145.

        (A) *Requirements.* The party must file a motion in the appellate court alleging that the party's financial circumstances have materially changed since the date of the trial court's order and a current Statement of Inability to Afford Payment of Court Costs that complies with Texas Rule of Civil Procedure 145. The Statement that was filed in the trial court does not meet the requirements of this rule.

        (B) *Action by Appellate Court.* The appellate court may decide the motion based on the record or refer the motion to the trial court with instructions to hear evidence and issue findings of fact. If a motion is referred to the trial court, the appellate court must review the trial court's findings and the record of the hearing before ruling on the motion.

(c) *When No Statement Was Filed in the Trial Court.* An appellate court may permit a party who did not file a Statement of Inability to Afford Payment of Court Costs in the trial court to proceed without payment of costs. The court may require the party to file a Statement in the appellate court. If the court denies the party's request to proceed without payment of costs, it must do so in a written order.

Comment to 2016 Change:

The rule has been rewritten so that it only governs filing fees and any other fee charged by the appellate court. Texas Rule of Civil Procedure 145 governs a party's claim that the party is unable to afford costs for preparation of the appellate record.

Because appellate filing fees are minimal, a party that filed a Statement of Inability to Afford Payment of Court Costs in the trial court is not required to file a new Statement in the appellate court unless the trial court made affirmative findings under Texas Rule of Civil Procedure 145 that the party is able to afford all court costs and to pay those costs as they are incurred. Furthermore, because a determination of indigence by the trial court carries forward to appeal in all cases, Family Code section 107.013 is satisfied.

Experience has shown that, in most cases, a party's financial circumstances do not change substantially between the trial court proceedings and the appellate court proceedings. Nonetheless, (b)(3) permits a party whom the trial court determined is able to afford all costs to demonstrate to the appellate court that the party's circumstances have changed since the trial court's ruling and that the party is unable to afford appellate filing fees.

## 20.2. Criminal Cases

Within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings. When the court certifies that the appellate record has been furnished to the appellant, the reporter must be paid from the general funds of the county in which the offense was committed, in the amount set by the trial court.

### Notes and Comments

Comment to 1997 change: The rule is new and combines the provisions of former Rules 13(k), 40(a)(3), and 53(j). The procedure for proceeding in civil cases in an appellate court without advance payment of costs, in both appeals and original proceedings, is stated. The information that must be given in the affidavit is prescribed. An extension of time to file the affidavit is now available. The indigent party is no longer required to serve the court reporter, but must file the affidavit with the appropriate clerk who is to notify the court reporter. A contest need not be under oath. Provision is made for later ability to pay the costs. Nonsubstantive changes are made to the rule for criminal cases.

Comment to 2008 change: Subdivision 20.1(a) is added to provide, as in Texas Rule of Civil Procedure 145, that an affidavit of indigence accompanied by an IOLTA or other Texas Access to Justice Foundation certificate cannot be challenged. Subdivision 20.1(c)(1) is revised to clarify that an affidavit of indigence filed to proceed in the trial court without advance payment of costs is insufficient to establish indigence on appeal; a separate affidavit must be filed with or before the notice of appeal. Subdivision 20.1(c)(3) is revised to provide that an appellate court must give an appellant who fails to file a proper appellate indigence affidavit notice of the defect and an opportunity to cure it before dismissing the appeal or affirming the judgment on that basis. *See Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006). The limiting phrase "under (c)(2)" in Subdivision 20.1(d)(2) is deleted to clarify that the appellate clerk's duty to forward copies of the affidavit to the trial court clerk and the court reporter, along with a notice setting a deadline to contest the affidavit, applies to affidavits on appeal erroneously filed in the appellate court, not only to affidavits in other appellate proceedings properly filed in the appellate court under subdivision 20.1(c)(2). Although Subdivision 3.1(g) defines "court reporter" to include court recorder, subdivision 20.1(e) is amended to make clear that a court recorder can contest an affidavit.

### Reference

*See also* Civil Practice and Remedies Code §13.003.

## SECTION TWO: APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS

### Rule 21. New Trials in Criminal Cases

#### 21.1. Definition

(a) *New trial* means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt.

(b) *New trial on punishment* means a new hearing of the punishment state of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt.

#### 21.2. When Motion for New Trial Required

A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record.

#### 21.3. Grounds

The defendant must be granted a new trial, or a new trial on punishment, for any of the following reasons:

(a) except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in absentia or has been denied counsel;

(b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;

(c) when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;

(d) when a juror has been bribed to convict or has been guilty of any other corrupt conduct;

(e) when a material defense witness has been kept from court by force, threats, or fraud, or when evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial;

(f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so intoxicated that his or her vote was probably influenced as a result;

(g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial; or

(h) when the verdict is contrary to the law and the evidence.

## 21.4. Time to File and Amend Motion

(a) *To File*. The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

(b) *To Amend*. Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

## 21.5. State May Controvert; Effect

The State may oppose in writing any reason the defendant sets forth in the motion for new trial. The State's having opposed a motion for new trial does not affect a defendant's responsibilities under 21.6.

## 21.6. Time to Present

The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

## 21.7. Types of Evidence Allowed at Hearing

The court may receive evidence by affidavit or otherwise.

## 21.8. Court's Ruling

(a) *Time to Rule*. The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court.

(b) *Ruling*. In ruling on a motion for new trial, the court may make oral or written findings of fact. The granting of a motion for new trial must be accomplished by written order. A docket entry does not constitute a written order.

(c) *Failure to Rule*. A motion not timely ruled on by written order will be deemed denied when the period prescribed in (a) expires.

## 21.9. Granting a New Trial

(a) A court must grant a new trial when it has found a meritorious ground for new trial, but a court must grant only a new trial on punishment when it has found a ground that affected only the assessment of punishment.

(b) Granting a new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party.

(c) Granting a new trial on punishment restores the case to its position after the defendant was found guilty. Unless the defendant, State, and trial court all agree to a change, punishment in a new trial shall be assessed in accordance with the defendant's original election under article 37.07, § 2(b) of the Code of Criminal Procedure.

(d) A finding or verdict of guilt in the former trial must not be regarded as a presumption of guilt, nor may it be alluded to in the presence of the jury that hears the case on retrial of guilt. A finding of fact or an assessment of punishment in the former trial may not be alluded to in the presence of the jury that hears the case on retrial of punishment.

### Notes and Comments

Comment to 1997 change: Former Rules 30, 31, and 32 are merged. Paragraph (b)(6) of former Rule 30 is deleted because the rule-making authority of the Court of Criminal Appeals was withdrawn. *See* Code of Criminal Procedure article 40.001. Other

nonsubstantive changes are made.

## Rule 22. Arrest of Judgment in Criminal Cases

### 22.1. Definition

*Motion in arrest of judgment* means a defendant's oral or written suggestion that, for reasons stated in the motion, the judgment rendered against the defendant was contrary to law. Such a motion is made in the trial court.

### 22.2. Grounds

The motion may be based on any of the following grounds:

(a) that the indictment or information is subject to an exception on substantive grounds;

(b) that in relation to the indictment or information a verdict is substantively defective; or

(c) that the judgment is invalid for some other reason.

### 22.3. Time to File Motion

A defendant may file a motion in arrest of judgment before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

### 22.4. Court's Ruling

(a) *Time to Rule; Form of Ruling*. The court must rule on a motion in arrest of judgment within 75 days after imposing or suspending sentence in open court. The ruling may be oral or in writing.

(b) *Failure to Rule*. A motion not timely ruled on will be deemed denied when the period prescribed in (a) expires.

### 22.5. Effect of Denying

For purposes of the defendant's giving notice of appeal, an order denying a motion in arrest of judgment will be considered an order denying a motion for new trial.

### 22.6. Effect of Granting

(a) *Defendant Restored*. If judgment is arrested, the defendant is restored to the position that he or she had before the indictment or information was presented.

(b) *Defendant Discharged or Remanded*. If the judgment is arrested, the defendant will be discharged. But the trial court may remand the defendant to custody or fix bail if the court determines, from the evidence adduced at trial, that the defendant may be convicted on a proper indictment or information, or on a proper verdict in relation to the indictment or information.

#### Notes and Comments

Comment to 1997 change: Former Rules 33, 34, and 35 are merged without substantive change.

## Rule 23. Nunc Pro Tunc Proceedings in Criminal Cases

### 23.1. Judgment and Sentence

Unless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so.

### 23.2. Credit on Sentence

When sentence is pronounced, the trial court must give the defendant credit on that sentence for:

(a) all time the defendant has been confined since the time when judgment and sentence should have been entered and pronounced; and

(b) all time between the defendant's arrest and confinement to the time when judgment and sentence should have been entered and pronounced.

#### Notes and Comments

Comment to 1997 change: This is former Rule 36. The rule is amended without substantive change.

## Rule 24. Suspension of Enforcement of Judgment Pending Appeal in Civil Cases

### 24.1. Suspension of Enforcement

(a) *Methods.* Unless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by:

   (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;

   (2) filing with the trial court clerk a good and sufficient bond;

   (3) making a deposit with the trial court clerk in lieu of a bond; or

   (4) providing alternate security ordered by the court.

(b) *Bonds.*

   (1) A bond must be:

      (A) in the amount required by 24.2;

      (B) payable to the judgment creditor;

      (C) signed by the judgment debtor or the debtor's agent;

      (D) signed by a sufficient surety or sureties as obligors; and

      (E) conditioned as required by (d).

   (2) To be effective a bond must be approved by the trial court clerk. On motion of any party, the trial court will review the bond.

(c) *Deposit in Lieu of Bond.*

   (1) Types of Deposits. Instead of filing a surety bond, a party may deposit with the trial court clerk:

      (A) cash;

      (B) a cashier's check payable to the clerk, drawn on any federally insured and federally or state-chartered bank or savings-and-loan association; or

      (C) with leave of court, a negotiable obligation of the federal government or of any federally insured and federally or state-chartered bank or savings-and-loan association.

   (2) Amount of Deposit. The deposit must be in the amount required by 24.2.

   (3) Clerk's Duties; Interest. The clerk must promptly deposit any cash or a cashier's check in accordance with law. The clerk must hold the deposit until the conditions of liability in (d) are extinguished. The clerk must then release any remaining funds in the deposit to the judgment debtor.

(d) *Conditions of Liability.* The surety or sureties on a bond, any deposit in lieu of a bond, or any alternate security ordered by the court is subject to liability for all damages and costs that may be awarded against the debtor — up to the amount of the bond, deposit, or security — if:

   (1) the debtor does not perfect an appeal or the debtor's appeal is dismissed, and the debtor does not perform the trial court's judgment;

   (2) the debtor does not perform an adverse judgment final on appeal; or

   (3) the judgment is for the recovery of an interest in real or personal property, and the debtor does not pay the creditor the value of the property interest's rent or revenue during the pendency of the appeal.

(e) *Orders of Trial Court.* The trial court may make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause.

(f) *Effect of Supersedeas.* Enforcement of a judgment must be suspended if the judgment is superseded. Enforcement begun before the judgment is superseded must cease when the judgment is superseded. If execution has been issued, the clerk will promptly issue a writ of supersedeas.

## 24.2. Amount of Bond, Deposit, or Security

(a) *Type of Judgment.*

(1) For Recovery of Money. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. But the amount must not exceed the lesser of:

(A) 50 percent of the judgment debtor's current net worth; or

(B) 25 million dollars.

(2) For Recovery of Property. When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post. The amount of that security must be at least:

(A) the value of the property interest's rent or revenue, if the property interest is real; or

(B) the value of the property interest on the date when the court rendered judgment, if the property interest is personal.

(3) Other Judgment. When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper.

(4) Conservatorship or Custody. When the judgment involves the conservatorship or custody of a minor or other person under legal disability, enforcement of the judgment will not be suspended, with or without security,

unless ordered by the trial court. But upon a proper showing, the appellate court may suspend enforcement of the judgment with or without security.

(5) For a Governmental Entity. When a judgment in favor of a governmental entity in its governmental capacity is one in which the entity has no pecuniary interest, the trial court must determine whether to suspend enforcement, with or without security, taking into account the harm that is likely to result to the judgment debtor if enforcement is not suspended, and the harm that is likely to result to others if enforcement is suspended. The appellate court may review the trial court's determination and suspend enforcement of the judgment, with or without security, or refuse to suspend the judgment. If security is required, recovery is limited to the governmental entity's actual damages resulting from suspension of the judgment.

(b) *Lesser Amount.* The trial court must lower the amount of security required by (a) to an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by (a) is likely to cause the judgment debtor substantial economic harm.

(c) *Determination of Net Worth.*

(1) Judgment Debtor's Affidavit Required; Contents; Prima Facie Evidence. A judgment debtor who provides a bond, deposit, or security under (a)(1)(A) in an amount based on the debtor's net worth must simultaneously file with the trial court clerk an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. An affidavit that meets these requirements is prima facie evidence of the debtor's net worth for the purpose of establishing the amount of the bond, deposit, or security required to suspend enforcement of the judgment. A trial court clerk must receive and file a net-worth affidavit

tendered for filing by a judgment debtor.

(2) Contest; Discovery. A judgment creditor may file a contest to the debtor's claimed net worth. The contest need not be sworn. The creditor may conduct reasonable discovery concerning the judgment debtor's net worth.

(3) Hearing; Burden of Proof; Findings; Additional Security. The trial court must hear a judgment creditor's contest of the judgment debtor's claimed net worth promptly after any discovery has been completed. The judgment debtor has the burden of proving net worth. The trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination. If the trial court orders additional or other security to supersede the judgment, the enforcement of the judgment will be suspended for twenty days after the trial court's order. If the judgment debtor does not comply with the order within that period, the judgment may be enforced against the judgment debtor.

(d) *Injunction.* The trial court may enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business.

## 24.3. Continuing Trial Court Jurisdiction; Duties of Judgment Debtor

(a) *Continuing Jurisdiction*. Even after the trial court's plenary power expires, the trial court has continuing jurisdiction to do the following:

(1) order the amount and type of security and decide the sufficiency of sureties; and

(2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution.

(b) *Duties of Judgment Debtor*. If, after

jurisdiction attaches in an appellate court, the trial court orders or modifies the security or decides the sufficiency of sureties, the judgment debtor must notify the appellate court of the trial court's action.

## 24.4. Appellate Review

(a) *Motions; Review*. A party may seek review of the trial court's ruling by motion filed in the court of appeals with jurisdiction or potential jurisdiction over the appeal from the judgment in the case. A party may seek review of the court of appeals' ruling on the motion by petition for writ of mandamus in the Supreme Court. The appellate court may review:

(1) the sufficiency or excessiveness of the amount of security, but when the judgment is for money, the appellate court must not modify the amount of security to exceed the limits imposed by Rule 24.2(a)(1);

(2) the sureties on any bond;

(3) the type of security;

(4) the determination whether to permit suspension of enforcement; and

(5) the trial court's exercise of discretion under Rule 24.3(a).

(b) *Grounds of Review*. Review may be based both on conditions as they existed at the time the trial court signed an order and on changes in those conditions afterward.

(c) *Temporary Orders*. The appellate court may issue any temporary orders necessary to preserve the parties' rights.

(d) *Action by Appellate Court*. The motion must be heard at the earliest practicable time. The appellate court may require that the amount of a bond, deposit, or other security be increased or decreased, and that another bond, deposit, or security be provided and approved by the trial court clerk. The appellate court may require other changes in the trial court order. The appellate court may remand to the trial court for entry of findings of fact or for the taking of evidence.

(e) *Effect of Ruling*. If the appellate court orders additional or other security to supersede the judgment, enforcement will be suspended for 20 days after the appellate court's order. If the judgment debtor does not comply with the order within that period, the judgment may be enforced. When any additional bond, deposit, or security has been filed, the trial court clerk must notify the appellate court. The posting of additional security will not release the previously posted security or affect any alternative security arrangements that the judgment debtor previously made unless specifically ordered by the appellate court.

### Notes and Comments

Comment to 1997 change: Former Rules 47, 48, and 49 are merged. The rule is substantially revised. Paragraph 24.1(a) now provides for superseding the judgment by agreement. Paragraph 24.1(c) is taken from former Rule 48 and provides for a deposit in lieu of the bond, including specific provisions for the release of the deposit. Paragraph 24.1(d) provides the conditions for the surety to honor the bond and for the deposit to be paid to the judgment creditor. In subdivision 24.2, the provisions for determining the amount of the bond or deposit are simplified. All provisions regarding superseding a judgment for an interest in property are merged into subparagraph 24.2(a)(2). The procedure for allowing security in a lesser amount is moved to paragraph 24.2(b) and is made applicable to all judgments. Subdivision 24.4 is taken from former Rule 49. The procedure for appellate review is more precisely stated.

Comment to 2008 change: Subdivision 24.2(c) is amended to clarify the procedure in determining net worth. A debtor's affidavit of net worth must be detailed, but the clerk must file what is tendered without determining whether it complies with the rule. If the trial court orders that additional or other security be given, the debtor is afforded time to comply. Subdivision 24.4(a) is revised to clarify that a party seeking relief from a supersedeas ruling should file a motion in the court of appeals that has or presumably will have jurisdiction of the appeal. After the court of appeals has ruled, a party may seek review by filing a petition for writ of mandamus in the Supreme Court. *See In re Smith / In re Main Place Custom Homes, Inc.*, 192 S.W.3d 564, 568 (Tex. 2006) (per curiam).

### Rule 25. Perfecting Appeal

### 25.1. Civil Cases

(a) *Notice of Appeal*. An appeal is perfected when a written notice of appeal is filed with the trial court clerk. If a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice.

(b) *Jurisdiction of Appellate Court*. The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal under (c), does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal.

(c) *Who Must File Notice*. A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. Parties whose interests are aligned may file a joint notice of appeal. The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.

(d) *Contents of Notice*. The notice of appeal must:

(1) identify the trial court and state the case's trial court number and style;

(2) state the date of the judgment or order appealed from;

(3) state that the party desires to appeal;

(4) state the court to which the appeal is taken unless the appeal is to either the First or Fourteenth Court of Appeals, in which case the notice must state that the appeal is to either of those courts;

(5) state the name of each party filing the notice;

(6) in an accelerated appeal, state that the appeal is accelerated and state whether it is a parental termination or child protection case, as defined in Rule 28.4;

(7) in a restricted appeal:

   (A) state that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of;

   (B) state that the appellant did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal; and

   (C) be verified by the appellant if the appellant does not have counsel.

(8) state, if applicable, that the appellant is presumed indigent and may proceed without paying costs under Rule 20.1.

(e) *Service of Notice.* The notice of appeal must be served on all parties to the trial court's final judgment or, in an interlocutory appeal, on all parties to the trial court proceeding.

(f) *Clerk's Duties.* The trial court clerk must immediately send a copy of the notice of appeal to the appellate court clerk and to the court reporter or court reporters responsible for preparing the reporter's record.

(g) *Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

(h) *Enforcement of Judgment Not Suspended by Appeal.* The filing of a notice of appeal does not suspend enforcement of the judgment. Enforcement of the judgment may proceed unless:

(1) the judgment is superseded in accordance with Rule 24, or

(2) the appellant is entitled to supersede the judgment without security by filing a notice of appeal.

## 25.2. Criminal Cases

(a) *Rights to Appeal.*

(1) Of the State. The State is entitled to appeal a court's order in a criminal case as provided by Code of Criminal Procedure article 44.01

(2) Of the Defendant. A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case – that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only:

   (A) those matters that were raised by a written motion filed and ruled on before trial, or

   (B) after getting the trial court's permission to appeal.

(b) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal. In a death-penalty case it is unnecessary to file a notice of appeal, but, in every death-penalty case, the clerk of the trial court shall file a notice of conviction with the Court of Criminal Appeals within thirty days after the defendant is sentenced to death.

(c) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk. If the notice of appeal is received in the court of appeals, the clerk of that court shall immediately record on the notice the date that it was received and send the notice to the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(d) *Certification of Defendant's Right of Appeal.* If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him. The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.

(e) *Clerk's Duties.* The trial court clerk must note on the copies of the notice of appeal and the trial court's certification of the defendant's right of appeal the case number and the date when each was filed. The clerk must then immediately send one copy of each to the clerk of the appropriate court of appeals and, if the defendant is the appellant, one copy of each to the State's attorney.

(f) *Amending the Notice or Certification.* An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification, including a defect in the notification of the defendant's appellate rights, may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice or certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe.

(g) *Effect of Appeal.* Once the record has been filed in the appellate court, all further proceedings in the trial court – except as provided otherwise by law or by these rules - will be suspended until the trial court receives the appellate – court mandate.

(h) *Advice of Right of Appeal.* When a court enters a judgment or other appealable order and the defendant has a right of appeal, the court (orally or in writing) shall advise the defendant of his right of appeal and of the requirements for timely filing a sufficient notice of appeal.

### Notes and Comments

Comment on 1997 change: This is former Rule 40. In civil cases, the requirement of an appeal bond is repealed. Appeal is perfected by filing a notice of appeal. A notice must be filed by any party seeking to alter the trial court's judgment. The restricted appeal — formerly the appeal by writ of error — is perfected by filing a notice of appeal in the trial court as in other appeals. The contents of the notice of appeal is prescribed. The notice of limitation of appeal is repealed. In criminal cases, the rule is amended to apply to notices by the State, and to refer to additional statutory requirements for the State's notice. In felony cases in which the defendant waived trial by jury, pleaded guilty or nolo contendere, and received a punishment that did not exceed what the defendant agreed to in a plea bargain, the rule is amended to make clear that regardless of when the alleged error occurred, an appeal must be based on a jurisdictional defect or a written motion ruled on before trial, or be with the permission of the trial court.

Comment to 2002 change: Rule 25.2, for criminal cases, is amended. Subdivision 25.2(a) states the parties' rights of appeal that are established by Code of Criminal Procedure article 44.01 and by article 44.02, the proviso of which was repealed when rulemaking power was given to the Court of Criminal Appeals. Subdivision 25.2(b) is given the requirement that a notice of appeal be in "sufficient" form, which codifies the decisional law. The requirement in former subdivision 25.2(b)(3) that a plea-bargaining appellant's notice of appeal specify the right of appeal is replaced by a requirement in subdivision 25.2(d) that the trial court certify the defendant's right of appeal in every case in which a judgment or other appealable order is entered. The certificate should be signed at the time the judgment or other appealable order is pronounced. The form of certification of the defendant's right of appeal is provided in an appendix

to these rules. If the record does not include the trial court's certification that the defendant has the right of appeal, the appeal must be dismissed. If a sufficient notice of appeal or certification is not filed after the appellate court deals with the defect (see Rules 34.5(c) and 37.1), preparation of an appellate record and representation by an appointed attorney may cease.

## Rule 26. Time to Perfect Appeal

### 26.1. Civil Cases

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

    (1) a motion for new trial;

    (2) a motion to modify the judgment;

    (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or

    (4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed;

(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed; and

(d) if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.

### 26.2. Criminal Cases

(a) *By the Defendant*. The notice of appeal must be filed:

    (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

    (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

(b) *By the State*. The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed.

### 26.3. Extension of Time

The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party:

(a) files in the trial court the notice of appeal; and

(b) files in the appellate court a motion complying with Rule 10.5(b).

### Notes and Comments

Comment to 1997 change: This is former Rule 41. All times for perfecting appeal in civil cases — including the time for perfecting a restricted appeal — are stated. An extension of time is available for all appeals. The provisions of former Rule 41(c) regarding prematurely filed documents are moved to Rule 27. Nonsubstantive changes are made in the rule for criminal cases.

## Rule 27. Premature Filings

### 27.1. Prematurely Filed Notice of Appeal

(a) *Civil Cases*. In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.

(b) *Criminal Cases*. In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict.

### 27.2. Other Premature Actions

The appellate court may treat actions taken before

an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

## 27.3. If Appealed Order Modified or Vacated

After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

### Notes and Comments

Comment to 1997 change: This rule is new and combines the provisions of former Rules 41(c) and 58.

## Rule 28. Accelerated, Agreed, and Permissive Appeals in Civil Cases

### 28.1. Accelerated Appeals

(a) *Types of Accelerated Appeals*. Appeals from interlocutory orders (when allowed by statute), appeals in quo warranto proceedings, appeals required by statute to be accelerated or expedited, and appeals required by law to be filed or perfected within less than 30 days after the date of the order or judgment being appealed are accelerated appeals.

(b) *Perfection of Accelerated Appeal*. Unless otherwise provided by statute, an accelerated appeal is perfected by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3. Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal.

(c) *Appeals of Interlocutory Orders*. The trial court need not file findings of fact and conclusions of law but may do so within 30 days after the order is signed.

(d) *Quo Warranto Appeals*. The trial court may grant a motion for new trial timely filed under Texas Rule of Civil Procedure 329b(a)–(b) until 50 days after the trial court's final judgment is signed. If not determined by signed written order within that period, the motion will be deemed overruled by operation of law on expiration of that period.

(e) *Record and Briefs*. In lieu of the clerk's record, the appellate court may hear an accelerated appeal on the original papers forwarded by the trial court or on sworn and uncontroverted copies of those papers. The appellate court may allow the case to be submitted without briefs. The deadlines and procedures for filing the record and briefs in an accelerated appeal are provided in Rules 35.1 and 38.6.

### 28.2. Agreed Interlocutory Appeals in Civil Cases

(a) *Perfecting Appeal*. An agreed appeal of an interlocutory order permitted by statute must be perfected as provided in Rule 25.1. The notice of appeal must be filed no later than the 20th day after the date the trial court signs a written order granting permission to appeal, unless the court of appeals extends the time for filing pursuant to Rule 26.3.

(b) *Other Requirements*. In addition to perfecting appeal, the appellant must file with the clerk of the appellate court a docketing statement as provided in Rule 32.1 and pay to the clerk of the appellate court all required fees authorized to be collected by the clerk.

(c) *Contents of Notice*. The notice of accelerated appeal must contain, in addition to the items required by Rule 25.1(d), the following:

(1) a list of the names of all parties to the trial court proceeding and the names, addresses, and telefax numbers of all trial and appellate counsel;

(2) a copy of the trial court's order granting permission to appeal;

(3) a copy of the trial court order

appealed from;

(4) a statement that all parties to the trial court proceeding agreed to the trial court's order granting permission to appeal;

(5) a statement that all parties to the trial court proceeding agreed that the order granting permission to appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(6) a brief statement of the issues or points presented; and

(7) a concise explanation of how an immediate appeal may materially advance the ultimate termination of the litigation.

(d) *Determination of Jurisdiction*. If the court of appeals determines that a notice of appeal filed under this rule does not demonstrate the court's jurisdiction, it may order the appellant to file an amended notice of appeal. On a party's motion or its own initiative, the court of appeals may also order the appellant or any other party to file briefing addressing whether the appeal meets the statutory requirements, and may direct the parties to file supporting evidence. If, after providing an opportunity to file an amended notice of appeal or briefing addressing potential jurisdictional defects, the court of appeals concludes that a jurisdictional defect exists, it may dismiss the appeal for want of jurisdiction at any stage of the appeal.

(e) *Record; Briefs*. The rules governing the filing of the appellate record and briefs in accelerated appeals apply. A party may address in its brief any issues related to the court of appeals' jurisdiction, including whether the appeal meets the statutory requirements.

(f) *No Automatic Stay of Proceedings in Trial Court*. An agreed appeal of an interlocutory order permitted by statute does not stay proceedings in the trial court except as agreed by the parties and ordered by the trial court or the court of appeals.

## 28.3. Permissive Appeals in Civil Cases.

(a) *Petition Required*. When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal.

(b) *Where Filed*. The petition must be filed with the clerk of the court of appeals having appellate jurisdiction over the action in which the order to be appealed is issued. The First and Fourteenth Courts of Appeals must determine in which of those two courts a petition will be filed.

(c) *When Filed*. The petition must be filed within 15 days after the order to be appealed is signed. If the order is amended by the trial court, either on its own or in response to a party's motion, to include the court's permission to appeal, the time to petition the court of appeals runs from the date the amended order is signed.

(d) *Extension of Time to File Petition*. The court of appeals may extend the time to file the petition if the party:

(1) files the petition within 15 days after the deadline, and

(2) files a motion complying with Rule 10.5(b).

(e) *Contents*. The petition must:

(1) contain the information required by Rule 25.1(d) to be included in a notice of appeal;

(2) attach a copy of the order from which appeal is sought;

(3) contain a table of contents, index of authorities, issues presented, and a statement of facts; and

(4) argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation.

(f) *Response; Reply; Cross-Petition; Time for Filing.* If any party timely files a petition, any other party may file a response or a cross-petition within 10 days. A party may file a response to a cross-petition within 10 days of the date the cross-petition is filed. A petitioner or cross-petitioner may reply to any matter in a response within 7 days of the date the response is filed. The court of appeals may extend the time to file a response, reply, and cross-petition.

(g) *Length of Petition, Cross-Petition, Response, and Reply.* A petition, cross-petition, response, and reply must comply with the page limitations in 9.4(i)(2)(D)-(E).

(h) *Service.* A petition, cross-petition, response, and reply must be served on all parties to the trial court proceeding.

(i) *Docketing Statement.* Upon filing the petition, the petitioner must file the docketing statement required by Rule 32.1.

(j) *Time for Determination.* Unless the court of appeals orders otherwise, a petition, and any cross-petition, response, and reply, will be determined without oral argument, no earlier than 10 days after the petition is filed.

(k) *When Petition Granted.* If the petition is granted, a notice of appeal is deemed to have been filed under Rule 26.1(b) on that date, and the appeal is governed by the rules for accelerated appeals. A separate notice of appeal need not be filed. A copy of the order granting the petition must be filed with the trial court clerk.

## 28.4. Accelerated Appeals in Parental Termination and Child Protection Cases

(a) *Application and Definitions.*

(1) Appeals in parental termination and child protection cases are governed by the rules of appellate procedure for accelerated appeals, except as otherwise provided in Rule 28.4.

(2) In Rule 28.4:

(A) a "parental termination case" means a suit in which termination of the

parent-child relationship is at issue.

(B) a "child protection case" means a suit affecting the parent-child relationship filed by a governmental entity for managing conservatorship.

(b) *Appellate Record.*

(1) Responsibility for Preparation of the Reporter's Record. In addition to the responsibility imposed on the trial court in Rule 35.3(c), when the reporter's responsibility to prepare, certify and timely file the reporter's record arises under Rule 35.3(b), the trial court must direct the official or deputy reporter to immediately commence the preparation of the reporter's record. The trial court must arrange for a substitute reporter, if necessary.

(2) Extension of Time. The appellate court may grant an extension of time to file a record under Rule 35.3(c); however, the extension or extensions granted must not exceed 30 days cumulatively, absent extraordinary circumstanced.

(3) Restriction on Preparation Inapplicable. Section 13.003 of the Civil Practice & Remedies Code does not apply to an appeal from a parental termination or child protection case.

(c) *Remand for New Trial.* If the judgment of the appellate court reverses and remands a parental termination or child protection case for a new trial, the judgment must instruct the trial court to commence the new trial no later than 180 days after the mandate is issued by the appellate court.

**Notes and Comments**

Comment to 2011 Change: Section 51.014(d)-(f) of the Texas Civil Practice and Remedies Code, as amended in 2011, provides for appeals of orders not otherwise appealable when permitted by the trial court. The 2011 amendments, which explicitly apply only to cases commenced on or after September 1, 2011, eliminated the prior requirement that the parties agree to the appeal and reinstated a requirement that the court of appeals also permit the appeal. Act of May 25, 2011, 82nd Leg., R.S., ch. 203, §§ 3.01, 6.01

[HB274], amending Act of May 27, 2005, 79th Leg., R.S., ch. 1051 [HB1294], §§ 1-2, 2005 Tex. Gen. Laws 3512, 3512-3513 and Act of May 17, 2001, 77th Leg., R.S., Ch. 1389 [HB978], § 1.2001 Tex. Gen. Laws 3575. The amendments necessitated the addition of Rule 28.3 and the adoption of Rule of Civil Procedure 168, which governs the procedure for obtaining permission to appeal from the trial court.

New Rule 283 applies only to appeals in cases that were filed in the trial court on or after September 1, 2011. Rule 28.2 applies only to appeals in cases that were filed in the trial court before September 1, 2011.

Rule of Civil Procedure 168 clarifies that the trial court's permission to appeal should be included in the order to be appealed rather than in a separate order. As stated in Rule 28.3(c), if a prior order containing the trial court's ruling is amended to include such permission, the time for appeal runs from the amended order. Rule 28.3(k) further clarifies that if the petition is granted, appeal is thereby perfected, and the appeal proceeds as an accelerated appeal, with all deadlines - including deadlines and obligations for preparing the record - running from the date the petition was granted. A separate notice of appeal need not be filed. The petition procedure in Rule 28.3 is intended to be similar to the Rule 53 procedure governing petitions for review in the Supreme Court.

### Rule 29. Orders Pending Interlocutory Appeal in Civil Cases

#### 29.1. Effect of Appeal

Perfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless:

(a) the order is superseded in accordance with 29.2; or

(b) the appellant is entitled to supersede the order without security by filing a notice of appeal.

#### 29.2. Security

The trial court may permit an order granting interlocutory relief to be superseded pending an appeal from the order, in which event the appellant may supersede the order in accordance with Rule 24. If the trial court refuses to permit the appellant to supersede the order, the appellant may move the appellate court to review that decision for abuse of discretion.

#### 29.3. Temporary Orders of Appellate Court

When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security. But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24.

#### 29.4. Enforcement of Temporary Orders

While an appeal from an interlocutory order is pending, only the appellate court in which the appeal is pending may enforce the order. But the appellate court may refer any enforcement proceeding to the trial court with instructions to:

(a) hear evidence and grant appropriate relief; or

(b) make findings and recommendations and report them to the appellate court.

#### 29.5. Further Proceedings in Trial Court

While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders, including one dissolving the order complained of on appeal. If permitted by law, the trial court may proceed with a trial on the merits. But the court must not make an order that:

(a) is inconsistent with any appellate court temporary order; or

(b) interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal.

#### 29.6. Review of Further Orders

(a) *Motion to Review Further Orders*. While an appeal from an interlocutory order is pending, on a party's motion or on the appellate court's own initiative, the appellate court may review the following:

(1) a further appealable interlocutory order concerning the same subject matter; and

(2) any interlocutory order that interferes with or impairs the effectiveness of the

relief sought or that may be granted on appeal.

(b) *Record*. The party filing the motion may rely on the original record or may file a supplemental record with the motion.

**Notes and Comments**

Comment to 1997 change: This is former Rule 43. The provision in the former rule that an appeal from an order certifying a class suspends the order is repealed. The provision in the former rule that an order denying interlocutory relief cannot be suspended is omitted as unnecessary because the rule provides for superseding only orders granting relief. No substantive change is intended. The provision in former Rule 43(d) prohibiting the trial court from making an order granting substantially the same relief as the order appealed is repealed as being too broad. The provisions of former Rule 43(g) regarding the mandate are moved to Rule 18.6 and 18.7. The provision of former Rule 43(h) regarding rehearings is moved to Rule 49.4.

Comment to 2002 change: Rule 29.5 is amended to acknowledge that a trial court may be prohibited by law from proceeding to trial during the pendency of an interlocutory appeal, as for example by section 51.014(b) of the Texas Civil Practice and Remedies Code.

Comment to 2008 change: Rule 29.5 is amended to be consistent with Section 51.014(b) of the Civil Practice and Remedies Code, as amended in 2003, staying all proceedings in the trial court pending resolution of interlocutory appeals of class certification orders, denials of summary judgments based on assertions of immunity by governmental officers or employees, and orders granting or denying a governmental unit's plea to the jurisdiction.

## Rule 30. Restricted Appeals to Court of Appeals in Civil Cases

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

**Notes and Comments**

Comment to 1997 change: This is former Rule 45. The appeal by writ of error procedure is repealed. A procedure for an appeal filed within 6 months — called a restricted appeal — is substituted. This rule sets out who may take a restricted appeal. Rules 25.1 and 26.1 set out the method of perfection and the time for perfecting the appeal.

## Rule 31. Appeals in Habeas Corpus, Bail, and Extradition Proceedings in Criminal Cases

### 31.1. Filing the Record; Submission

When written notice of appeal from a judgment or order in a habeas corpus or bail proceeding is filed, the trial court clerk must prepare and certify the clerk's record and, if the appellant requests, the court reporter must prepare and certify a reporter's record. The clerk must send the clerk's record and the court reporter must send the reporter's record to the appellate court within 15 days after the notice of appeal is filed. On reasonable explanation, the appellate court may shorten or extend the time to file the record. When the appellate court receives the record, the court will — if it desires briefs — set the time for filing briefs, and will set the appeal for submission.

### 31.2. Hearing

An appeal in a habeas corpus or bail proceeding will be heard at the earliest practicable time. The applicant need not personally appear, and the appeal will be heard and determined upon the law and the facts shown by the record. The appellate court will not review any incidental question that might have arisen on the hearing of the application before the trial court. The sole purpose of the appeal is to do substantial justice to the parties.

### 31.3. Orders on Appeal

The appellate court will render whatever judgment and make whatever orders the law and the nature of the case require. The court may make an appropriate order relating to costs, whether allowing costs and fixing the amount, or allowing no costs.

### 31.4. Stay of Mandate

(a) *When Motion for Stay Required*. Despite Rule 18 or any other of these rules, in the

following circumstances a party who in good faith intends to seek discretionary review must — within 15 days after the court of appeals renders judgment — file with the court of appeals clerk a motion for stay of mandate, to which is appended the party's petition for discretionary review showing reasons why the Court of Criminal Appeals should review the appellate court judgment:

   (1) when a court of appeals affirms the judgment of the trial court in an extradition matter and thereby sanctions a defendant's extradition; or

   (2) when a court of appeals reverses the trial court's judgment in a bail matter — including bail pending appeal under Code of Criminal Procedure article 44.04(g) — and thereby grants or reduces the amount of bail.

(b) *Determination of the Motion.* The clerk must promptly submit the motion and appendix to the court of appeals, or to one or more judges as the court deems appropriate, for immediate consideration and determination.

   (1) If the motion for stay is granted, the clerk will immediately forward the petition for discretionary review to the clerk of the Court of Criminal Appeals.

   (2) If the motion is denied, the clerk will issue a mandate in accordance with the court of appeals' judgment.

(c) *Denial of Stay.* If the motion for stay is denied under 31.4(b)(2), the losing party may then present the motion and appendix to the clerk of the Court of Criminal Appeals, who will promptly submit them to the Court, or to one or more judges as the Court deems appropriate, for immediate consideration and determination. The Court of Criminal Appeals may deny the motion or stay or recall the mandate. If the mandate is stayed or recalled, the clerk of the Court of Criminal Appeals will file the petition for discretionary review and process the case in accordance with Rule 68.7.

## 31.5. Judgment Conclusive

The court of appeals' judgment is final and conclusive if the Court of Criminal Appeals does not grant discretionary review. If the Court of Criminal Appeals grants discretionary review, that court's judgment is final and conclusive. In either case, no further application in the same case can be made for the writ unless the law provides otherwise.

## 31.6. Defendant Detained by Other Than Officer

If the defendant is held by a person other than an officer, the sheriff receiving the appellate court mandate so ordering must immediately cause the defendant to be discharged, for which discharge the mandate is sufficient authority.

## 31.7. Judgment to be Certified

The appellate court clerk will certify the court's judgment to the officer holding the defendant in custody or, if the defendant is held by a person other than an officer, to the appropriate sheriff.

### Notes and Comments

Comment to 1997 change: This is former Rule 44. Since the purpose of the appeal is to do substantial justice, it is extended to both parties in recognition that both parties now have the right to appeal. Other nonsubstantive changes are made.

### Rule 32. Docketing Statement

## 32.1. Civil Cases

Promptly upon filing the notice of appeal in a civil case, the appellant must file in the appellate court a docketing statement that includes the following information:

(a) (1) if the appellant filing the statement has counsel, the name of that appellant and the name, address, telephone number, fax number, if any, and State Bar of Texas identification number of the appellant's lead counsel; or

   (2) if the appellant filing the statement is not represented by an attorney, that party's name, address, telephone number, and fax number, if any;

(b) the date the notice of appeal was filed in the trial court and, if mailed to the trial court clerk, the date of mailing;

(c) the trial court's name and county, the name of

the judge who tried the case, and the date the judgment or order appealed from was signed;

(d) the date of filing of any motion for new trial, motion to modify the judgment, request for findings of fact, motion to reinstate, or other filing that affects the time for perfecting the appeal;

(e) the names of all other parties to the trial court's judgment or the order appealed from, and:

    (1) if represented by counsel, their lead counsel's names, addresses, telephone numbers, and fax numbers, if any; or

    (2) if not represented by counsel, the name, address, and telephone number of the party, or a statement that the appellant diligently inquired but could not discover that information;

(f) the general nature of the case — for example, personal injury, breach of contract, or temporary injunction;

(g) whether the appeal's submission should be given priority, whether the appeal is an accelerated one under Rule 28 or another rule or statute, and whether it is a parental termination or child protection case, as defined in Rule 28.4;

(h) whether the appellant has requested or will request a reporter's record, and whether the trial was electronically recorded;

(i) the name of the court reporter;

(j) whether the appellant intends to seek temporary or ancillary relief while the appeal is pending;

(k) if the appellant filed a Statement of Inability to Afford Payment of Court Costs in the trial court:

    (1) the date that the Statement was filed;

    (2) the date of filing of any motion challenging the Statement;

    (3) the date of any hearing on the appellant's ability to afford costs; and

    (4) if the trial court signed an order under Texas Rule of Civil Procedure 145, the court's findings regarding the appellant's ability to afford costs and the date that the order was signed;

(l) whether the appellant has filed or will file a supersedeas bond; and

(m) any other information the appellate court requires.

## 32.2. Criminal Cases

Upon perfecting the appeal in a criminal case, the appellant must file in the appellate court a docketing statement that includes the following information:

(a) (1) if the appellant has counsel, the name of the appellant and the name, address, telephone number, fax number, if any, and State Bar of Texas identification number of the appellant's counsel, and whether the counsel is appointed or retained; or

    (2) if the appellant is not represented by an attorney, that party's name, address, telephone number, and fax number, if any;

(b) the date the notice of appeal was filed in the trial court and, if mailed to the trial court clerk, the date of mailing;

(c) the trial court's name and county, and the name of the judge who tried the case;

(d) the date the trial court imposed or suspended sentence in open court, or the date the judgment or order appealed from was signed;

(e) the date of filing any motion for new trial, motion in arrest of judgment, or any other filing that affects the time for perfecting the appeal;

(f) the offense charged and the date of the offense;

(g) the defendant's plea;

(h) whether the trial was jury or nonjury;

(i) the punishment assessed;

(j) whether the appeal is from a pretrial order;

(k) whether the appeal involves the validity of a statute, ordinance, or rule;

(l) whether a reporter's record has been or will be requested, and whether the trial was electronically recorded;

(m) the name of the court reporter;

(n) (1) the dates of filing of any motion and affidavit of indigence;

(2) the date of any hearing;

(3) the date of any order; and

(4) whether the motion was granted or denied; and

(o) any other information the appellate court requires.

## 32.3. Supplemental Statements

Any party may file a statement supplementing or correcting the docketing statement.

## 32.4. Purpose of Statement

The docketing statement is for administrative purposes and does not affect the appellate court's jurisdiction.

### Notes and Comments

Comment to 1997 change: The rule is new.

## Rule 33. Preservation of Appellate Complaints

## 33.1. Preservation; How Shown

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

(b) *Ruling by Operation of Law.* In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court.

(c) *Formal Exception and Separate Order Not Required.* Neither a formal exception to a trial court ruling or order nor a signed, separate order is required to preserve a complaint for appeal.

(d) *Sufficiency of Evidence Complaints in Nonjury Cases.* In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence - including a complaint that the damages found by the court are excessive or inadequate, as distinguished from a complaint that the trial court erred in refusing to amend a fact finding or to make an additional finding of fact - may be made for the first time on appeal in the complaining party's brief.

## 33.2. Formal Bills of Exception

To complain on appeal about a matter that would not otherwise appear in the record, a party must file a formal bill of exception.

(a) *Form.* No particular form of words is required in a bill of exception. But the

objection to the court's ruling or action, and the ruling complained of, must be stated with sufficient specificity to make the trial court aware of the complaint.

(b) *Evidence*. When the appellate record contains the evidence needed to explain a bill of exception, the bill itself need not repeat the evidence, and a party may attach and incorporate a transcription of the evidence certified by the court reporter.

(c) *Procedure*.

(1) The complaining party must first present a formal bill of exception to the trial court.

(2) If the parties agree on the contents of the bill of exception, the judge must sign the bill and file it with the trial court clerk. If the parties do not agree on the contents of the bill, the trial judge must — after notice and hearing — do one of the following things:

(A) sign the bill of exception and file it with the trial court clerk if the judge finds that it is correct;

(B) suggest to the complaining party those corrections to the bill that the judge believes are necessary to make it accurately reflect the proceedings in the trial court, and if the party agrees to the corrections, have the corrections made, sign the bill, and file it with the trial court clerk; or

(C) if the complaining party will not agree to the corrections suggested by the judge, return the bill to the complaining party with the judge's refusal written on it, and prepare, sign, and file with the trial court clerk such bill as will, in the judge's opinion, accurately reflect the proceedings in the trial court.

(3) If the complaining party is dissatisfied with the bill of exception filed by the judge under (2)(C), the party may file with the trial court clerk the bill that was rejected by the judge. That party must also file the affidavits of at least three people who observed the matter to which the bill of exception is addressed. The affidavits must attest to the correctness of the bill as presented by the party. The matters contained in that bill of exception may be controverted and maintained by additional affidavits filed by any party within ten days after the filing of that bill. The truth of the bill of exception will be determined by the appellate court.

(d) *Conflict*. If a formal bill of exception conflicts with the reporter's record, the bill controls.

(e) *Time to file*.

(1) Civil Cases. In a civil case, a formal bill of exception must be filed no later than 30 days after the filing party's notice of appeal is filed.

(2) Criminal Cases. In a criminal case, a formal bill of exception must be filed:

(A) no later than 60 days after the trial court pronounces or suspends sentence in open court; or

(B) if a motion for new trial has been timely filed, no later than 90 days after the trial court pronounces or suspends sentence in open court.

(3) Extension of Time. The appellate court may extend the time to file a formal bill of exception if, within 15 days after the deadline for filing the bill, the party files in the appellate court a motion complying with Rule 10.5(b).

(f) *Inclusion in Clerk's Record*. When filed, a formal bill of exception should be included in the appellate record.

### Notes and Comments

Comment to 1997 change: This is former Rule 52. Subdivision 33.1 is rewritten. Former Rule 52(b), regarding offers of proof, is omitted as unnecessary. *See* TEX. R. CIV. EVID. 103; TEX. R. CRIM. EVID. 103. Subdivision 33.2 is also rewritten and the procedure is more definitely stated. Former Rule 52(d), regarding motions for new trial, is omitted as unnecessary. *See* TEX. R. CIV. P. 324(a) & (b).

Comment to 2002 change: The last sentence of former Rule 52(d) of the Rules of Appellate Procedure has been reinstated in substance.

## Rule 34. Appellate Record

### 34.1. Contents

The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Even if more than one notice of appeal is filed, there should be only one appellate record in a case.

### 34.2. Agreed Record

By written stipulation filed with the trial court clerk, the parties may agree on the contents of the appellate record. An agreed record will be presumed to contain all evidence and filings relevant to the appeal. To request matter to be included in the agreed record, the parties must comply with the procedures in Rules 34.5 and 34.6.

### 34.3. Agreed Statement of the Case

In lieu of a reporter's record, the parties may agree on a brief statement of the case. The statement must be filed with the trial court clerk and included in the appellate record.

### 34.4. Form.

The Supreme Court and Court of Criminal Appeals will prescribe the form of the appellate record.

### 34.5. Clerk's Record

(a) *Contents*. Unless the parties designate the filings in the appellate record by agreement under Rule 34.2, the record must include copies of the following:

    (1) in civil cases, all pleadings on which the trial was held;

    (2) in criminal cases, the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea;

    (3) the court's docket sheet;

    (4) the court's charge and the jury's verdict, or the court's findings of fact and conclusions of law;

    (5) the court's judgment or other order that is being appealed;

    (6) any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion;

    (7) the notice of appeal;

    (8) any formal bill of exception;

    (9) any request for a reporter's record, including any statement of points or issues under Rule 34.6(c);

    (10) any request for preparation of the clerk's record;

    (11) in civil cases, a certified bill of costs, including the cost of preparing the clerk's record, showing credits for payments made;

    (12) in criminal cases, the trial court's certification of the defendant's right of appeal under Rule 25.2; and

    (13) subject to (b), any filing that a party designates to have included in the record.

(b) *Request for Additional Items*.

    (1) Time for Request. At any time before the clerk's record is prepared, any party may file with the trial court clerk a written designation specifying items to be included in the record.

    (2) Request Must be Specific. A party requesting that an item be included in the clerk's record must specifically describe the item so that the clerk can readily identify it. The clerk will disregard a general designation, such as one for "all papers filed in the case."

    (3) Requesting Unnecessary Items. In a civil

case, if a party requests that more items than necessary be included in the clerk's record or any supplement, the appellate court may — regardless of the appeal's outcome — require that party to pay the costs for the preparation of the unnecessary portion.

(4) Failure to Timely Request. An appellate court must not refuse to file the clerk's record or a supplemental clerk's record because of a failure to timely request items to be included in the clerk's record.

(c) *Supplementation*.

(1) If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.

(2) If the appellate court in a criminal case orders the trial court to prepare and file findings of fact and conclusions of law as required by law, or certification of the defendant's right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record containing those findings and conclusions.

(3) Any supplemental clerk's record will be part of the appellate record.

(d) *Defects or Inaccuracies*. If the clerk's record is defective or inaccurate, the appellate clerk must inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction.

(e) *Clerk's Record Lost or Destroyed*. If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must — on any party's motion or at the appellate court's request — determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

(f) *Original Documents*. If the trial court determines that original documents filed with the trial court clerk should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those original documents. The order must list the original documents and briefly describe them. All the documents must be arranged in their listed sequence and bound firmly together. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it any original document.

(g) *Additional Copies of Clerk's Record in Criminal Cases*. In a criminal case, the clerk's record must be made in duplicate, and in a case in which the death penalty was assessed, in triplicate. The trial court clerk must retain the copy or copies for the parties to use with the court's permission.

(h) *Clerk May Consult With Parties*. The clerk may consult with the parties concerning the contents of the clerk's record.

## 34.6. Reporter's Record

(a) *Contents*.

(1) Stenographic Recording. If the proceedings were stenographically recorded, the reporter's record consists of the court reporter's transcription of so much of the proceedings, and any of the exhibits, that the parties to the appeal designate.

(2) Electronic Recording. If the proceedings were electronically recorded, the reporter's record consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2.

(b) *Request for preparation*.

(1) Request to Court Reporter. At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's

record. The request must designate the exhibits to be included. A request to the court reporter — but not the court recorder — must also designate the portions of the proceedings to be included.

(2) Filing. The appellant must file a copy of the request with the trial court clerk.

(3) Failure to Timely Request. An appellate court must not refuse to file a reporter's record or a supplemental reporter's record because of a failure to timely request it.

(c) *Partial Reporter's Record.*

(1) Effect on Appellate Points or Issues. If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

(2) Other Parties May Designate Additions. Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record.

(3) Costs; Requesting Unnecessary Matter. Additions requested by another party must be included in the reporter's record at the appellant's cost. But if the trial court finds that all or part of the designated additions are unnecessary to the appeal, the trial court may order the other party to pay the costs for the preparation of the unnecessary additions. This paragraph does not affect the appellate court's power to tax costs differently.

(4) Presumptions. The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.

(5) Criminal Cases. In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment.

(d) *Supplementation.* If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record.

(e) *Inaccuracies in the Reporter's Record.*

(1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must – after notice and hearing – settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

(f) *Reporter's Record Lost or Destroyed.* An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or – if the proceedings were electronically recorded – a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

(g) *Original Exhibits.*

(1) Reporter May Use in Preparing Reporter's Record. At the court reporter's request, the trial court clerk must give all original exhibits to the reporter for use in preparing the reporter's record. Unless ordered to include original exhibits in the reporter's record, the court reporter must return the original exhibits to the clerk after copying them for inclusion in the reporter's record. If someone other than the trial court clerk possesses an original exhibit, either the trial court or the appellate court may order that person to deliver the exhibit to the trial court clerk.

(2) Use of Original Exhibits by Appellate Court. If the trial court determines that original exhibits should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those exhibits. The order must list the exhibits and briefly describe them. To the extent practicable, all the exhibits must be arranged in their listed order and bound firmly together before being sent to the appellate clerk. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it

any original exhibit.

(h) *Additional Copies of Reporter's Record in Criminal Cases*. In a criminal case in which a party requests a reporter's record, the court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk. In a case where the death penalty was assessed, the court reporter must prepare two duplicates of the reporter's record.

(i) *Supreme Court and Court of Criminal Appeals May Set Fee*. From time to time, the Supreme Court and the Court of Criminal Appeals may set the fee that the court reporters may charge for preparing the reporter's record.

**Notes and Comments**

Comment to 1997 change: Former Rules 50, 51 and 53 are merged. *Clerk's record* is substituted for *transcript*, and *reporter's record* is substituted for *statement of facts* throughout the rules. In subdivision 34.2, the requisites of an agreed record are more clearly stated. Former Rule 50(d), regarding the burden to file a complete record, is repealed. Subdivision 34.4 is from former Rules 51(c) and 53(h). Former Rule 50(f), regarding a violation of the rules, is repealed. Subparagraph 34.5(b)(3) allows the appellate court to tax costs against a party for requiring unnecessary items to be included in the clerk's record. Paragraph 34.5(c) is new and provides for supplementation of the clerk's record. The provisions of paragraph 34.5(d) are from former Rule 55(b). The provisions of paragraph 34.5(e) are from former Rule 50(e). Paragraph 34.5(h) specifically allows the clerk to consult with the parties to determine the contents of the clerk's record. Paragraph 34.6(a), defining the reporter's record, is new. Former Rules 53(b) (Other Requests), (d) (Partial Statement), and (e) (Unnecessary Portions) are merged into paragraph 34.6(c). Paragraph 34.6(d) is new. Paragraph 34.6(e) is from former Rule 55. Paragraph 34.6(f) is from former Rule 50(d). The provisions of former Rules 53(f) (Certification by Court Reporter) and (h) (Form) are moved to the Order of the Supreme Court and the Court of Criminal Appeals on the preparation of the record. Former Rule 53(I) (Narrative Statement) is repealed. The provisions of former Rule 53(j) (Free Statement of Facts) are moved to Rule 20. Former Rule 53(k) (Duty of Appellant to File) is repealed; it is now the duty of the court reporter to file the reporter's record. Paragraph 34.6(g) is from former Rule 51(d). Former Rule 53(g) is now paragraph 34.6(I). Former

Rule 53(l) is now paragraph 34.6(h). The need for two duplicate records in a death penalty case was created by the habeas corpus provision in Code of Criminal Procedure article 11.071.

Comment to 2002 change: Rule 34.5(a) is amended to require that the record in a criminal case include the certification of defendant's right of appeal; see Rule 25.2(d). Rule 34.5(c) is amended to make clear that an appellate court may order the trial court to make such a certification for inclusion in a supplemental clerk's record. Subparagraphs 34.6(e) and (f) are amended to clarify the application to exhibits. The language in subparagraph (e)(2) referring to the text of the record is simplified without substantive change. Subparagraph (e)(3) incorporates the procedures specified in (e)(2). The language in subparagraph (f) is clarified to require agreement only as to the portion of the text at issue, and to provide that the trial court may determine that a copy of an exhibit should be used even if the parties cannot agree.

## Rule 35. Time to File Record; Responsibility for Filing Record

### 35.1. Civil Cases

The appellate record must be filed in the appellate court within 60 days after the judgment is signed, except as follows:

(a) if Rule 26.1(a) applies, within 120 days after the judgment is signed;

(b) if Rule 26.1(b) applies, within 10 days after the notice of appeal is filed; or

(c) if Rule 26.1(c) applies, within 30 days after the notice of appeal is filed.

### 35.2. Criminal Cases

The appellate record must be filed in the appellate court:

(a) if a motion for new trial is not filed, within 60 days after the date the sentence is imposed or suspended in open court or the order appealed from is signed;

(b) if a timely motion for new trial is filed and denied, within 120 days after the date the sentence is imposed or suspended in open court; or

(c) if a motion for new trial is granted, within 60 days after the order granting the motion is signed.

### 35.3. Responsibility for Filing Record

(a) *Clerk's Record*. The trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record if:

(1) a notice of appeal has been filed, and in criminal proceedings, the trial court has certified the defendant's right of appeal, as required by Rule 25.2(d); and

(2) the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee.

(b) *Reporter's Record*. The official or deputy reporter is responsible for preparing, certifying, and timely filing the reporter's record if:

(1) a notice of appeal has been filed;

(2) the appellant has requested that the reporter's record be prepared; and

(3) the party responsible for paying for the preparation of the reporter's record has paid the reporter's fee, or has made satisfactory arrangements with the reporter to pay the fee, or is entitled to appeal without paying the fee.

(c) *Courts to Ensure Record Timely Filed*. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. The appellate court may extend the deadline to file the record if requested by the clerk or reporter. Each extension must not exceed 30 days in an ordinary or restricted appeal, or 10 days in an accelerated appeal. The appellate court must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault. The appellate court may enter any order necessary to ensure the timely filing of the appellate record.

Comment to 1997 change: This is former Rule 54. In subdivision 35.1, the time to file the record in civil cases is based on the date the judgment is signed except in accelerated and restricted appeals, in which the time to file the record is based on the date the notice of appeal is filed. Subdivision 35.3 is new and makes it the responsibility of the trial court clerk and court reporter to file the record. Former Rule 54(c), providing for an extension of time to file the record, is repealed as unnecessary. The trial court clerk and court reporter should make arrangements with the court of appeals if additional time is required to file the record, as suggested in Rule 37.3.

### Rule 36. Agency Record in Administrative Appeals

### 36.1. Scope

This rule applies only to cases involving judicial review of state agency decisions in contested cases under the Administrative Procedure Act.

### 36.2. Inclusion in Appellate Record

The record of an agency proceeding filed in the trial court may be included in either the clerk's record or the reporter's record.

### 36.3. Correcting the Record

(a) *Correction by Agreement*. At any stage of the proceeding, the parties may agree to correct an agency record filed under Section 2001.175(b) of the Government Code to ensure that the agency record accurately reflects the contested case proceedings before the agency. The court reporter need not recertify the agency record.

(b) *Correction by Trial Court*. If the parties cannot agree to a correction to the agency record, the appellate court must — on any party's motion or its own incentive — send the question to the trial court. After notice and hearing, the trial court must determine what constitutes an accurate copy of the agency record and order the agency to send an accurate copy to the clerk of the court in which the case is pending.

### Notes and Comments

Comment to 1997 change: The rule is new.

### Rule 37. Duties of the Appellate Clerk on Receiving the Notice of Appeal and Record

### 37.1. On Receiving the Notice of Appeal

If the appellate clerk determines that the notice of appeal or certification of defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied, if possible. If a proper notice of appeal or certification of a criminal defendant's right of appeal is not filed in the trial court within 30 days of the date of the clerk's notice, the clerk must refer the matter to the appellate court, which will make an appropriate order under this rule or Rule 34.5(c)(2).

### 37.2. On Receiving the Record

On receiving the clerk's record or the reporter's record, the appellate clerk must determine whether each complies with the Supreme Court's and Court of Criminal Appeals' order on preparation of the record. If so, the clerk must endorse on each the date of receipt, file it, and notify the parties of the filing and the date. If not, the clerk must endorse on the clerk's record or reporter's record — whichever is defective — the date of receipt and return it to the official responsible for filing it. The appellate court clerk must specify the defects and instruct the official to correct the defects and return the record to the appellate court by a specified date. In a criminal case, the record must not be posted on the Internet.

### 37.3. If No Record Filed

(a) *Notice of Late Record*.

(1) Civil Cases. If the clerk's record or reporter's record has not been timely filed, the appellate clerk must send notice to the official responsible for filing it, stating that the record is late and requesting that the record be filed within 30 days if an ordinary or restricted appeal, or 10 days if an accelerated appeal. The appellate clerk must send a copy of this notice to the parties and the trial court. If the clerk does not receive the record within the stated period, the clerk must refer the matter to the appellate court. The court must make whatever order is appropriate to avoid further delay and to preserve the parties' rights.

(2) Criminal Cases. If the clerk's record or reporter's record has not been timely filed, the appellate court clerk must refer the matter to the appellate court. The court must make whatever order is appropriate to avoid further delay and to preserve the parties' rights.

(b) *If No Clerk's Record Filed Due to Appellant's Fault*. If the trial court clerk failed to file the clerk's record because the appellant failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may — on a party's motion or its own initiative — dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. The court must give the appellant a reasonable opportunity to cure before dismissal.

(c) *If No Reporter's Record Filed Due to Appellant's Fault.* Under the following circumstances, and if the clerk's record has been filed, the appellate court may — after first giving the appellant notice and a reasonable opportunity to cure — consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:

(1) the appellant failed to request a reporter's record; or

(2) (A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and

(B) the appellant is not entitled to proceed without payment of costs.

**Notes and Comments**

Comment to 1997 change: Former Rules 56 and 57(a) are merged. Subdivisions 37.2 and 37.3 are new.

**Rule 38. Requisites of Briefs**

**38.1. Appellant's Brief**

The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

(a) *Identity of Parties and Counsel*. The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

(b) *Table of Contents*. The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) *Index of Authorities*. The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

(d) *Statement of the Case*. The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

(e) *Any Statement Regarding Oral Argument*. The brief may include a statement explaining why oral argument should or should not be permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

(f) *Issues Presented*. The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

(g) *Statement of Facts*. The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

(h) *Summary of the Argument*. The brief must

contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

(i) *Argument.* The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

(j) *Prayer.* The brief must contain a short conclusion that clearly states the nature of the relief sought.

(k) *Appendix in Civil Cases.*

(1) Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of:

(A) the trial court's judgment or other appealable order from which relief is sought;

(B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

(C) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

(2) Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

## 38.2. Appellee's Brief

(a) *Form of Brief.*

(1) An appellee's brief must conform to the requirements of Rule 38.1, except that:

(A) the list of parties and counsel is not

required unless necessary to supplement or correct the appellant's list;

(B) the appellee's brief need not include a statement of the case, a statement of the issues presented, or a statement of facts, unless the appellee is dissatisfied with that portion of the appellant's brief; and

(C) the appendix to the appellee's brief need not contain any item already contained in an appendix filed by the appellant.

(2) When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points.

(b) *Cross-Points.*

(1) Judgment Notwithstanding the Verdict. When the trial court renders judgment notwithstanding the verdict on one or more questions, the appellee must bring forward by cross-point any issue or point that would have vitiated the verdict or that would have prevented an affirmance of the judgment if the trial court had rendered judgment on the verdict. Failure to bring forward by cross-point an issue or point that would vitiate the verdict or prevent an affirmance of the judgment waives that complaint. Included in this requirement is a point that:

(A) the verdict or one or more jury findings have insufficient evidentiary support or are against the overwhelming preponderance of the evidence as a matter of fact; or

(B) the verdict should be set aside because of improper argument of counsel.

(2) When Evidentiary Hearing Needed. The appellate court must remand a case to the trial court to take evidence if:

(A) the appellate court has sustained a point raised by the appellant; and

(B) the appellee raised a cross-point that requires the taking of additional evidence.

## 38.3. Reply Brief

The appellant may file a reply brief addressing any matter in the appellee's brief. However, the appellate court may consider and decide the case before a reply brief is filed.

## 38.4. *Deleted*

## 38.5. Appendix for Cases Recorded Electronically

In cases where the proceedings were electronically recorded, the following rules apply:

(a) *Appendix*.

    (1) In General. At or before the time a party's brief is due, the party must file one copy of an appendix containing a transcription of all portions of the recording that the party considers relevant to the appellate issues or points. Unless another party objects, the transcription will be presumed accurate.

    (2) Repetition Not Required. A party's appendix need not repeat evidence included in any previously filed appendix.

    (3) Form. The form of the appendix and transcription must conform to any specifications of the Supreme Court and Court of Criminal Appeals concerning the form of the reporter's record except that it need not have the reporter's certificate.

    (4) Notice. At the time the appendix is filed, the party must give written notice of the filing to all parties to the trial court's judgment or order. The notice must specify, by referring to the index numbers in the court recorder's logs, those parts of the recording that are included in the appendix. The filing party need not serve a copy of the appendix but must make a copy available to all parties for inspection and copying.

(b) *Presumptions*. The same presumptions that apply to a partial reporter's record under Rule

34.6(c)(4) apply to the parties' appendixes. The appellate court need not review any part of the electronic recording.

(c) *Supplemental Appendix*. The appellate court may direct or allow a party to file a supplemental appendix containing a transcription of additional portions of the recording.

(d) *Inability to Pay*. A party who cannot pay the cost of an appendix must file the affidavit provided for by Rule 20. The party must also state in the affidavit or a supplemental affidavit that the party has neither the access to the equipment necessary nor the skill necessary to prepare the appendix. If a contest to the affidavit is not sustained by written order, the court recorder must transcribe or have transcribed those portions of the recording that the party designates and must file the transcription as that party's appendix, along with all exhibits.

(e) *Inaccuracies*.

    (1) Correction by Agreement. The parties may agree to correct an inaccuracy in the transcription of the recording.

    (2) Correction by Appellate or Trial Court. If the parties dispute whether an electronic recording or transcription accurately discloses what occurred in the trial court but cannot agree on corrections, the appellate court may:

        (A) settle the dispute by reviewing the recording; or

        (B) submit the dispute to the trial court, which must — after notice and hearing — settle the dispute and ensure that the recording or transcription is made to conform to what occurred in the trial court.

(f) *Costs*. The actual expense of preparing the appendixes or the amount prescribed for official reporters, whichever is less, is taxed as costs. The appellate court may disallow the cost of any portion of the appendixes that it considers surplusage or that does not conform to any specifications prescribed by the Supreme Court or Court of Criminal Appeals.

## 38.6. Time to File Briefs

(a) *Appellant's Filing Date*. Except in a habeas corpus or bail appeal, which is governed by Rule 31, an appellant must file a brief within 30 days — 20 days in an accelerated appeal — after the later of:

    (1) the date the clerk's record was filed; or

    (2) the date the reporter's record was filed.

(b) *Appellee's Filing Date*. The appellee's brief must be filed within 30 days — 20 days in an accelerated appeal — after the date the appellant's brief was filed. In a civil case, if the appellant has not filed a brief as provided in this rule, an appellee may file a brief within 30 days — 20 days in an accelerated appeal — after the date the appellant's brief was due.

(c) *Filing Date for Reply Brief*. A reply brief, if any, must be filed within 20 days after the date the appellee's brief was filed.

(d) *Modifications of Filing Time*. On motion complying with Rule 10.5(b), the appellate court may extend the time for filing a brief and may postpone submission of the case. A motion to extend the time to file a brief may be filed before or after the date a brief is due. The court may also, in the interests of justice, shorten the time for filing briefs and for submission of the case.

## 38.7. Amendment or Supplementation

A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.

## 38.8. Failure of Appellant to File Brief

(a) *Civil Cases*. If an appellant fails to timely file a brief, the appellate court may:

    (1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief;

    (2) decline to dismiss the appeal and give further direction to the case as it considers proper; or

    (3) if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.

(b) *Criminal Cases*.

    (1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

    (2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

    (3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record — including any order and findings — must be sent to the appellate court.

    (4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

## 38.9. Briefing Rules to be Construed Liberally

Because briefs are meant to acquaint the court

with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to the following.

(a) *Formal Defects*. If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief.

(b) *Substantive Defects.* If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

### Notes and Comments

Comment to 1997 change: This is former Rule 74. The rule is substantially rewritten. Paragraph 38.1(e) now specifically allows a party to either present issues or points of error. Paragraphs 38.1(f) and (g) are new and require a brief to include a statement of facts and summary of the argument. Paragraph 38.2(b) is new and gives specific requirements for cross-points. *See also* TEX. R. CIV. P. 324(c). Subdivision 38.3 is new and provides for a reply brief. Subdivision 38.4 imposes a total brief limit of 90 pages on each party. Thus, if more than one party has filed a notice of appeal, there will be multiple appellant's, appellee's, and reply briefs, but each party is limited to a total of 90 pages. Subdivision 38.5 is new and provides for an appendix in cases recorded electronically in the trial court. Paragraph 38.6(b) now provides that the appellee has 30 — rather than 25 — days to file a brief. The provisions of former Rules 74(I) (Number of Copies), (j) (Briefs Typewritten or Printed), and (q) (Service of Briefs) are omitted as unnecessary. *See* Rule 9.

Comment to 2002 change: Rule 38.6(d) is amended to clarify that an appellate court may postpone the filing of any brief, not just the appellant's brief.

Comment to 2008 change: A party may choose to include a statement in the brief regarding oral argument. The optional statement does not count toward the briefing page limit.

### Rule 39. Oral Argument; Decision Without Argument

#### 39.1. Right to Oral Argument

A party who has filed a brief and who has timely requested oral argument may argue the case to the court unless the court, after examining the briefs, decides that oral argument is unnecessary for any of the following reasons:

(a) the appeal is frivolous;

(b) the dispositive issue or issues have been authoritatively decided;

(c) the facts and legal arguments are adequately presented in the briefs and record; or

(d) the decisional process would not be significantly aided by oral argument.

#### 39.2. Purpose of Argument

Oral argument should emphasize and clarify the written arguments in the briefs. Counsel should not merely read from prepared text. Counsel should assume that all members of the court have read the briefs before oral argument and counsel should be prepared to respond to questions. A party should not refer to or comment on matters not involved in or pertaining to what is in the record.

#### 39.3. Time Allowed

The court will set the time that will be allowed for argument. Counsel must complete argument in the time allotted and may continue after the expiration of the allotted time only with permission of the court. Counsel is not required to use all the allotted time. The appellant must be allowed to conclude the argument.

#### 39.4. Number of Counsel

Generally, only one counsel should argue for each side. Except on leave of court, no more than two counsel on each side may argue. Only one counsel may argue in rebuttal.

#### 39.5. Argument by Amicus

With leave of court obtained before the argument and with a party's consent, an amicus curiae may share allotted time with that party. Otherwise, counsel for

amicus may not argue.

### 39.6. When Only One Party Files a Brief

If counsel for only one party has filed a brief, the court may allow that party to argue.

### 39.7. Request and Waiver

A party desiring oral argument must note that request on the front cover of the party's brief. A party's failure to request oral argument waives the party's right to argue. But even if a party has waived oral argument, the court may direct the party to appear and argue.

### 39.8. Clerk's Notice

The clerk must send to the parties—at least 21 days before the date the case is set for argument or submission without argument—a notice telling the parties:

    (a) whether the court will allow oral argument or will submit the case without argument;

    (b) the date of argument or submission without argument;

    (c) if argument is allowed, the time allotted for argument; and

    (d) the names of the members of the panel to which the case will be argued or submitted, subject to change by the court.

A party's failure to receive the notice does not prevent a case's argument or submission on the scheduled date.

### Notes and Comments

Comment to 1997 change: This is former Rule 75. Technical and nonsubstantive changes are made.

Comment to 2008 change: Subdivision 39.1 is amended to provide for oral argument unless the court determines it is unnecessary and to set out the reasons why argument may be unnecessary. The appellate court must evaluate these reasons in view of the traditional importance of oral argument. The court need not agree on, and generally should not announce, a specific reason or reasons for declining oral argument.

### Rule 40. Order of Decision

### 40.1. Civil Cases

The court of appeals may determine the order in which civil cases will be decided. But the following types of cases have precedence over all others:

    (a) a case given precedence by law;

    (b) an accelerated appeal; and

    (c) a case that the court determines should be given precedence in the interest of justice.

### 40.2. Criminal Cases

In cases not otherwise given precedence by law, the court of appeals must hear and determine a criminal appeal at the earliest possible time, having due regard for the parties' rights and for the proper administration of justice.

### Reference

*See* Code of Criminal Procedure article 44.01(f).

### Notes and Comments

Comment on 1997 change: The provisions of former Rules 76, 77 and 78 are merged. Civil cases involving the Railroad Commission, the State, and "cases submitted on oral argument for all parties" are no longer given preference unless given preference by law.

### Rule 41. Panel and En Banc Decision

### 41.1. Decision by Panel

    (a) *Constitution of Panel*. Unless a court of appeals with more than three justices votes to decide a case en banc, a case must be assigned for decision to a panel of the court consisting of three justices, although not every member of the panel must be present for argument. If the case is decided without argument, three justices must participate in the decision. A majority of the panel, which constitutes a quorum, must agree on the judgment. Except as otherwise provided in these rules, a panel's opinion constitutes the court's opinion, and the court must render a judgment in accordance with the panel opinion.

(b) *When Panel Cannot Agree on Judgment*. After argument, if for any reason a member of the panel cannot participate in deciding a case, the case may be decided by the two remaining justices. If they cannot agree on a judgment, the chief justice of the court of appeals must:

(1) designate another justice of the court to sit on the panel to consider the case;

(2) request the Chief Justice of the Supreme Court to temporarily assign an eligible justice or judge to sit on the panel to consider the case; or

(3) convene the court en banc to consider the case. The reconstituted panel or the en banc court may order the case reargued.

(c) *When Court Cannot Agree on Judgment*. After argument, if for any reason a member of a court consisting of only three justices cannot participate in deciding a case, the case may be decided by the two remaining justices. If they cannot agree on a judgment, that fact must be certified to the Chief Justice of the Supreme Court. The Chief Justice may then temporarily assign an eligible justice or judge to sit with the court of appeals to consider the case. The reconstituted court may order the case reargued.

## 41.2. Decision by En Banc Court

(a) *Constitution of En Banc Court*. An en banc court consists of all members of the court who are not disqualified or recused and — if the case was originally argued before or decided by a panel — any members of the panel who are not members of the court but remain eligible for assignment to the court. A majority of the en banc court constitute a quorum. A majority of the en banc court must agree on a judgment.

(b) *When En Banc Court Cannot Agree on Judgment*. If a majority of an en banc court cannot agree on a judgment, that fact must be certified to the Chief Justice of the Supreme Court. The Chief Justice may then temporarily assign an eligible justice or judge to sit with the court of appeals to consider the case. The reconstituted court may order the case reargued.

(c) *En Banc Consideration Disfavored*. En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration. A vote to determine whether a case will be heard or reheard en banc need not be taken unless a justice of the court requests a vote. If a vote is requested and a majority of the court's members vote to hear or rehear the case en banc, the en banc court will hear or rehear the case. Otherwise, a panel of the court will consider the case.

## 41.3. Precedent in Transferred Cases

In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent.

### Notes and Comments

Comment to 1997 change: This is former Rule 79. The rule is reorganized. Paragraphs 41.1(b) and (c) are amended to make clear that a three judge panel must hear the case. Therefore, only if a member of a panel is lost after argument do the provisions for appointment of another justice to break a deadlock come into play. Paragraph 41.2(a) is amended to define an en banc court.

Comment to 2008 change: Subdivisions 41.1 and 41.2 are amended to acknowledge the full authority of the Chief Justice of the Supreme Court to temporarily assign a justice or judge to hear a matter pending in an appellate court. The statutory provisions governing the assignment of judges to appellate courts are located in Chapters 74 and 75 of the Government Code. Other minor changes are made for consistency. Subdivision 41.3 is added to require, in appellate cases transferred by the Supreme Court under Section 73.001 of the Government Code for docket equalization or other purposes, that the transferee court must generally resolve any conflict between the precedent of the transferor court and the precedent of the transferee court — or that of any other intermediate appellate court the transferee court otherwise would

have followed — by following the precedent of the transferor court, unless it appears that the transferor court itself would not be bound by that precedent. The rule requires the transferee court to "stand in the shoes" of the transferor court so that an appellate transfer will not produce a different outcome, based on application of substantive law, than would have resulted had the case not been transferred. The transferee court is not expected to follow the transferor court's local rules or otherwise supplant its own local procedures with those of the transferor court.

### Rule 42. Dismissal

#### 42.1. Voluntary Dismissal and Settlement in Civil Cases

(a) *On Motion or by Agreement.* The appellate court may dispose of an appeal as follows:

    (1) On Motion of Appellant. In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled.

    (2) By Agreement. In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may

        (A) render judgment effectuating the parties' agreement;

        (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or

        (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

(b) *Partial Disposition.* A severable portion of the proceeding may be disposed of under (a) if it will not prejudice the remaining parties.

(c) *Effect on Court's Opinion.* In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued. An agreement or motion for dismissal cannot be conditioned on withdrawal of the opinion.

(d) *Costs.* Absent agreement of the parties, the court will tax costs against the appellant.

#### 42.2. Voluntary Dismissal in Criminal Cases

(a) At any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The appellant and his or her attorney must sign the written motion to dismiss and file it in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk.

(b) After the court of appeals hands down its opinion, it may not grant an appellant's motion to dismiss the appeal unless the other parties consent. If the other parties consent and the court of appeals grants the appellant's motion to dismiss the appeal, the appellate opinion must be withdrawn and the appeal dismissed. The appellate clerk must send notice of the dismissal to the trial court clerk.

#### 42.3. Involuntary Dismissal in Civil Cases

Under the following circumstances, on any party's motion — or on its own initiative after giving ten days' notice to all parties — the appellate court may dismiss the appeal or affirm the appealed judgment or order. Dismissal or affirmance may occur if the appeal is subject to dismissal:

(a) for want of jurisdiction;

(b) for want of prosecution; or

(c) because the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.

#### 42.4. Involuntary Dismissal in Criminal Cases

The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state.

(a) *Timely Return to Custody; Reinstatement.* The appeal may not be dismissed — or, if

dismissed, must be reinstated — if an affidavit of an officer or other credible person is filed showing that the appellant, within ten days after escaping, voluntarily returned to lawful custody within the state.

(b) *Life Sentence*. The appellate court may overrule the motion to dismiss — or, if the motion was granted, may reinstate the appeal — if:

(1) the appellant received a life sentence; and

(2) the appellant is recaptured or voluntarily surrenders within 30 days after escaping.

### Notes and Comments

Comment to 1997 change: Former Rules 59 and 60 are merged. Paragraph 42.1(c), allowing a court of appeals to withdraw its opinion, is new. Provision is made in paragraph 42.3(c) for dismissal of an appeal for failure to comply with a notice from the clerk. Other changes are made.

Comment to 2002 change: Rule 42.1 is amended to clarify the procedures for implementing settlements on appeal and to expressly give courts flexibility in effectuating settlements. The rule is also clarified to expressly permit the dismissal of an appeal without dismissal of the action itself. The rule does not permit an appellate court to order a new trial merely on the agreement of the parties absent reversible error, or to vacate a trial court's judgment absent reversible error or a settlement.

### Rule 43. Judgment of the Court of Appeals

#### 43.1. Time

The court of appeals should render its judgment promptly after submission of a case.

#### 43.2. Types of Judgment

The court of appeals may:

(a) affirm the trial court's judgment in whole or in part;

(b) modify the trial court's judgment and affirm it as modified;

(c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;

(d) reverse the trial court's judgment and remand the case for further proceedings;

(e) vacate the trial court's judgment and dismiss the case; or

(f) dismiss the appeal.

#### 43.3. Rendition Appropriate Unless Remand Necessary

When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when:

(a) a remand is necessary for further proceedings; or

(b) the interests of justice require a remand for another trial.

#### 43.4. Judgment for Costs in Civil Cases

The court of appeals' judgment should award to the prevailing party costs incurred by that party related to the appeal, including filing fees in the court of appeals and costs for preparation of the record. The court of appeals may tax costs otherwise as required by law or for good cause. But the judgment must not require the payment of costs by a party who was entitled to proceed without payment of costs under Rule 20.1, and a provision in the judgment purporting to do so is void.

#### 43.5. Judgment Against Sureties in Civil Cases

When a court of appeals affirms the trial court judgment, or modifies that judgment and renders judgment against the appellant, the court of appeals must render judgment against the sureties on the appellant's supersedeas bond, if any, for the performance of the judgment and for any costs taxed against the appellant.

#### 43.6. Other Orders

The court of appeals may make any other appropriate order that the law and the nature of the case require.

### Notes and Comments

Comment to 1997 changes: Former Rules 80(a) -
(c) and 82 are merged. Paragraph 43.2(e) allows the
court of appeals to vacate the trial court's judgment
and dismiss the case; paragraph 43.2(f) allows the
court of appeals to dismiss the appeal. Both provisions
are new but codify current practice. Paragraph 43.3(a)
is moved here from former Rule 81(c).   Paragraph
43.3(b), allowing a remand in the interest of justice, is
new. Subdivisions 43.4 and 43.5 are from former Rule
82.

### Rule 44. Reversible Error

## 44.1.  Reversible Error in Civil Cases

(a) *Standard for Reversible Error*. No judgment
may be reversed on appeal on the ground that
the trial court made an error of law unless the
court of appeals concludes that the error
complained of:

(1) probably caused the rendition of an
improper judgment; or

(2) probably prevented the appellant from
properly presenting the case to the court
of appeals.

(b) *Error Affecting Only Part of Case*. If the error
affects part of, but not all, the matter in
controversy and that part is separable without
unfairness to the parties, the judgment must
be reversed and a new trial ordered only as to
the part affected by the error. The court may
not order a separate trial solely on
unliquidated damages if liability is contested.

## 44.2.  Reversible Error in Criminal Cases

(a) *Constitutional Error*. If the appellate record
in a criminal case reveals constitutional error
that is subject to harmless error review, the
court of appeals must reverse a judgment of
conviction or punishment unless the court
determines beyond a reasonable doubt that
the error did not contribute to the conviction
or punishment.

(b) *Other Errors*.   Any other error, defect,
irregularity, or variance that does not affect
substantial rights must be disregarded.

(c) *Presumptions*. Unless the following matters
were disputed in the trial court, or unless the
record affirmatively shows the contrary, the

court of appeals must presume:

(1) that venue was proved in the trial court;

(2) that the jury was properly impaneled
and sworn;

(3) that the defendant was arraigned;

(4) that the defendant pleaded to the
indictment or other charging instrument;
and

(5) that the court's charge was certified by
the trial court and filed by the clerk
before it was read to the jury.

## 44.3.  Defects in Procedure

A court of appeals must not affirm or reverse a
judgment or dismiss an appeal for formal defects or
irregularities in appellate procedure without allowing
a reasonable time to correct or amend the defects or
irregularities.

## 44.4.  Remediable Error of the Trial Court

(a) *Generally*. A court of appeals must not affirm
or reverse a judgment or dismiss an appeal if:

(1) the trial court's erroneous action or
failure or refusal to act prevents the
proper presentation of a case to the court
of appeals; and

(2) the trial court can correct its action or
failure to act.

(b) *Court of Appeals Direction if Error
Remediable*. If the circumstances described
in (a) exist, the court of appeals must direct
the trial court to correct the error. The court
of appeals will then proceed as if the
erroneous action or failure to act had not
occurred.

### Notes and Comments

Comment to 1997 change: Former Rules 80(d), 81
and 83 are merged. The reversible error standard in
subdivision 44.1 is amended to omit the reference to
an action "reasonably calculated to cause" an improper
judgment, but no substantive change is intended.
Paragraph 44.2(a) is amended to limit its standard of
review to constitutional errors that are subject to
harmless error review.  Paragraph 44.2(b) is new and

is taken from Federal Rule of Criminal Procedure 52(a) without substantive change. Paragraph 44.2(c) is former Rule 80(d) without substantive change. Subdivision 44.3 is amended to delete the reference to defects of "substance" and to delete the provisions regarding the late filing of the record.

## Rule 45. Damages for Frivolous Appeals in Civil Cases

If the court of appeals determines that an appeal is frivolous, it may — on motion of any party or on its own initiative, after notice and a reasonable opportunity for response — award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

### Notes and Comments

Comment to 1997 change: This is former Rule 84. The limit on the amount of the sanction that may be imposed is repealed. A requirement of notice and opportunity to respond is added.

### Rule 46. Remittitur in Civil Cases

#### 46.1. Remittitur After Appeal Perfected

If the trial court suggests a remittitur but the case is appealed before the remittitur is filed, the party who would make the remittitur may do so in the court of appeals in the same manner as in the trial court. The court of appeals must then render the judgment that the trial court should have rendered if the remittitur had been made in the trial court.

#### 46.2. Appeal on Remittitur

If a party makes the remittitur at the trial judge's suggestion and the party benefitting from the remittitur appeals, the remitting party is not barred from contending in the court of appeals that all or part of the remittitur should not have been required, but the remitting party must perfect an appeal to raise that point. If the court of appeals sustains the remitting party's contention that remittitur should not have been required, the court must render the judgment that the trial court should have rendered.

#### 46.3. Suggestion of Remittitur by Court of Appeals

The court of appeals may suggest a remittitur. If the remittitur is timely filed, the court must reform and affirm the trial court's judgment in accordance with the remittitur. If the remittitur is not timely filed, the court must reverse the trial court's judgment.

#### 46.4. Refusal to Remit Must Not Be Mentioned in Later Trial

If the court of appeals suggests a remittitur but no remittitur is filed, evidence of the court's determination regarding remittitur is inadmissible in a later trial of the case.

#### 46.5. Voluntary Remittitur

If a court of appeals reverses the trial court's judgment because of a legal error that affects only part of the damages awarded by the judgment, the affected party may - within 15 days after the court of appeals' judgment - voluntarily remit the amount that the affected party believes will cure the reversible error. A party may include in a motion for rehearing - without waiving any complaint that the court of appeals erred - a conditional request that the court accept the remittitur and affirm the trial court's judgment as reduced. If the court of appeals determines that the voluntary remittitur is not sufficient to cure the reversible error, but that remittitur is appropriate, the court must suggest a remittitur in accordance with Rule 46.3. If the remittitur is timely filed and the court of appeals determines that the voluntary remittitur cures the reversible error, the court must accept the remittitur and reform and affirm the trial court judgment in accordance with the remittitur.

### Notes and Comments

Comment to 1997 change: This is former Rule 85. The rule is revised without substantive change.

Comment to 2002 change: Subdivision 46.5 is amended to clarify the procedure for offering a voluntary remittitur. The offer may be made in a motion for rehearing without waiving any complaint that the court of appeals erred, thereby extending the deadlines for further appeal.

### Rule 47. Opinions, Publication, and Citation

#### 47.1. Written Opinions

The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of

the appeal.

## 47.2. Designation and Signing of Opinions; Participating Justices

(a) *Civil and Criminal Cases.* Each opinion of the court must be designated either an "Opinion" or a "Memorandum Opinion." A majority of the justices who participate in considering the case must determine whether the opinion will be signed by a justice or will be per curiam and whether it will be designated an opinion or memorandum opinion. The names of the participating justices must be noted on all written opinions or orders of the court or a panel of the court.

(b) *Criminal Cases.* In addition, each opinion and memorandum opinion in a criminal case must bear the notation "publish" or "do not publish" as determined — before the opinion is handed down — by a majority of the justices who participate in considering the case. Any party may move the appellate court to change the notation, but the court of appeals must not change the notation after the Court of Criminal Appeals has acted on any party's petition for discretionary review or other request for relief. The Court of Criminal Appeals may, at any time, order that a "do not publish" notation be changed to "publish."

(c) *Civil Cases.* Opinions and memorandum opinions in civil cases issued on or after January 1, 2003 shall not be designated "do not publish."

## 47.3. Distribution of Opinions

All opinions of the courts of appeals are open to the public and must be made available to public reporting services, print or electronic.

## 47.4. Memorandum Opinions

If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it. An opinion may not be designated a memorandum opinion if the author of a concurrence or dissent opposes that designation. An opinion must be designated a memorandum opinion unless it does any of the following:

(a) establishes a new rule of law, alters or

modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases;

(b) involves issues of constitutional law or other legal issues important to the jurisprudence of Texas;

(c) criticizes existing law; or

(d) resolves an apparent conflict of authority.

## 47.5. Concurring and Dissenting Opinions

Only a justice who participated in the decision of a case may file or join in an opinion concurring in or dissenting from the judgment of the court of appeals. Any justice on the court may file an opinion in connection with a denial of a hearing or rehearing en banc.

## 47.6. Change in Designation by En Banc Court

A court en banc may change a panel's designation of an opinion.

## 47.7. Citation of Unpublished Opinions

(a) *Criminal Cases.* Opinions and memorandum opinions not designated for publication by the court of appeals under these or prior rules have no precedential value but may be cited with the notation, "(not designated for publication)."

(b) *Civil Cases.* Opinions and memorandum opinions designated "do not publish" under these rules by the courts of appeals prior to January 1, 2003 have no precedential value but may be cited with the notation, "(not designated for publication)." If an opinion or memorandum opinion issued on or after that date is erroneously designated "do not publish," the erroneous designation will not affect the precedential value of the decision.

### Notes and Comments

Comment to 1997 change: This is former Rule 90. Subdivision 47.1 makes clear that a memorandum opinion should not be any longer than necessary. Subdivision 47.5 is amended to make clear that only justices who participated in the decision may file an opinion in the case. Judges who are not on a panel may file an opinion only in respect to a hearing or rehearing en banc. Former Rule 90(h), regarding

publication of opinions after the Supreme Court grants review, is repealed.

Comment to 2002 change: The rule is substantively changed to discontinue the use of the "do not publish" designation in civil cases, to require that all opinions of the court of appeals be made available to public reporting services, and to remove prospectively any prohibition against the citation of opinions as authority in civil cases. The rule favors the use of "memorandum opinions" designated as such except in certain types of cases but does not change other requirements, such as those in *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635-636 (Tex. 1986). An opinion previously designated "do not publish" has no precedential value but may be cited. The citation must include the notation, "(not designated for publication)." Of course, whenever an opinion not readily available is cited, copies should be furnished to the court and opposing counsel.

Comment to 2008 change: Effective January 1, 2003, Rule 47 was amended to prospectively discontinue designating opinions in civil cases as either "published" or "unpublished." Subdivision 47.7 is revised to clarify that, with respect to civil cases, only opinions issued prior to the 2003 amendment and affirmatively designated "do not publish" should be considered "unpublished" cases lacking precedential value. All opinions and memorandum opinions in civil cases issued after the 2003 amendment have precedential value. The provisions governing citation of unpublished opinions in criminal cases are substantively unchanged. Subdivisions 47.2 and 47.7 are amended to clarify that memorandum opinions are subject to those rules.

## Rule 48. Copy of Opinion and Judgment to Interested Parties and Other Courts

### 48.1. Recipients of Opinion and Judgment in All Cases

On the date when an appellate court's opinion is handed down, the appellate clerk must send or deliver copies of the opinion and judgment to the following persons:

(a) the trial judge;

(b) the trial court clerk;

(c) the regional administrative judge; and

(d) all parties to the appeal.

### 48.2. Additional Recipients in Criminal Cases

In criminal cases, copies of the opinion and judgment will also be mailed or delivered to the State Prosecuting Attorney.

### 48.3. Filing Opinion and Judgment

The trial court clerk must file a copy of the opinion and judgment among the papers of the case in that court.

### 48.4. Opinion Sent to Criminal Defendant

In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

#### Notes and Comments

Comment to 1997 change: This is former Rule 91 with changes.

## Rule 49. Motion for Rehearing and En Banc Reconsideration

### 49.1. Motion for Rehearing

A motion for rehearing may be filed within 15 days after the court of appeals' judgment or order is rendered. The motion must clearly state the points relied on for the rehearing.

### 49.2. Response

No response to a motion for rehearing need be filed unless the court so requests. A motion will not be granted unless a response has been filed or requested by the court.

### 49.3. Decision on Motion

A motion for rehearing may be granted by a majority of the justices who participated in the

decision of the case. Otherwise, it must be denied. If rehearing is granted, the court or panel may dispose of the case with or without rebriefing and oral argument.

## 49.4. Accelerated Appeals

In an accelerated appeal, the appellate court may deny the right to file a motion for rehearing or shorten the time to file such a motion.

## 49.5. Further Motion for Rehearing

After a motion for rehearing is decided, a further motion for rehearing may be filed within 15 days of the court's action if the court:

(a) modifies its judgment;

(b) vacates its judgment and renders a new judgment; or

(c) issues a different opinion.

## 49.6. Amendments

A motion for rehearing or en banc reconsideration may be amended as a matter of right anytime before the 15-day period allowed for filing the motion expires, and with leave of the court, anytime before the court of appeals decides the motion.

## 49.7. En Banc Reconsideration

A party may file a motion for en banc reconsideration as a separate motion, with or without filing a motion for rehearing. The motion must be filed within 15 days after the court of appeals' judgment or order, or when permitted, within 15 days after the court of appeals' denial of the party's last timely filed motion for rehearing or en banc reconsideration. While the court has plenary power, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition.

## 49.8. Extensions of Time

A court of appeals may extend the time for filing a motion for rehearing or en banc reconsideration if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion.

## 49.9. Not Required for Review

A motion for rehearing is not a prerequisite to filing a petition for review in the Supreme Court or a petition for discretionary review in the Court of Criminal Appeals nor is it required to preserve error.

## 49.10. *Deleted*

## 49.11. Relationship to Petition for Review

A party may not file a motion for rehearing or en banc reconsideration in the court of appeals after that party has filed a petition for review in the Supreme Court unless the court of appeals modifies its opinion or judgment after the petition for review is filed. The filing of a petition for review does not preclude another party from filing a motion for rehearing or en banc reconsideration or preclude the court of appeals from ruling on the motion. If a motion for rehearing or en banc reconsideration is timely filed after a petition for review is filed, the petitioner must immediately notify the Supreme Court clerk of the filing of the motion, and must notify the clerk when the last timely filed motion is overruled by the court of appeals.

## 49.12. Certificate of Conference Not Required

A certificate of conference is not required for a motion for rehearing or en banc reconsideration of a panel's decision.

### Notes and Comments

Comment to 1997 change: This is former Rule 100. Subdivision 49.4 is moved here from former Rule 43(h). Subdivisions 49.9 and 49.10 are added.

Comment to 2008 change: Rule 49 is revised to treat a motion for en banc reconsideration as a motion for rehearing and to include procedures governing the filing of a motion for en banc reconsideration. Subdivision 49.5(c) is amended to clarify that a further motion for rehearing may be filed if the court issues a different opinion, irrespective of whether the opinion is issued in connection with the overruling of a prior motion for rehearing. Issuance of a new opinion that is not substantially different should not occasion a further motion for rehearing, but a motion's lack of merit does not affect appellate deadlines. The provisions of former Rule 53.7(b) that address motions for rehearing are moved to new subdivision 49.11 without change, leaving the provisions of Rule 53.7(b) that address petitions for review undisturbed. Subdivision 49.12 mirrors Rule 10.1(a)(5) in

excepting motions for rehearing and motions for en banc reconsideration from the certificate-of-conference requirement.

## Rule 50. Abolished by Order of July 12, 2011, eff. September 1, 2011

### Notes and Comments

Comment to 2011 change: Rule 50 is abolished. Motions for rehearing serve the same purpose.

## Rule 51. Enforcement of Judgments after Mandate

### 51.1. Civil Cases

(a) *Statement of Costs*. The appellate clerk must prepare, and send to the trial court clerk with the mandate, a statement of costs showing:

    (1) the preparation costs for the appellate record, and any court of appeals filing fees, with a notation of those items that have been paid and those that are owing; and

    (2) the party or parties against whom costs have been adjudged.

(b) *Enforcement of Judgment*. When the trial court clerk receives the mandate, the appellate court's judgment must be enforced. Appellate court costs must be included with the trial court costs in any process to enforce the judgment. If all or part of the costs are collected, the trial court clerk must immediately remit to the appellate court clerk any amount due to that clerk. The trial court need not make any further order in the case, and the appellate court's judgment may be enforced as in other cases, when the appellate judgment:

    (1) affirms the trial court's judgment;

    (2) modifies the trial court's judgment and, as so modified, affirms that judgment; or

    (3) renders the judgment the trial court should have rendered.

### 51.2. Criminal Cases

When the trial court clerk receives the mandate, the appellate court's judgment must be enforced as follows:

(a) *Clerk's Duties*. The trial court clerk must:

    (1) send an acknowledgment to the appellate clerk of the mandate's receipt; and

    (2) immediately file the mandate.

(b) *Judgment of Affirmance; Defendant Not in Custody*.

    (1) Capias to Be Issued. If the judgment contains a sentence of confinement or imprisonment that has not been suspended, the trial court must promptly issue a capias for the defendant's arrest so that the court's sentence can be executed.

    (2) Contents of Capias. The capias may issue to any county of this state and must be executed and returned as in felony cases, except that no bail may be taken. The capias must:

        (A) recite the fact of conviction;

        (B) set forth the offense and the court's judgment and sentence;

        (C) state that the judgment was appealed from and affirmed, and that the mandate has been filed; and

        (D) command the sheriff to arrest and take the defendant into his custody, and to place and keep the defendant in custody until delivered to the proper authorities as directed by the sentence.

    (3) Sheriff's Duties. The sheriff must promptly execute the capias as directed. The sheriff must notify the trial court clerk and the appellate clerk when the mandate has been carried out and executed.

(c) *Judgment of Reversal*.

    (1) When New Trial Ordered. When the appellate court reverses the trial court's judgment and grants the defendant a new

trial, the procedure is governed by Code of Criminal Procedure article 44.29. If the defendant is in custody and entitled to bail, the defendant must be released upon giving bail.

(2) When Case Dismissed. When the appellate court reverses the trial court's judgment and orders the case to be dismissed, the defendant — if in custody — must be discharged.

(d) *Judgment of Acquittal*. When the appellate court reverses a judgment and orders the defendant's acquittal, the defendant — if in custody — must be discharged, and no further order or judgment of the trial court is necessary.

### Notes and Comments

Comment to 1997 change: Former Rules 87 and 88 are merged. The reference to costs in tax suits is deleted.

## SECTION THREE: ORIGINAL PROCEEDINGS IN THE SUPREME COURT AND THE COURTS OF APPEALS

### Rule 52. Original Proceedings

#### 52.1. Commencement

An original appellate proceeding seeking extraordinary relief — such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto — is commenced by filing a petition with the clerk of the appropriate appellate court. The petition must be captioned "*In re* [name of relator]."

#### 52.2. Designation of Parties

The party seeking the relief is the relator. In original proceedings other than habeas corpus, the person against whom relief is sought — whether a judge, court, tribunal, officer, or other person — is the respondent. A person whose interest would be directly affected by the relief sought is a real party in interest and a party to the case.

#### 52.3. Form and Contents of Petition

The petition must, under appropriate headings and in the order here indicated, contain the following:

(a) *Identity of Parties and Counsel*. The petition must give a complete list of all parties, and the names, and addresses of all counsel.

(b) *Table of Contents*. The petition must include a table of contents with references to the pages of the petition. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) *Index of Authorities.* The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(d) *Statement of the Case*. The petition must contain a statement of the case that should seldom exceed one page and should not discuss the facts. The statement must contain the following:

(1) a concise description of the nature of any underlying proceeding (e.g., a suit for damages, a contempt proceeding for failure to pay child support, or the certification of a candidate for inclusion on an election ballot);

(2) if the respondent is a judge, the name of the judge, the designation of the court in which the judge was sitting, and the county in which the court is located; and if the respondent is an official other than a judge, the designation and location of the office held by the respondent;

(3) a concise description of the respondent's action from which the relator seeks relief;

(4) if the relator seeks a writ of habeas corpus, a statement describing how and where the relator is being deprived of liberty;

(5) if the petition is filed in the Supreme Court after a petition requesting the same relief was filed in the court of appeals:

(A) the date the petition was filed in the court of appeals;

(B) the district of the court of appeals and the names of the justices who participated in the decision;

(C) the author of any opinion for the court of appeals and the author of any separate opinion;

(D) the citation of the court's opinion;

(E) the disposition of the case by the court of appeals, and the date of the court of appeals' order.

(e) *Statement of Jurisdiction*. The petition must state, without argument, the basis of the court's jurisdiction. If the Supreme Court and the court of appeals have concurrent jurisdiction, the petition must be presented first to the court of appeals unless there is a compelling reason not to do so. If the petition is filed in the Supreme Court without first being presented to the court of appeals, the petition must state the compelling reason why the petition was not first presented to the court of appeals.

(f) *Issues Presented*. The petition must state concisely all issues or points presented for relief. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

(g) *Statement of Facts*. The petition must state concisely and without argument the facts pertinent to the issues or points presented. Every statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record.

(h) *Argument*. The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.

(i) *Prayer*. The petition must contain a short conclusion that clearly states the nature of the relief sought.

(j) *Certification.* The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

(k) *Appendix*.

(1) Necessary Contents. The appendix must contain:

(A) a certified or sworn copy of any order complained of, or any other document showing the matter complained of;

(B) any order or opinion of the court of appeals, if the petition is filed in the Supreme Court;

(C) unless voluminous or impracticable, the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based; and

(D) if a writ of habeas corpus is sought, proof that the relator is being restrained.

(2) Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, statutes, constitutional provisions, documents on which the suit was based, pleadings, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the petition. The appendix should not contain any evidence or other item that is not necessary for a decision.

## 52.4. Response

Any party may file a response to the petition, but it is not mandatory. The court must not grant relief — other than temporary relief — before a response has been filed or requested by the court. The response must conform to the requirements of 52.3, except that:

(a) the list of parties and counsel is not required unless necessary to supplement or correct the list contained in the petition;

(b) the response need not include a statement of the case, a statement of the issues presented, or a statement of the facts unless the responding party is dissatisfied with that portion of the petition;

(c) a statement of jurisdiction should be omitted unless the petition fails to assert valid grounds for jurisdiction, in which case the

reasons why the court lacks jurisdiction must be concisely stated;

(d) the argument must be confined to the issues or points presented in the petition; and

(e) the appendix to the response need not contain any item already contained in an appendix filed by the relator.

## 52.5. Relator's Reply to Response

The relator may file a reply addressing any matter in the response. However, the court may consider and decide the case before a reply brief is filed.

## 52.6. *Deleted*

## 52.7. Record

(a) *Filing by Relator Required*. Relator must file with the petition:

(1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

(2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

(b) *Supplementation Permitted*. After the record is filed, relator or any other party to the proceeding may file additional materials for inclusion in the record.

(c) *Service of Record on All Parties.* Relator and any party who files materials for inclusion in the record must – at the same time – serve on each party:

(1) those materials not previously served on that party as part of the record in another original appellate proceeding in the same or another court; and

(2) an index listing the materials filed and describing them in sufficient detail to identify them.

## 52.8. Action on Petition

(a) Relief Denied. If the court determines from the petition and any response and reply that the relator is not entitled to the relief sought, the court must deny the petition. If the relator in a habeas corpus proceeding has been released on bond, the court must remand the relator to custody and issue an order of commitment. If the relator is not returned to custody, the court may declare the bond to be forfeited and render judgment against the surety.

(b) *Interim Action*. If the court is of the tentative opinion that relator is entitled to the relief sought or that a serious question concerning the relief requires further consideration:

(1) the court must request a response if one has not been filed;

(2) the Supreme Court may request full briefing under Rule 55;

(3) in a habeas corpus proceeding, the court may order that relator be discharged on execution and filing of a bond in an amount set by the court; and

(4) the court may set the case for oral argument.

(c) *Relief Granted*. If the court determines that relator is entitled to relief, it must make an appropriate order. The court may grant relief without hearing oral argument.

(d) *Opinion*. When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case. Rule 47 is applicable to an order or opinion by a court of appeals except that the court of appeals may not order an unpublished opinion published after the Supreme Court or Court of Criminal Appeals has acted on any party's petition for extraordinary relief addressing the same issues.

## 52.9. Motion for Rehearing

Any party may file a motion for rehearing within 15 days after the final order is rendered. The motion must clearly state the points relied on for the rehearing. No response to a motion for rehearing need be filed unless the court so requests. The court will not grant

a motion for rehearing unless a response has been filed or requested.

## 52.10. Temporary Relief

(a) *Motion for Temporary Relief; Certificate of Compliance*. The relator may file a motion to stay any underlying proceedings or for any other temporary relief pending the court's action on the petition. The relator must notify or make a diligent effort to notify all parties by expedited means (such as by telephone or fax) that a motion for temporary relief has been or will be filed and must certify to the court that the relator has complied with this paragraph before temporary relief will be granted.

(b) *Grant of Temporary Relief*. The court — on motion of any party or on its own initiative — may without notice grant any just relief pending the court's action on the petition. As a condition of granting temporary relief, the court may require a bond to protect the parties who will be affected by the relief. Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.

(c) *Motion to Reconsider*. Any party may move the court at any time to reconsider a grant of temporary relief.

## 52.11. Groundless Petition or Misleading Statement or Record

On motion of any party or on its own initiative, the court may — after notice and a reasonable opportunity to respond — impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an underlying proceeding;

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

**Notes and Comments**

Comment to 1997 change: Former Rules 120, 121, and 122 are merged into this rule. The requirement of a motion for leave in original proceedings is repealed. The form of the petition and response, contents of the appendix and record, page limits, and relief that may be granted are specifically stated. Specific provision is now made for a motion for rehearing. A provision for sanctions is added.

Comment to 2002 change: Subdivision 52.7(c) is added to specify how record materials in original proceedings are to be served. Ordinarily, a party must serve record materials and an index of those materials on all other parties. But when materials have already been served in related original proceedings, they need not be served again. Examples are when original proceedings raising the same issues are brought in both the court of appeals and the Supreme Court, or when separate original proceedings are filed arising out of the same underlying lawsuit. The purpose of this procedure is to ensure that all parties have record materials readily available without requiring unnecessary duplication.

Comment to 2008 change: The reference to "unpublished" opinions in Subdivision 52.3(d)(5)(D) is deleted. The filer should provide the best cite available for the court of appeals' opinion, which may be a LEXIS, Westlaw, or other citation to an electronic medium. Subdivision 52.3 is further amended to delete the requirement that all factual statements be verified by affidavit. Instead, the filer — in the usual case of a party with legal representation, the lead counsel — must include a statement certifying that all factual statements are supported by competent evidence in the appendix or record to which the petition has cited. The certification required by subdivision 52.3(j) does not count against the page limitations.

## SECTION FOUR: PROCEEDINGS IN THE SUPREME COURT

### Rule 53. Petition for Review

#### 53.1. Method of Review

The Supreme Court may review a court of appeals' final judgment on a petition for review addressed to "The Supreme Court of Texas." A party who seeks to alter the court of appeals' judgment must file a petition for review. The petition for review procedure replaces the writ of error procedure.

Statutes pertaining to the writ of error in the Supreme Court apply equally to the petition for review.

## 53.2. Contents of Petition

The petition for review must, under appropriate headings and in the order here indicated, contain the following items:

(a) *Identity of Parties and Counsel*. The petition must give a complete list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

(b) *Table of Contents*. The petition must have a table of contents with references to the pages of the petition. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) *Index of Authorities*. The petition must have an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(d) *Statement of the Case*. The petition must contain a statement of the case that should seldom exceed one page and should not discuss the facts. The statement must contain the following:

    (1) a concise description of the nature of the case (e.g., whether it is a suit for damages, on a note, or in trespass to try title);

    (2) the name of the judge who signed the order or judgment appealed from;

    (3) the designation of the trial court and the county in which it is located;

    (4) the disposition of the case by the trial court;

    (5) the parties in the court of appeals;

    (6) the district of the court of appeals;

    (7) the names of the justices who participated in the decision in the court of appeals, the author of the opinion for the court, and the author of any separate opinion;

    (8) the citation for the court of appeals' opinion; and

    (9) the disposition of the case by the court of appeals, including the disposition of any motions for rehearing or en banc reconsideration, and whether any motions for rehearing or en banc reconsideration are pending in the court of appeals at the time the petition for review is filed.

(e) *Statement of Jurisdiction*. The petition must state, without argument, the basis of the Court's jurisdiction.

(f) *Issues Presented*. The petition must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included. If the matter complained of originated in the trial court, it should have been preserved for appellate review in the trial court and assigned as error in the court of appeals.

(g) *Statement of Facts*. The petition must affirm that the court of appeals correctly stated the nature of the case, except in any particulars pointed out. The petition must state concisely and without argument the facts and procedural background pertinent to the issues or points presented. The statement must be supported by record references.

(h) *Summary of the Argument*. The petition must contain a succinct, clear, and accurate statement of the arguments made in the body of the petition. This summary must not merely repeat the issues or points presented for review.

(i) *Argument*. The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. The argument need not address every issue or point included in the statement of issues or points. Any issue or point not addressed may be addressed in the brief on the merits if one is requested by the Court. The argument should state the reasons why the Supreme Court should exercise jurisdiction to hear the case with specific reference to the factors listed in Rule 56.1(a). The petition need not quote at length from a matter included in the

appendix; a reference to the appendix is sufficient. The Court will consider the court of appeals' opinion along with the petition, so statements in that opinion need not be repeated.

(j) *Prayer*. The petition must contain a short conclusion that clearly states the nature of the relief sought.

(k) *Appendix*.

   (1) Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of:

      (A) the judgment or other appealable order of the trial court from which relief in the court of appeals was sought;

      (B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any;

      (C) the opinion and judgment of the court of appeals; and

      (D) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law on which the argument is based (excluding case law), and the text of any contract or other document that is central to the argument.

   (2) Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, statutes, constitutional provisions, documents on which the suit was based, pleadings, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the petition.

of 53.2, except that:

   (a) the list of parties and counsel is not required unless necessary to supplement or correct the list contained in the petition;

   (b) a statement of the case and a statement of the facts need not be made unless the respondent is dissatisfied with that portion of the petition;

   (c) a statement of the issues presented need not be made unless:

      (1) the respondent is dissatisfied with the statement made in the petition;

      (2) the respondent is asserting independent grounds for affirmance of the court of appeals' judgment; or

      (3) the respondent is asserting grounds that establish the respondent's right to a judgment that is less favorable to the respondent than the judgment rendered by the court of appeals but more favorable to the respondent than the judgment that might be awarded to the petitioner (e.g., a remand for a new trial rather than a rendition of judgment in favor of the petitioner);

   (d) a statement of jurisdiction should be omitted unless the petition fails to assert valid grounds for jurisdiction, in which case the reasons why the Supreme Court lacks jurisdiction must be concisely stated;

   (e) the respondent's argument must be confined to the issues or points presented in the petition or asserted by the respondent in the respondent's statement of issues; and

   (f) the appendix to the response need not contain any item already contained in an appendix filed by the petitioner.

## 53.3.  Response to Petition for Review

Any other party to the appeal may file a response to the petition for review, but it is not mandatory. If no response is timely filed, or if a party files a waiver of response, the Court will consider the petition without a response. A petition will not be granted before a response has been filed or requested by the Court. The response must conform to the requirements

## 53.4.  Points Not Considered in Court of Appeals

To obtain a remand to the court of appeals for consideration of issues or points briefed in that court but not decided by that court, or to request that the Supreme Court consider such issues or points, a party may raise those issues or points in the petition, the response, the reply, any brief, or a motion for rehearing.

### 53.5. Petitioner's Reply to Response

The petitioner may file a reply addressing any matter in the response. However, the Court may consider and decide the case before a reply brief is filed.

### 53.6. *Deleted*

### 53.7. Time and Place of Filing

(a) *Petition*. Unless the Supreme Court orders an earlier filing deadline, the petition must be filed with the Supreme Court clerk within 45 days after the following:

   (1) the date the court of appeals rendered judgment, if no motion for rehearing or en banc reconsideration is timely filed; or

   (2) the date of the court of appeals' last ruling on all timely filed motions for rehearing or en banc reconsideration.

(b) *Premature Filing*. A petition filed before the last ruling on all timely filed motions for rehearing and en banc reconsideration is treated as having been filed on the date of, but after, the last ruling on any such motion. If a party files a petition for review while a motion for rehearing or en banc reconsideration is pending in the court of appeals, the party must include that information in its petition for review.

(c) *Petitions Filed by Other Parties*. If a party files a petition for review within the time specified in 53.7(a) — or within the time specified by the Supreme Court in an order granting an extension of time to file a petition — any other party required to file a petition may do so within 45 days after the last timely motion for rehearing is overruled or within 30 days after any preceding petition is filed, whichever date is later.

(d) *Response*. Any response must be filed with the Supreme Court clerk within 30 days after the petition is filed.

(e) *Reply*. Any reply must be filed with the Supreme Court clerk within 15 days after the response is filed.

(f) *Extension of Time*. The Supreme Court may extend the time to file a petition for review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition. The Supreme Court may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

(g) *Petition Filed in Court of Appeals*. If a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the Supreme Court clerk, and the court of appeals clerk must immediately send the petition to the Supreme Court clerk.

### 53.8. Amendment

On motion showing good cause, the Court may allow the petition, response, or reply to be amended on such reasonable terms as the Court may prescribe.

### 53.9. Court May Require Revision

If a petition, response, or reply does not conform with these rules, the Supreme Court may require the document to be revised or may return the document to the party who filed it and consider the case without allowing the document to be revised.

### Notes and Comments

Comment to 1997 change: Former Rules 130 and 131 are merged. The 50-page application for writ of error is replaced by a 15-page petition for review, which is filed in the Supreme Court and should concentrate on the reasons the Court should exercise jurisdiction to hear the case. The contents of the petition and response, the length of the documents, the time for filing are all specifically stated.

Comment to 2008 change: Subdivision 53.7(a) is amended to clarify that the Supreme Court may shorten the time for filing a petition for review and that the timely filing of a motion for en banc reconsideration tolls the commencement of the 45-day period for filing a petition for review until the motion is overruled. Subdivision 53.2(d)(8) is amended to delete the reference to unpublished opinions in civil cases. Subdivision 53.2(d)(9) is amended to require a party that prematurely files a petition for review to notify the Supreme Court of any panel rehearing or en banc reconsideration motions still pending in the court of appeals. Subdivision 53.7(b) is revised to reference

this new requirement and to relocate to new Rule 49.11 those provisions governing motions for rehearing.

## Rule 54. Filing the Record

### 54.1. Request for Record

With or without granting the petition for review, the Supreme Court may request that the record from the court of appeals be filed with the clerk of the Supreme Court.

### 54.2. Duty of Court of Appeals Clerk

(a) *Request for Record*. The court of appeals clerk must not send the record to the Supreme Court unless it is requested. Upon receiving the Supreme Court clerk's request for the record, the court of appeals clerk must promptly send to the Supreme Court clerk all of the following:

    (1) the original record;

    (2) any motion filed in the court of appeals;

    (3) copies of all orders of the court of appeals; and

    (4) copies of all opinions and the judgment of the court of appeals.

(b) *Nondocumentary Exhibits*. The clerk should not send any nondocumentary exhibits unless the Supreme Court specifically requests.

### 54.3. Expenses

The petitioner must pay to the court of appeals clerk a sum sufficient to pay the cost of mailing or shipping the record to and from the Supreme Court clerk.

### 54.4. Duty of Supreme Court Clerk

Upon receiving the record, the Supreme Court clerk must file it and enter the filing on the docket. The clerk may refuse the record if the charges for mailing or shipping have not been paid.

## Notes and Comments

Comment to 1997 change: This is former Rule 132. Subdivision 54.1 is new and provides for the Supreme Court to request the filing of the record. Other changes are made.

## Rule 55. Brief on the Merits

### 55.1. Request by Court

A brief on the merits must not be filed unless requested by the Court. With or without granting the petition for review, the Court may request the parties to file briefs on the merits. In appropriate cases, the Court may realign parties and direct that parties file consolidated briefs.

### 55.2. Petitioner's Brief on the Merits

The petitioner's brief on the merits must be confined to the issues or points stated in the petition for review and must, under appropriate headings and in the order here indicated, contain the following items:

(a) *Identity of Parties and Counsel*. The brief must give a complete list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

(b) *Table of Contents*. The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) *Index of Authorities*. The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

(d) *Statement of the Case*. The brief must contain a statement of the case that should seldom exceed one page and should not discuss the facts. The statement must contain the following:

    (1) a concise description of the nature of the case (e.g., whether it is a suit for damages, on a note, or in trespass to try title);

    (2) the name of the judge who signed the order or judgment appealed from;

    (3) the designation of the trial court and the county in which it is located;

(4) the disposition of the case by the trial court;

(5) the parties in the court of appeals;

(6) the district of the court of appeals;

(7) the names of the justices who participated in the decision in the court of appeals, the author of the opinion for the court, and the author of any separate opinion;

(8) the citation for the court of appeals' opinion, if available, or a statement that the opinion was unpublished; and

(9) the disposition of the case by the court of appeals.

(e) *Statement of Jurisdiction*. The brief must state, without argument, the basis of the Court's jurisdiction.

(f) *Issues Presented*. The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included. The phrasing of the issues or points need not be identical to the statement of issues or points in the petition for review, but the brief may not raise additional issues or points or change the substance of the issues or points presented in the petition.

(g) *Statement of Facts*. The brief must affirm that the court of appeals correctly stated the nature of the case, except in any particulars pointed out. The brief must state concisely and without argument the facts and procedural background pertinent to the issues or points presented. The statement must be supported by record references.

(h) *Summary of the Argument*. The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

(i) *Argument*. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and

to the record.

(j) *Prayer*. The brief must contain a short conclusion that clearly states the nature of the relief sought.

## 55.3. Respondent's Brief

If the petitioner files a brief on the merits, any other party to the appeal may file a brief in response, which must conform to 55.2, except that:

(a) the list of parties and counsel is not required unless necessary to supplement or correct the list contained in the petitioner's brief;

(b) a statement of the case and a statement of the facts need not be made unless the respondent is dissatisfied with that portion of the petitioner's brief; and

(c) a statement of the issues presented need not be made unless:

(1) the respondent is dissatisfied with the statement made in the petitioner's brief;

(2) the respondent is asserting independent grounds for affirmance of the court of appeals' judgment; or

(3) the respondent is asserting grounds that establish the respondent's right to a judgment that is less favorable to the respondent than the judgment rendered by the court of appeals but more favorable to the respondent than the judgment that might be awarded to the petitioner (e.g., a remand for a new trial rather than a rendition of judgment in favor of the petitioner);

(d) a statement of jurisdiction should be omitted unless the petition fails to assert valid grounds for jurisdiction; and

(e) the respondent's argument must be confined to the issues or points presented in the petitioner's brief or asserted by the respondent in the respondent's statement of issues.

## 55.4. Petitioner's Brief in Reply

The petitioner may file a reply brief addressing

any matter in the brief in response. However, the Court may consider and decide the case before a reply brief is filed.

## 55.5. Reliance on Prior Brief

As a brief on the merits or a brief in response, a party may file the brief that the party filed in the court of appeals.

## 55.6. *Deleted*

## 55.7. Time and Place of Filing; Extension of Time

Briefs must be filed with the Supreme Court clerk in accordance with the schedule stated in the clerk's notice that the Court has requested briefs on the merits. If no schedule is stated in the notice, petitioner must file a brief on the merits within 30 days after the date of the notice, respondent must file a brief in response within 20 days after receiving petitioner's brief, and petitioner must file any reply brief within 15 days after receiving respondent's brief. On motion complying with Rule 10.5(b) either before or after the brief is due, the Supreme Court may extend the time to file a brief.

## 55.8. Amendment

On motion showing good cause, the Court may allow a party to amend a brief on such reasonable terms as the Court may prescribe.

## 55.9. Court May Require Revision

If a brief does not conform with these rules, the Supreme Court may require the brief to be revised or may return it to the party who filed it and consider the case without further briefing by that party.

### Notes and Comments

Comment to 1997 change: The rule is new and provides for a 50 page brief on the merits if requested by the Supreme Court.

Comment to 2002 change: Subdivision 55.1 is clarified to provide that the Court may realign parties to require consolidated briefing for a clearer and more efficient presentation of the case.

### Rule 56. Order on Petition for Review

## 56.1. Orders on Petition for Review

(a) *Considerations in Granting Review*.

Whether to grant review is a matter of judicial discretion. Among the factors the Supreme Court considers in deciding whether to grant a petition for review are the following:

(1) whether the justices of the court of appeals disagree on an important point of law;

(2) whether there is a conflict between the courts of appeals on an important point of law;

(3) whether a case involves the construction or validity of a statute;

(4) whether a case involves constitutional issues;

(5) whether the court of appeals appears to have committed an error of law of such importance to the state's jurisprudence that it should be corrected; and

(6) whether the court of appeals has decided an important question of state law that should be, but has not been, resolved by the Supreme Court.

(b) *Petition Denied or Dismissed.* When the petition has been on file in the Supreme Court for 30 days, the Court may deny or dismiss the petition — whether or not a response has been filed — with one of the following notations:

(1) "Denied." If the Supreme Court is not satisfied that the opinion of the court of appeals has correctly declared the law in all respects, but determines that the petition presents no error that requires reversal or that is of such importance to the jurisprudence of the state as to require correction, the Court will deny the petition with the notation "Denied."

(2) "Dismissed w.o.j." If the Supreme Court lacks jurisdiction, the Court will dismiss the petition with the notation "Dismissed for Want of Jurisdiction."

(c) *Petition Refused.* If the Supreme Court determines — after a response has been filed or requested — that the court of appeals' judgment is correct and that the legal

principles announced in the opinion are likewise correct, the Court will refuse the petition with the notation "Refused." The court of appeals' opinion in the case has the same precedential value as an opinion of the Supreme Court.

(d) *Improvident Grant.* If the Court has granted review but later decides that review should not have been granted, the Court may, without opinion, set aside the order granting review and dismiss the petition or deny or refuse review as though review had never been granted.

## 56.2. Moot Cases

If a case is moot, the Supreme Court may, after notice to the parties, grant the petition and, without hearing argument, dismiss the case or the appealable portion of it without addressing the merits of the appeal.

## 56.3. Settled Cases

If a case is settled by agreement of the parties and the parties so move, the Supreme Court may grant the petition if it has not already been granted and, without hearing argument or considering the merits, render a judgment to effectuate the agreement. The Supreme Court's action may include setting aside the judgment of the court of appeals or the trial court without regard to the merits and remanding the case to the trial court for rendition of a judgment in accordance with the agreement. The Supreme Court may abate the case until the lower court's proceedings to effectuate the agreement are complete. A severable portion of the proceeding may be disposed of if it will not prejudice the remaining parties. In any event, the Supreme Court's order does not vacate the court of appeals' opinion unless the order specifically provides otherwise. An agreement or motion cannot be conditioned on vacating the court of appeals' opinion.

## 56.4. Notice to Parties

When the Supreme Court grants, denies, refuses, or dismisses a petition for review, the Supreme Court clerk must send a written notice of the disposition to the court of appeals, the trial court, and all parties to the appeal.

## 56.5. Return of Documents to Court of Appeals

When the Supreme Court denies, refuses, or dismisses a petition for review, the clerk will retain the petition, together with the record and accompanying papers, for 30 days after the order is rendered. If no motion for rehearing has been filed by the end of that period or when any motion for rehearing of the order has been overruled, the clerk must send a certified copy of its order to the court of appeals and return the record and all papers (except for documents filed in the Supreme Court) to the court of appeals clerk.

### Notes and Comments

Comment to 1997 change: The rule is from former Rule 133. Subdivision 56.3 regarding settled cases is added.

Comment to 2002 change: Subdivision 56.3 is clarified to provide for partial settlements.

## Rule 57. Direct Appeals to the Supreme Court

### 57.1. Application

This rule governs direct appeals to the Supreme Court that are authorized by the Constitution and by statute. Except when inconsistent with a statute or this rule, the rules governing appeals to courts of appeals also apply to direct appeals to the Supreme Court.

### 57.2. Jurisdiction

The Supreme Court may not take jurisdiction over a direct appeal from the decision of any court other than a district court or county court, or over any question of fact. The Supreme Court may decline to exercise jurisdiction over a direct appeal of an interlocutory order if the record is not adequately developed, or if its decision would be advisory, or if the case is not of such importance to the jurisprudence of the state that a direct appeal should be allowed.

### 57.3. Statement of Jurisdiction

Appellant must file with the record a statement fully but plainly setting out the basis asserted for exercise of the Supreme Court's jurisdiction. Appellee may file a response to appellant's statement of jurisdiction within ten days after the statement is filed.

### 57.4. Preliminary Ruling on Jurisdiction

If the Supreme Court notes probable jurisdiction over a direct appeal, the parties must file briefs under Rule 38 as in any other case. If the Supreme Court does not note probable jurisdiction over a direct appeal, the appeal will be dismissed.

## 57.5. Direct Appeal Exclusive While Pending.

If a direct appeal to the Supreme Court is filed, the parties to the appeal must not, while that appeal is pending, pursue an appeal to the court of appeals. But if the direct appeal is dismissed, any party may pursue any other appeal available at the time when the direct appeal was filed. The other appeal must be perfected within ten days after dismissal of the direct appeal.

### Notes and Comments

Comment to 1997 change: This is former Rule 140. The rule is amended without substantive change except subdivision 57.5 is amended to make clear that no party to the direct appeal may pursue the appeal in the court of appeals while the direct appeal is pending, but allowing 10 days to perfect a subsequent appeal.

## Rule 58. Certification of Questions of Law by United State Courts

### 58.1. Certification

The Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent. The Supreme Court may decline to answer the questions certified to it.

### 58.2. Contents of the Certification Order

An order from the certifying court must set forth:

(a) the questions of law to be answered; and

(b) a stipulated statement of all facts relevant to the questions certified, showing fully the nature of the controversy in which the questions arose.

### 58.3. Transmission of Certification Order

The clerk of the certifying court must send to the clerk of the Supreme Court of Texas the following:

(a) the certification order under the certifying court's official seal;

(b) a list of the names of all parties to the pending case, giving the address and telephone number, if known, of any party not represented by counsel; and

(c) a list of the names, addresses, and telephone numbers of counsel for each party.

### 58.4. Transmission of Record

The certifying court should not send the Supreme Court of Texas the record in the pending case with the certification order. The Supreme Court may later require the original or copies of all or part of the record before the certifying court to be filed with the Supreme Court clerk.

### 58.5. Fees and Costs

Unless the certifying court orders otherwise in its certification order, the parties must bear equally the fees under Rule 5.

### 58.6. Notice

If the Supreme Court agrees to answer the questions certified to it, the Court will notify all parties and the certifying court. The Supreme Court clerk must also send a notice to the Attorney General of Texas if:

(a) the constitutionality of a Texas statute is the subject of a certified question that the Supreme Court has agreed to answer; and

(b) the State of Texas or an officer, agency, or employee of the state is not a party to the proceeding in the certifying court.

### 58.7. Briefs and Oral Argument

(a) *Briefs*. The appealing party in the certifying court must file a brief with the Supreme Court clerk within 30 days after the date of the notice. Opposing parties must file an answering brief within 20 days after receiving the opening brief. Briefs must comply with Rule 55 to the extent its provisions apply. On motion complying with Rule 10.5(b), either before or after the brief is due, the Supreme Court may extend the time to file a brief.

(b) *Oral Argument*. Oral argument may be granted either on a party's request or on the Court's own initiative. Argument is governed by Rule 59.

### 58.8. Intervention by the State

If the constitutionality of a Texas statute is the subject of a certified question that the Supreme Court has agreed to answer the State of Texas may intervene at any reasonable time for briefing and oral argument (if argument is allowed), on the question of constitutionality.

### 58.9. Opinion on Certified Questions

If the Supreme Court has agreed to answer a certified question, it will hand down an opinion as in any other case.

### 58.10. Answering Certified Questions

After all motions for rehearing have been overruled, the Supreme Court clerk must send to the certifying court the written opinion on the certified questions. The opinion must be under the Supreme Court's seal.

### Notes and Comments

Comment to 1997 change: This is former Rule 114. The rule is substantially revised, but no substantive change in procedure is intended, except subdivision 58.10 now allows a motion for rehearing.

### Rule 59. Submission and Argument

### 59.1. Submission Without Argument

If at least six members of the Court so vote, a petition may be granted and an opinion handed down without oral argument.

### 59.2. Submission With Argument

If the Supreme Court decides that oral argument would aid the Court, the Court will set the case for argument. The clerk will notify all parties of the submission date.

### 59.3. Purpose of Argument

Oral argument should emphasize and clarify the written arguments in the briefs. Counsel should not merely read from a prepared text. Counsel should assume that all Justices have read the briefs before oral argument and should be prepared to respond to the Justices' questions.

### 59.4. Time for Argument

Each side is allowed only as much time as the Court orders. Counsel is not required to use all the allotted time. On motion filed before the day of argument, the Court may extend the time for argument. The Court may also align the parties for purposes of presenting argument.

### 59.5. Number of Counsel

Generally, only one counsel should argue for each side. Except on leave of court , no more than two counsel on each side may argue. Only one counsel may argue in rebuttal.

### 59.6. Argument by Amicus Curiae

With leave of court obtained before the argument and with a party's consent, an amicus may share allotted time with that party. Otherwise, counsel for amicus curiae may not argue.

### Notes and Comments

Comment to 1997 change: Former Rules 170, 171, and 172 are merged. Subdivisions 59.2 and 59.3 are new. Other changes are made.

### Rule 60. Judgments in the Supreme Court

### 60.1. Announcement of Judgments

The Court's judgments will be announced by the clerk.

### 60.2. Types of Judgment

The Supreme Court may:

(a) affirm the lower court's judgment in whole or in part;

(b) modify the lower court's judgment and affirm it as modified;

(c) reverse the lower court's judgment in whole or in part and render the judgment that the lower court should have rendered;

(d) reverse the lower court's judgment and remand the case for further proceedings;

(e) vacate the judgments of the lower courts and dismiss the case; or

(f) vacate the lower court's judgment and

remand the case for further proceedings in light of changes in the law.

## 60.3.  Remand in the Interest of Justice

When reversing the court of appeals' judgment, the Supreme Court may, in the interest of justice, remand the case to the trial court even if a rendition of judgment is otherwise appropriate.

## 60.4.  Judgment for Costs

The Supreme Court's judgment will award to the prevailing party the costs incurred by that party in the Supreme Court.  If appropriate, the judgment may also award the prevailing party the costs — including preparation costs for the record — incurred by that party in the court of appeals and in the trial court. But the Court may tax costs otherwise as required by law or for good cause.

## 60.5.  Judgment Against Sureties

When affirming, modifying, or rendering a judgment against the party who was the appellant in the court of appeals, the Supreme Court must render judgment against the sureties on that party's supersedeas bond, if any, for the performance of the judgment. If the Supreme Court taxes costs against the party who was the appellant in the court of appeals, the Court must render judgment for those costs against the sureties on that party's supersedeas bond, if any.

## 60.6.  Other Orders

The Supreme Court may make any other appropriate order required by the law and the nature of the case.

### Notes and Comments

Comment to 1997 change: Former Rules 180 and 182(a) are merged.   Subdivision 60.1 is from former Rule 181. Paragraphs 60.2(b), (e), and (f) are new but codify current practice. Subdivision 60.6 is new. Other changes are made.

### Rule 61. Reversible Error

## 61.1.  Standard for Reversible Error

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the Supreme Court concludes that the error complained of:

(a) probably caused the rendition of an improper judgment; or

(b) probably prevented the petitioner from properly presenting the case to the appellate courts.

## 61.2.  Error Affecting Only Part of the Case

If the error affects a part, but not all, of the matter in controversy, and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. The Court may not order a separate trial solely on unliquidated damages if liability is contested.

## 61.3.  Defects in Procedure

The Supreme Court will not affirm or reverse a judgment or dismiss a petition for review for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.

## 61.4.  Remediable Error of the Trial Court or Court of Appeals

(a) *Generally*. The Supreme Court will not affirm or reverse a judgment or dismiss a petition for review if:

(1) the trial court's or court of appeals' erroneous action or failure or refusal to act prevents the proper presentation of a case to the Supreme Court; and

(2) the trial court or court of appeals can correct its action or failure to act.

(b) *Supreme Court Direction if Error Remediable*. If the circumstances described in (a) exist, the Supreme Court will direct the trial court or court of appeals to correct the error. The Supreme Court will then proceed as if the error had not occurred.

### Notes and Comments

Comment to 1997 change: Former Rules 184 and 185 are merged. The reversible error standard is amended to omit the reference to an action "reasonably calculated to   cause" an improper judgment, but no substantive change is intended. Subdivision 61.3 is amended to delete the reference to

defects of "substance."

## Rule 62. Damages for Frivolous Appeals

If the Supreme Court determines that a direct appeal or a petition for review is frivolous, it may — on motion of any party or on its own initiative, after notice and a reasonable opportunity for response — award to each prevailing party just damages. In determining whether to award damages, the Court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals or the Supreme Court.

### Notes and Comments

Comment to 1997 change: This is former Rule 182(b). The rule is changed from allowing a sanction when an appeal "filed for delay and without sufficient cause" to allowing a sanction when the appeal is "frivolous." A requirement for notice and an opportunity to respond is included.

## Rule 63. Opinions; Copy of Opinion and Judgment to Interested Parties and Other Courts

The Supreme Court will hand down a written opinion in all cases in which it renders a judgment. The clerk will send a copy of the opinion and judgment to the court of appeals clerk, the trial court clerk, the regional administrative judge, and all parties to the appeal.

### Notes and Comments

Comment to 1997 change: This is former Rule 181 with changes.

## Rule 64. Motion for Rehearing

### 64.1. Time for Filing

A motion for rehearing may be filed with the Supreme Court clerk within 15 days from the date when the Court renders judgment or makes an order disposing of a petition for review. In exceptional cases, if justice requires, the Court may shorten the time within which the motion may be filed or even deny the right to file it altogether.

### 64.2. Contents

The motion must specify the points relied on for the rehearing.

### 64.3. Response and Decision

No response to a motion for rehearing need be filed unless the Court so requests. A motion will not be granted unless a response has been filed or requested by the Court. But in exceptional cases, if justice so requires, the Court may deny the right to file a response and act on a motion any time after it is filed.

### 64.4. Second Motion

The Court will not consider a second motion for rehearing unless the Court modifies its judgment, vacates its judgment and renders a new judgment, or issues a different opinion.

### 64.5. Extensions of Time

The Court may extend the time to file a motion for rehearing in the Supreme Court, if a motion complying with Rule 10.5(b) is filed with the Court no later than 15 days after the last date for filing a motion for rehearing.

### 64.6. *Deleted*

### Notes and Comments

Comment to 1997 change: This is former Rule 190. The service and notice provisions of former subdivisions (b) and (c) are deleted. *See* Rule 9.5. Other changes are made.

Comment to 2008 change: Subdivision 64.4 is amended to reflect the Court's practice of considering a second motion for rehearing after modifying its judgment or opinion in response to a prior motion for rehearing. When the Court modifies its opinion without modifying its judgment, the Court will ordinarily deny a second motion for rehearing unless the new opinion is substantially different from the original opinion.

## Rule 65. Enforcement of Judgment after Mandate

### 65.1. Statement of Costs

The Supreme Court clerk will prepare, and send to the clerk to whom the mandate is directed, a statement of costs showing:

(a) the costs that were incurred in the Supreme

Court, with a notation of those items that have been paid and those that are owing; and

(b) the party or parties against whom costs have been adjudged.

## 65.2. Enforcement of Judgment

If the Supreme Court renders judgment, the trial court need not make any further order. Upon receiving the Supreme Court's mandate, the trial court clerk must proceed to enforce the judgment of the Supreme Court's as in any other case. Appellate court costs must be included with the trial court costs in any process to enforce the judgment. If all or part of the costs are collected, the trial court clerk must immediately remit to the appellate court clerk any amount due to that clerk.

### Notes and Comments

Comment to 1997 change: Subdivision 65.1 is new. Subdivision 65.2 is from former Rule 183.

## SECTION FIVE: PROCEEDINGS IN THE COURT OF CRIMINAL APPEALS

### Rule 66. Discretionary Review in General

### 66.1. With or Without Petition

The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68.

### 66.2. Not a Matter of Right

Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion.

### 66.3. Reasons for Granting Review

While neither controlling nor fully measuring the Court of Criminal Appeals' discretion, the following will be considered by the Court in deciding whether to grant discretionary review:

(a) whether a court of appeals' decision conflicts with another court of appeals' decision on the same issue;

(b) whether a court of appeals has decided an important question of state or federal law that

has not been, but should be, settled by the Court of Criminal Appeals;

(c) whether a court of appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States;

(d) whether a court of appeals has declared a statute, rule, regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, regulation, or ordinance;

(e) whether the justices of a court of appeals have disagreed on a material question of law necessary to the court's decision; and

(f) whether a court of appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

### 66.4. Documents to Aid Decision

(a) *Acquiring Documents*. The Court of Criminal Appeals — or any judge of the Court — may order the court of appeals clerk to promptly send the following items to the Court in order to aid it in deciding whether to grant discretionary review:

(1) the appellate record;

(2) a copy of the opinions of the court of appeals;

(3) a copy of the motions filed in the court of appeals; and

(4) certified copies of any judgment or order of the court of appeals.

(b) *Return of Documents*. If discretionary review is not granted, the clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk.

### Notes and Comments

Comment to 1997 change: This is former Rule 200. The former rule's reference to motions for rehearing now appears in Rule 49.9. The rule is

otherwise amended without substantive change.

## Rule 67. Discretionary Review Without Petition

### 67.1. Four Judges' Vote

By a vote of at least four judges, the Court of Criminal Appeals may grant review of a court of appeals' decision in a criminal case at any time before the mandate of the court of appeals issues. An order granting review will be filed with the clerk of the Court of Criminal Appeals, who must send a copy to the court of appeals clerk.

### 67.2. Order Staying Mandate

To provide enough time for the Court of Criminal Appeals to decide whether to grant discretionary review under 67.1, the Court — or any judge of the Court — may file with the clerk of the court of appeals an order staying the court of appeals' mandate. The order must be signed by a judge of the Court of Criminal Appeals. The clerk of the Court of Criminal Appeals must immediately send a copy of the order to the court of appeals clerk.

### 67.3. Time to Issue Mandate Extended

Unless otherwise limited in the order itself, an order staying the court of appeals' mandate under 67.2 will extend for an additional 45 days the time before issuance of the court of appeals' mandate. An order granting review prevents the issuance of the court of appeals' mandate pending the further order of the Court of Criminal Appeals. If four judges do not agree to grant review within that time the court of appeals clerk must issue the mandate.

### Notes and Comments

Comment to 1997 change: This is former Rule 201. The rule is amended without substantive change.

Comment to 2000 change: Language which was in the catchline of former Rule 201 has been deleted from Rule 67.1, to restore the substance of the rule, and to remove any implication that the court may not grant review on its own motion when a petition for discretionary review has been filed.

## Rule 68. Discretionary Review With Petition

### 68.1. Generally

On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case.

### 68.2. Time to File Petition

(a) *First Petition*. The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.

(b) *Subsequent Petition.* Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c) *Extension of Time*. The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition. The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

### Notes and Comments

Comment to 2011 change: The amendment to Rule 68.2(a) resolves timely filing questions concerning motions for en banc reconsideration by including those motions in calculating time to file.

### 68.3. Where to File Petition

(a) The petition and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals.

(b) Petition Filed in Court of Appeals. If a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the clerk of the Court of Criminal Appeals, and the court of appeals clerk must immediately send the petition to the clerk of the Court of Criminal Appeals.

### Notes and Comments

Comment to 2011 change: Rule 68.3 is changed to require petitions for discretionary review to be filed in the Court of Criminal Appeals rather than in the

court of appeals. With the deletion of Rule 50, there is no reason to file petitions in the court of appeals. Rule 68.3(b) is added to address and prevent the untimely filing of petitions for discretionary review that are incorrectly filed in the court of appeals rather than in the Court of Criminal Appeals.

## 68.4. Contents of Petition

A petition for discretionary review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas" and must state the name of the party or parties applying for review. The petition must contain the following items:

(a) *Identity of Judge, Parties, and Counsel*. The petition must list the trial court judge, all parties to the judgment or order appealed from, and the names and addresses of all trial and appellate counsel.

(b) *Table of Contents*. The petition must include a table of contents with references to the pages of the petition. The table of contents must indicate the subject matter of each ground or question presented for review.

(c) *Index of Authorities*. The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(d) *Statement Regarding Oral Argument*. The petition must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived. If a reply or cross-petition is filed, it likewise must include a statement of why oral argument should or should not be heard.

(e) *Statement of the Case*. The petition must state briefly the nature of the case. This statement should seldom exceed half a page. The details of the case should be reserved and stated with the pertinent grounds or questions.

(f) *Statement of Procedural History*. The petition must state:

(1) the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion;

(2) the date any motion for rehearing was filed (or a statement that none was filed);

and

(3) the date the motion for rehearing was overruled or otherwise disposed of.

(g) *Grounds for Review*. The petition must state briefly, without argument, the grounds on which the petition is based. The grounds must be separately numbered. If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found. Instead of listing grounds for review, the petition may contain the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentative or repetitious.

(h) *Argument*. The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. *See* Rule 66.3. The court of appeals' opinions will be considered with the petition, and statements in those opinions need not be repeated if counsel accepts them as correct.

(i) *Prayer for Relief*. The petition must state clearly the nature of the relief sought.

(j) *Appendix*. The petition must contain a copy of any opinion of the court of appeals.

## 68.5. *Deleted*

## 68.6. Nonconforming Petition

The Court may strike, order redrawn, or summarily refuse a petition for discretionary review that is unnecessarily lengthy or that does not conform to these rules.

## 68.7. Court of Appeals Clerk's Duties

Within 15 days of receiving notice of the filing of a petition for discretionary review from the clerk of the Court of Criminal Appeals, the clerk of the court of appeals must send to the clerk of the Court of Criminal Appeals the record, any motions filed in the case, and copies of any judgments, opinions, and orders of the court of appeals. The clerk need not forward any nondocumentary exhibits unless ordered to do so by the Court of Criminal Appeals.

Comment to 2011 change: Rule 68.7(a) and (b) are deleted and (c) is amended to reflect changes consistent with filing the petition and reply in the Court of Criminal Appeals rather than in the court of appeals, and to order the record to be sent to the Court of Criminal Appeals. Additionally, Rule 68.7(c) is amended to delete reference to Rule 50, which is abolished.

### 68.8. Court of Criminal Appeals Clerk's Duties

Upon receipt of the record from the court of appeals, the clerk of the Court of Criminal Appeals will file the record and enter the filing on the docket.

**Notes and Comments**

Comment to 2011 change: Rule 68.8 is amended to reflect changes consistent with filing the petition in the Court of Criminal Appeals.

### 68.9 Reply.

The opposing party has 15 days after the timely filing of the petition in the Court of Criminal Appeals to file a reply to the petition with the clerk of the Court of Criminal Appeals.

**Notes and Comments**

Comment to 2011 change. This Rule is added so that any reply will be filed in the Court of Criminal Appeals since the petition is also filed in the Court of Criminal Appeals.

### 68.10. Amendment

Upon motion the petition or a reply may be amended or supplemented at any time justice requires.

**Notes and Comments**

Comment to 2011 change: This Rule is changed to reflect the filing of the petition and any reply in the Court of Criminal Appeals. Thus, the rule is also changed to require a motion and to delete a time frame because the petition will be filed in the Court of Criminal Appeals.

### 68.11. Service on State Prosecuting Attorney

In addition to the service required by Rule 9.5, service of the petition, the reply, and any amendment or supplementation of a petition or reply must be made on the State Prosecuting Attorney.

**Notes and Comments**

Comment to 1997 change: This is former Rule 202. Subdivisions (k) and (l) of the former rule have been relocated to Rule 69. The new rule limits the length of a petition and reply. The time for amendment of a petition or reply is increased to conform with the amendment in Rule 50. The rule is otherwise amended without substantive change.

Comment to 2002 change: The original catchline of subdivision 68.4(g) was "Reasons for Review," which caused confusion because of its similarity to the catchline in subdivision 66.3 ("Reasons for Granting Review"). It is changed to "Argument."

Comment to 2011 change: The address for the State Prosecuting Attorney is deleted because it has changed and may change again.

### Rule 69. Action of Court on Petition for Discretionary Review and After Granting Review

### 69.1. Granting or Refusal

If four judges do not vote to grant a petition for discretionary review, the Court will enter a docket notation that the petition is *refused*. If four judges vote to grant a petition, the Court will enter a docket notation that discretionary review is *granted*.

### 69.2. Setting Case for Submission

If discretionary review is granted, either on the petition of a party or by the Court on its own initiative, the case will be set for submission.

### 69.3. Improvident Grant of Review

If, after granting discretionary review, five judges are of the opinion that discretionary review should not have been granted, the case will be dismissed.

### 69.4. Clerk's Duties

(a) *On Refusal or Dismissal*. When the Court refuses or dismisses a petition, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that the petition was refused or dismissed. The clerk will retain the petition and all other items filed in the case for at least 15 days from the date of the refusal or dismissal. At the end of that time, if no motion for rehearing has been

timely filed, or upon the overruling or dismissal of such a motion, the clerk will send to the court of appeals clerk a certified copy of the order refusing or dismissing the petition (as well as any order overruling a motion for rehearing). The clerk of the Court of Criminal Appeals will return the appellate record to the court of appeals clerk but will retain the petition, and other documents filed in the Court of Criminal Appeals.

(b) *On Granting Review*. If the Court grants discretionary review, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that discretionary review was granted.

### Notes and Comments

Comment to 1997 change: This is former subdivisions (k) and (l) of Rule 202. Internal procedures of the Court are deleted. Provisions are added in 69.4(a) and (b) for the clerk to send notice of the granting, refusal, or dismissal of a petition for discretionary review. Other nonsubstantive changes are made.

## Rule 70. Brief on the Merits

### 70.1. Initial Brief

If review is granted, the petitioner — or, if there was no petition, the party who lost in the court of appeals — must file a brief within 30 days after review is granted.

### 70.2. Respondent's Brief

The opposing party must file a brief within 30 days after the petitioner's brief is filed.

### 70.3. Brief Contents and Form

Briefs must comply with the requirements of Rules 9 and 38, except that they need not contain the appendix (Rule 38.1(k)). Copies must be served as required by Rule 68.11.

### 70.4. Other Briefs

The Court of Criminal Appeals may direct that a party file a brief, or an additional brief, in a particular case. Additionally, upon motion by a party the Court may permit the filing of additional briefs.

### Notes and Comments

Comment to 1997 change: This is former Rule 203. The rule is amended without substantive change.

## Rule 71. Direct Appeals

### 71.1. Direct Appeal

Cases in which the death penalty has been assessed under Code of Criminal Procedure article 37.071, and cases in which bail has been denied in non-capital cases under Article I, Section 11a of the Constitution, are appealed directly to the Court of Criminal Appeals.

### 71.2. Record

The appellate record should be prepared and filed in accordance with Rules 31, 32, 34, 35 and 37, except that the record must be filed in the Court of Criminal Appeals. After disposition of the appeal, the Court may discard copies of juror information cards or other portions of the clerk's record that are not relevant to an issue on appeal.

### 71.3. Briefs

Briefs in a direct appeal should be prepared and filed in accordance with Rule 38, except that the brief need not contain an appendix (Rule 38.1(k)). All briefs must be filed in the Court of Criminal Appeals. The brief must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived.

### 71.4. Additional Briefs

Upon motion by a party the Court may permit the filing of additional briefs other than those provided for in Rule 38.

### Notes and Comments

Comment to 1997 change: This is former Rule 210. The rule is extended to all direct appeals. A page limit is added for death penalty cases. Other nonsubstantive changes are made.

Comment to 2002 change: A requirement that briefs include a statement regarding oral argument is added.

## Rule 72. Extraordinary Matters

**72.1. Leave to File**

A motion for leave to file must accompany an original petition for writ of habeas corpus, mandamus, procedendo, prohibition, certiorari, or other extraordinary writ, or any other motion not otherwise provided for in these rules.

**72.2. Disposition**

If five judges tentatively believe that the case should be filed and set for submission, the motion for leave will be granted and the case will then be handled and disposed of in accordance with Rule 52.7. If the motion for leave is denied, no motions for rehearing or reconsideration will be entertained. But the Court may, on its own initiative, reconsider a denial of a motion for leave.

**Notes and Comments**

Comment to 1997 change: This is former Rule 211. The rule is amended to include all the Court's jurisdiction of extraordinary matters. Internal procedures of the Court are deleted. Other nonsubstantive changes are made.

**Rule 73. Postconviction Applications for Writs of Habeas Corpus**

**73.1. Form for Application Filed Under Article 11.07 of the Code of Criminal Procedure**

(a) *Prescribed Form.* An application filed under Article 11.07 must be on the form prescribed by the Court of Criminal Appeals.

(b) *Availability of Form.* The district clerk of the county of conviction shall make the forms available to applicants on request, without charge.

(c) *Contents.* The applicant or petitioner must provide all information required by the form. The form must include all grounds for relief and set forth in summary fashion the facts supporting each ground. Any ground not raised on the form will not be considered. Legal citations and arguments may be made in a separate memorandum. The form must be computer-generated, typewritten, or legibly handwritten.

(d) *Length.* Each ground for relief and supporting facts raised on the form shall not exceed the two pages provided for each ground in the form. The applicant or petitioner may file a separate memorandum. This memorandum shall comply with these rules and shall not exceed 15,000 words if computer-generated or 50 pages if not. If the total number of pages, including those in the original and any additional memoranda, exceed the word or page limits, an application may be dismissed unless the convicting court for good cause shown grants leave to exceed the prescribed limits. The prescribed limits do not include appendices, exhibits, cover page, table of contents, table of authorities, and certificate of compliance.

(e) *Typeface.* A computer-generated memorandum must be printed in a conventional typeface no smaller than 14-point except for footnotes, which must be no smaller than 12-point. A typewritten document must be printed in standard 10-character-per-inch (cpi) monospaced typeface.

(f) *Certificate of compliance.* A computer-generated memorandum, including any additional memoranda, must include a certificate by the applicant or petitioner stating the number of words in the document. The person certifying may rely on the word count of the computer program used to prepare the document.

(g) *Verification.* The application must be verified by either:

(1) oath made before a notary public or other officer authorized to administer oaths; or

(2) if the person making the application is an inmate in the Institutional Division of the Department of Criminal Justice or in a county jail, an unsworn declaration in substantially the form required in Civil Practice and Remedies Code chapter 132.

**73.2. Noncompliant Applications**

The Court of Criminal Appeals may dismiss an application that does not comply with these rules.

**73.3. State's Response**

Any response by the State must comply with length, typeface, and certificate of compliance requirements set out in rule 73.1 (d),(e) and (f).

## 73.4. Filing and Transmission of Habeas Record

(a) The district clerk of the county of conviction shall accept and file all Code of Criminal Procedure article 11.07 applications.

(b) In addition to the duties set out in Article 11.07, the clerk shall do the following:

    (1) If the convicting court enters an order designating issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of that order and proof of the date the district attorney received the habeas application.

    (2) When any pleadings, objections, motions, affidavits, exhibits, proposed or entered findings of fact and conclusions of law, or other orders are filed or made a part of the record, the district clerk shall immediately send a copy to all parties in the case. A party has ten days from the date he receives the trial court's findings of fact and conclusions of law to file objections, but the trial court may, nevertheless, order the district clerk to transmit the record to the Court of Criminal Appeals before the expiration of the ten days.

    (3) When a district clerk transmits the record in a postconviction application for a writ of habeas corpus under Code of Criminal Procedure articles 11.07 or 11.071, the district clerk must prepare and transmit a summary sheet that includes the following information:

        (A) the convicting court's name and county, and the name of the judge who tried the case;

        (B) the applicant's name, the offense, the plea, the cause number, the sentence, and the date of sentence, as shown in the judgment of conviction;

        (C) the cause number of any appeal from the conviction and the citation to any published report;

        (D) whether a hearing was held on the application, whether findings of fact were made, any recommendation of the convicting court, and the name of the judge who presided over the application.

        (E) the name of counsel if applicant is represented.

The Court of Criminal Appeals may by order adopt a form of summary sheet that the district clerks must use.

    (4) The district clerk shall also include in the record transmitted to the Court of Criminal Appeals, among any other pertinent papers or supplements, the indictment or information, any plea papers, the court's docket sheet, the court's charge and the jury's verdict, any proposed findings of fact and conclusions of law, the court's findings of fact and conclusions of law, any objections to the court's findings of fact and conclusions of law filed by either party, and the transcript of any hearings held.

    (5) On the 181st day from the date of receipt of the application by the State of a postconviction application for writ of habeas corpus under Article 11.07, the district clerk shall forward the writ record to this Court unless the district court has received an extension of time from the Court of Criminal Appeals pursuant to Rule 73.5.

## 73.5. Time Frame for Resolution of Claims Raised in Application

Within 180 days from the date of receipt of the application by the State, the convicting court shall resolve any issues that the court has timely designated for resolution. Any motion for extension of time must be filed in the Court of Criminal Appeals before the expiration of the 180-day period.

## 73.6. Action on Application

The Court may deny relief based upon its own review of the application or may issue such other instructions or orders as may be appropriate.

Comment to 1997 change: This is former Rule 4 of the Appendix for Criminal Cases. The rule is amended without substantive change.

Comment to 2000 change: Rules 73.1 and 73.2 are added, and a form is added in an appendix.

## Rule 74. Review of Certified State Criminal-Law Questions

### 74.1. Certification

The Court of Criminal Appeals may answer questions of Texas criminal law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas criminal law having no controlling Court of Criminal Appeals precedent. The Court may decline to answer the questions certified to it.

### 74.2. Contents of the Certification Order

An order from the certifying court must set forth:

(a)  the questions of law to be answered; and

(b)  a stipulated statement of all facts relevant to the questions certified, showing fully the nature of the controversy in which the questions arose.

### 74.3. Transmission of Certification Order

The clerk of the certifying court must send to the clerk of the Court of Criminal Appeals the following:

(a)  the certification order under the certifying court's official seal;

(b)  a list of the names of each party to the pending case, giving the address and telephone number, if known, of any party not represented by counsel; and

(c)  a list of the names and addresses of counsel for each party.

### 74.4. Transmission of Record

The certifying court should not send to the Court of Criminal Appeals the record in the pending case with the certification order. The Court of Criminal Appeals may later require the original or copies of all or part of the record before the certifying court to be filed with the Court of Criminal Appeals clerk.

### 74.5. Notice

If the Court of Criminal Appeals agrees to answer the questions certified to it, the Court will notify all parties and the certifying court. The Court of Criminal Appeals clerk must also send a notice to the Attorney General of Texas if:

(a)  the constitutionality of a Texas statute is the subject of a certified question that the Court of Criminal Appeals has agreed to answer; and

(b)  the State of Texas or an officer, agency, or employee of the State is not a party to the proceeding in the certifying court.

### 74.6. Briefs and Oral Argument

(a)  *Briefs*.  The appealing party in the certifying court must file a brief with the clerk of the Court of Criminal Appeals within 30 days after the date of the notice.  Opposing parties must file an answering brief within 15 days of receiving the opening brief. Briefs must comply with Rule 38 to the extent that its provisions apply.

(b)  *Oral Argument*. Oral argument may be granted either on a party's request or on the Court's own initiative. Argument is governed by Rule 39.

### 74.7. Intervention by the State

If the constitutionality of a Texas statute is the subject of a certified question that the Court of Criminal Appeals has agreed to answer, the State of Texas may intervene at any reasonable time for briefing and oral argument (if argument is allowed) on the question of constitutionality.

### 74.8. Opinion on Certified Question

If the Court of Criminal Appeals has agreed to answer a certified question, it will hand down an opinion as in any other case.

### 74.9. Motion for Rehearing

Any party may file a motion for rehearing within 15 days after the opinion is handed down. The motion must clearly state the points relied on for the rehearing.

No reply to a motion for rehearing need be filed unless the Court so requests. The Court will not grant a motion for rehearing unless a response has been filed or requested.

### 74.10. Answering Certified Questions

After all motions for rehearing have been overruled, the clerk of the Court of Criminal Appeals must send to the certifying court the written opinion on the certified questions. The opinion must be under the Court of Criminal Appeals' seal.

#### Notes and Comments

Comment to 1997 change: This is former Rule 214. The rule is amended without substantive change.

### Rule 75. Notification; Oral Argument

### 75.1. Notification of Argument or Submission

Oral argument will be permitted only in cases designated by the Court of Criminal Appeals. If the Court permits argument in a case, the clerk will notify the parties of the date set for argument. If a case will be submitted without argument, the clerk will notify the parties of the date of submission. The clerk must use all reasonable diligence to notify counsel of settings, but counsel's failure to receive notice will not necessarily prevent argument or submission of the case on the day it is set.

### 75.2. Request for Argument

If a case is not designated for oral argument but counsel desires oral argument, counsel may — within 30 days of the date of the clerk's notice — petition the Court to allow oral argument. This petition must contain specific reasons why oral argument is desired.

### 75.3. Oral Argument

Unless extended in a special case, the total maximum time for oral argument is 20 minutes per side. Counsel for the appellant or petitioner is entitled to open and conclude the argument. Counsel should not read at length from the briefs, records, or authorities. Counsel may orally correct a brief, but multiple additional citations should not be given orally; instead, these citations should be filed in writing with the clerk.

#### Notes and Comments

Comment to 1997 change: This is former Rule

220. The rule is amended without substantive change.

### Rule 76. Submissions En Banc

The Court will sit en banc to consider the following types of cases:

(a)   direct appeals;

(b)   cases of discretionary review;

(c)   cases in which leave to file was granted under Rule 72;

(d)   cases that were docketed   under Code of Criminal Procedure articles 11.07 or 11.071;

(e)   certified questions; and

(f)   rehearings under Rule 79.

#### Notes and Comments

Comment to 1997 change: This is former rule 222. The rule is expanded to include other kinds of cases.   Internal procedures of the Court are deleted. Other nonsubstantive changes are made.

### Rule 77. Opinions

#### 77.1.  Generally

In each case that is argued or submitted without argument to the Court of Criminal Appeals, the Court will hand down a written opinion setting forth the reasons for its decision and any germane precedent. Any judge may file an opinion dissenting from or concurring in the Court's judgment.

#### 77.2.  Signing; Publication

A majority of the judges will determine whether an opinion will be signed by a judge or issued per curiam, and whether the opinion (or a portion of the opinion) will be published.

#### 77.3.  Unpublished Opinions

Unpublished opinions have no precedential value and must not be cited as authority by counsel or by a court.

#### 77.4.  Copies

On the date when an opinion is handed down or an order rendered, the clerk of the Court of Criminal Appeals must mail copies of the opinion or order to:

(a) the parties;

(b) the State Prosecuting Attorney;

(c) the trial court clerk; and

(d) if the case is of discretionary review, the court of appeals clerk.

### Notes and Comments

Comment to 1997 change: This is former Rule 223. The rule is amended without substantive change.

## Rule 78. Judgments in the Court of Criminal Appeals

### 78.1. Types of Judgment

The Court of Criminal Appeals may:

(a) affirm the lower court's judgment in whole or in part;

(b) modify the lower court's judgment and affirm it as modified;

(c) reverse the court's judgment in whole or in part and render the judgment that the lower court should have rendered;

(d) reverse the lower court's judgment and remand the case for further proceedings;

(e) vacate the judgments of the lower courts and dismiss the case;

(f) vacate the lower court's judgment and remand the case for further proceedings in light of changes in the law; or

(g) dismiss the appeal.

### 78.2. Remand in the Interests of Justice

When reversing the court of appeals' judgment, the Court of Criminal Appeals may, in the interests of justice, remand the case to the trial court even if a rendition of judgment is otherwise appropriate.

### 78.3. Other Orders

The Court of Criminal Appeals may make any other appropriate order required by the law and the nature of the case.

### Notes and Comments

Comment to 1997 change: The rule is new.

## Rule 79. Rehearings

### 79.1. Motion for Rehearing

A motion for rehearing may be filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order. In exceptional cases, if justice requires, the Court may shorten the time within which the motion may be filed or even deny the right to file it altogether.

### 79.2. Contents

(a) The motion must briefly and distinctly state the grounds and arguments relied on for rehearing.

(b) A motion for rehearing an order that grants discretionary review may not be filed.

(c) A motion for rehearing an order that refuses a petition for discretionary review may be grounded only on substantial intervening circumstances or on other significant circumstances which are specified in the motion. Counsel must certify that the motion is so grounded and that the motion is made in good faith and not for delay.

(d) A motion for rehearing an order that denies habeas corpus relief or dismisses a habeas corpus application under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed. The Court may on its own initiative reconsider the case.

### Notes and Comments

Comment to 2011 change: Rule 79.2(c) is amended so that it applies only to petitions for discretionary review that are refused. Additionally, the certification requirement is changed to encompass a broader basis for rehearing.

### 79.3. Amendments

A motion for rehearing may be amended anytime before the period allowed for filing the motion expires, and with leave of the court, anytime before the Court decides the motion.

**79.4.  Decision**

If the Court grants rehearing, the case will be set for submission.  Oral argument may, but normally will not, be permitted.

**79.5. Further Motion for Rehearing**

The Court will not consider a second motion for rehearing after rehearing is denied.  If rehearing is granted and the Court delivers an opinion on rehearing, a party may file a further motion for rehearing.

**79.6.  Extension of Time**

The Court may extend the time for filing a motion or a further motion for rehearing if a party files a motion complying with Rule 10.5(b) within the time for filing a motion or further motion for rehearing.

**79.7.  Service**

The requirements of Rule 68.11 apply.

### Notes and Comments

Comment to 1997 change: This is former Rule 230, and the portion of former Rule 213 that prohibited motions for rehearing. The Court may now permit oral argument after granting rehearing, although it is disfavored.  A further motion for rehearing may now be filed by any party, rather than only the losing party.  Other nonsubstantive changes are made.

# APPENDIX TO THE TEXAS RULES OF APPELLATE PROCEDURE

## APPENDIX A

### IN THE SUPREME COURT OF TEXAS
### ORDER REGARDING FEES CHARGED IN CIVIL CASES
### IN THE SUPREME COURT
### AND THE COURTS OF APPEALS
### AND BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**A. In the Supreme Court:**

1. The following fees have been set by statute (TEX. GOV'T CODE §§51.005, 51.0051, and 51.941) and will be collected by the clerk except from parties who are exempt by statute:

   (a) petition for review ........................................................................... $155

   (b) additional fee if petition for review is granted........................................... $75

   (c) original proceeding ..................................................................................... $155

   (d) additional fee if original proceeding is granted ......................................... $75

   (e) certified question from a federal court of appeals .................................... $180

   (f) direct appeals to the Supreme Court ........................................................ $205

   (g) any other proceeding filed in the Supreme Court .................................... $180

   (h) administering an oath with sealed certificate of oath ................................. $5

   (i) certified copies of any papers of record in offices,
       including certificate and seal ................................................... $.50 per page
       $5 minimum

2. The following fees have been set consistent with (TEX. GOV'T CODE §§552.262 and 1 TEX. ADMIN. CODE §70.3 (2007) (Tex. Atty. Gen.. Charges for Providing Copies of Public Information):

   (a) standard paper copy of document
       without certificate or seal (single-sided) ............................... $0.10 per page
       or part of page

   (b) standard paper copy of document
       without certificate or seal (double-sided) .............................. $0.10 per page
       or part of side of page

   (c) personnel, overhead, and document retrieval charges ............................ as provided by
       1 TEX. ADMIN. CODE §70.3

   (d) audio tape of oral argument ............................................................ $1 per tape

   (e) digital video disc of oral argument ................................................... $3 per DVD

Note: the fees listed above for audio tapes, DVDs, and paper copies do not include any personnel, overhead, or document retrieval charges; those charges may be added to the fees listed above if appropriate, as determined by the Court.

3. Pursuant to TEX. GOV'T CODE § 51.005, the following additional fees are set:

    (a)    comparing and certifying copies of documents .........................................$1.00 per page
                  $5 minimum

    (b)    motions for rehearing................................................................................ $15

    (c)    motions not otherwise listed .................................................................... $10

    (d)    exhibits tendered for oral argument .......................................................... $25

## B. In the courts of appeals:

1. The following fees have been set by statute (TEX. GOV'T CODE §§51.207, 51.208, and 51.941) and will be collected by the clerk except from parties who are exempt by statute.

    (a)    appeals to the court of appeals from the district and county courts........................... $205

    (b)    original proceeding...................................................................................... $155

    (c)    administering an oath with sealed certificate of oath .................................................. $5

    (d)    certified copies of any papers of record in offices,
            including certificate and seal certification................................................$1.00 per page
                  $5 minimum

    (e)    comparing and certifying copies of documents .........................................$1.00 per page
                  $5 minimum

2. The following fees have been set consistent with TEX. GOV'T CODE §552.262 and 1 TEX. ADMIN. CODE §70.3 (2007) (Tex. Att'y Gen., Charges for Providing Copies of Public Information):

    (a)    standard paper copy of document
            without certificate or seal (single-sided)....................................................$0.10 per page
                  or part of page

    (b)    standard paper copy of document
            without certification or seal (double-sided)..................................$0.10 per side of page
                  or part of side of page

    (c)    personnel, overhead, and document retrieval charges ...............................as provided by
                  1 TEX. ADMIN. CODE §70.3

    (d)    audio tape or oral argument (if available)....................................................... $1 per tape

    (e)    VHS video tape of oral argument (if available)......................................... $2.50 per tape

    (f)    digital video disc of oral argument (if available)......................................... $3 per DVD

Note: the fees listed above for audio tapes, videotapes, DVDs, and paper copies do not include any personnel, overhead, or document retrieval charges; those charges may be added to the fees listed above if appropriate, as determined by the court charging the fee.

3. Pursuant to § 51.207(c)(4), TEX. GOV'T CODE, the following additional fees are set:

   (a) motions not otherwise listed ……………………………………………………$10

   (b) motion for rehearing or for en banc reconsideration ………………………………...$15

   (c) exhibits tendered for oral argument …………………………………………………$25

## C. Before the Judicial Panel on Multi-District Litigation:

1. Pursuant to TEX. GOV'T CODE §51.005(c)(3) and §51.0051, and Rule of Judicial Administration 13.3(g), the following fees are set:

   (a) motion to transfer to pretrial court under Rule of Judicial Administration 13.3(a) or appeal of an order of a pretrial court by motion for rehearing under Rule 13.5(e).................................................... $275

   (b) any other motion or document filed under Rules of Judicial Administration 13......... $50

**D.** Nothing in this order shall be construed as prohibiting a clerk from contracting with an entity or organization to provide copies of documents, audio and video tapes, and other organizational services at a reasonable rate which may exceed the fees provided herein.

Adopted by order of August 15, 1997, eff. Sept. 1, 1997. Amended by orders of July 21, 1998, eff. Sept. 1, 1998; Sept. 10, 2003, eff. Sept. 10, 2003; Aug. 28, 2007, eff. Sept. 1, 2007; Aug. 16, 2013, eff. Sept. 1, 2013; Aug. 28, 2015, eff. Sept. 1, 2015.

# APPENDIX B

# IN THE SUPREME COURT OF TEXAS

## ORDER REGARDING DISPOSITION OF COURT PAPERS IN CIVIL CASES

ORDERED that:

A. **Definitions.**

1. *Court records* or *records* means:

   (a) the clerk's record;

   (b) the reporter's record; and

   (c) any other documents or items filed, or presented for filing and received in an appellate court in a particular case.

2. *Appellate record* means the clerk's record and the reporter's record and any supplements.

B.    **In the Courts of Appeals.** The following paragraphs govern disposing of court records by the courts of appeals:

1.    *Determination of permanent preservation.* Before any court records are destroyed, the court of appeals must—under Section 51.205 of the Government Code and State Archives guidelines—determine whether the records should be permanently preserved.

2.    *Initial determination.* Immediately after final disposition of an appeal or other proceeding, the panel that decided the case must determine whether the case's records should be permanently preserved and must file with the records a statement declaring that the records should or should not be permanently preserved.

3.    *Later determination.* After its initial determination, but before any court records are destroyed, the court of appeals may reexamine its initial determination under 2. and may change its designation.

4.    *Original papers and exhibits in appeals.* Whatever the court determines concerning permanent preservation of a case's records, any original documents or exhibits must, within 30 days after final disposition of an appeal or other proceeding, be returned to the trial court in accordance with any trial court order entered under Rules 34.5(f) and 34.6(g). The court of appeals may, but need not, copy those documents and exhibits before returning them to the trial court. The court of appeals may dispose of copies of nondocumentary exhibits after the case is final on appeal.

5.    *All other papers and exhibits.* Subject to paragraph 4., the court of appeals must keep and preserve all records of a case (except duplicates) until they are ultimately disposed of under this rule.

6.    *Ultimate disposition.* After the period prescribed by Section 51.204 of the Government Code or other applicable statute has expired, the court of appeals must:

   (a) destroy those records the court has determined need not be permanently preserved; and

   (b) turn over to the State Archives or other repository allowed by law those records the court has determined should be permanently preserved.

C.  **In the Supreme Court.** The following paragraphs govern disposing of court records by the Supreme Court:

      1.    *If case reversed and remanded to court of appeals.* If the Supreme Court grants review and remands the case to the court of appeals, the Supreme Court will return the appellate record to the court of appeals. The court of appeals will then dispose of the court records in accordance with subdivision B. The Supreme Court will keep and preserve all remaining items (except duplicates) until they are turned over to the State Archives as provided by law.

      2.    *If case affirmed or reversed and remanded to trial court.* If the Supreme Court grants review and either affirms the court of appeals or reverses and remands to the trial court, the Supreme Court will not return the appellate record but will keep and preserve all records of the case (except duplicates) until those records are turned over to the State Archives as provided by law.

      3.    *In all other cases.* In all other cases, the Supreme court will return the appellate record to the court of appeals and keep and preserve all remaining records of the case (except duplicates) until they are turned over to the State Archives as provided by law.

# APPENDIX C
# IN THE SUPREME COURT OF TEXAS
# IN THE COURT OF CRIMINAL APPEALS
# ORDER DIRECTING
# THE FORM OF THE APPELLATE RECORD

## RULE 1. CLERK'S RECORD

### 1.1. Preparation of Electronic or Paper Clerk's Record.

The trial court clerk must prepare and file the clerk's record in accordance with Rules of Appellate Procedure 34.5 and 35. Even if more than one notice of appeal or request for inclusion of items is filed, the clerk should prepare only one consolidated record in a case. To prepare the clerk's record, the trial court clerk must:

(a) gather the documents required by Rule of Appellate Procedure 34.5(a) and those requested by a party under Rule of Appellate Procedure 34.5(b);

(b) start each document on a new page;

(c) include the date of filing on each document;

(d) arrange the documents in ascending chronological order, by date of filing or occurrence;

(e) start the page numbering on the front cover of the first volume of the clerk's record and continue to number all pages consecutively – including the front and back covers, tables of contents, certification page, and separator pages, if any – until the final page of the clerk's record, without regard for the number of volumes in the clerk's record, and place each page number at the bottom of each page;

(f) prepare, label, and certify the clerk's record as required by this rule;

(g) as far as practicable, include the date of signing by the judge on each order and judgment;

(h)    include on the front cover of the first volume, and any subsequent volumes, of the clerk's record, whether filed in paper or electronic form, the following information, in substantially the following form:

**CLERK'S RECORD**

VOLUME _____ of _____

Trial Court Cause No. _____

In the _____ (District or County) Court

of _____ County, Texas,

Honorable _____, Judge Presiding

_____

_____, Plaintiff(s)

vs.

_____, Defendant(s)

_____

Appealed to the

(Supreme Court of Texas at Austin, Texas,

or Court of Criminal Appeals of Texas at Austin, Texas,

or Court of Appeals for the _____ District of Texas, at _____, Texas).

_____

Attorney for Appellant(s):

Name _____

Address

_____

Telephone no.: _____

Fax no.: _____

E-mail address: _____

SBOT no.: _____

Attorney for: _____, Appellant(s)

_____

Name of clerk preparing the clerk's record: _____

(i)	prepare and include after the front cover of the clerk's record a detailed table of contents identifying each document in the entire record (including sealed documents), the date each document was filed, and, except for sealed documents, the page on which each document begins.  The table of contents must be double-spaced and conform to the order in which documents appear in the clerk's record, rather than in alphabetical order.  If the clerk's record consists of multiple volumes, the table of contents must indicate the page on which each volume begins.  If the clerk's record is filed in electronic form, the clerk must use bookmarks to link each document description in the table of contents, except descriptions of sealed documents, to the page on which each document begins; and

(j)	conclude the clerk's record with a certificate in substantially the following form:

The State of Texas	)

County of _____	)

     I, _____, Clerk of the _____ Court of _____ County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).

GIVEN UNDER MY HAND AND SEAL at my office in _____, County, Texas this ___ day of _____.

signature of clerk _____

name of clerk _____

title _____

If the clerk's record is filed in electronic form, the trial court clerk must include either a scanned image of the clerk's signature or "/s/" and the clerk's name typed in the space where the signature would otherwise appear.

## 1.2. Filing an Electronic Clerk's Record.

Unless the clerk receives permission from the appellate court to file the record in paper form, the clerk must file the record electronically.  When filing a clerk's record in electronic form, the trial court clerk must:

(a) file each computer file in text-searchable Portable Document Format (PDF);

(b) create electronic bookmarks to mark the first page of each document in the clerk's record;

(c) limit the size of each computer file to 100 MB or less, if possible;

(d) directly convert, rather than scan, the record to PDF, if possible;

(e) comply with the Technology Standards set by the Judicial Committee on Information Technology;

(f) include the following elements in the computer file name, exemplified as CR (01 of 02).pdf:

(1) "CR";

(2) the volume number, using at least two digits, with leading zeroes if needed; "of"; and the total number of volumes;

(3) a period; and

(4) "pdf";

(g) file each sealed document separately from the remainder of the clerk's record and include the word "sealed" in the computer file name;

(h) if filing a supplement to the clerk's record, include the number of the supplement and "Supp";

(i) submit each computer file to the Texas Appeals Management and E-filing System (TAMES) web portal using the instructions provided on the appellate court's website; and

(j) not lock any document that is part of the record.

**1.3. Filing a Paper Clerk's Record.**

When filing a paper record with the appellate court, the trial court clerk must:

(a)      bind the documents together in one or more volumes with a top bound, two-inch capacity, two-and-three-quarter-inch, center-to-center removable fastener and no other binding materials, like wax, ribbon, glue, staples, tape, etc.;

(b)      include no more than 500 pages in each volume, or limit the thickness of each volume to a maximum of two inches;

(c)      include only one-sided copies in the clerk's record;

(d)      number the first volume "1" and each succeeding volume sequentially;

(e)      if practicable, make a legible copy of the documents on opaque, white, 8½ x 11 inch paper; and

(f)      place each sealed document in a securely sealed, manila envelope that is not bound with the other documents in the clerk's record.

**1.4.   Non-Conforming Records and Supplements.**

In the event of a material violation of this rule in the preparation or filing of the clerk's record, on motion of a party or on its own initiative, the appellate court may require the trial court clerk to amend the clerk's record or to prepare a new clerk's record in proper form – and provide it to any party who has previously made a copy of the original, defective clerk's record – at the trial clerk's expense.  A supplement to a clerk's record must also be prepared in conformity with this rule.

**RULE 2. ELECTRONIC REPORTER'S RECORD.**

(a)      The court reporter or court recorder must prepare and file the reporter's record in accordance with Rules of Appellate Procedure 34.6 and 35 and the Uniform Format Manual for Texas Reporters' Records, and the court's local rules.  Even if more than one notice of appeal or request for preparation of the record is filed, the court reporter or court recorder should prepare only one consolidated record in the case.

(b)     If proceedings were recorded stenographically, the court reporter or recorder must file the reporter's record in an electronic format via the Texas Appeals Management and E-filing System (TAMES) web portal and in accordance with Section 8 of the Uniform Format Manual for Texas Reporters' Records, the court's local rules, and any guidelines posted on the appellate court's website.

(c)     If the record is filed in electronic format, the court reporter or recorder must include either a scanned image of any required signature or "/s/" and name typed in the space where the signature would otherwise appear.

(d)     A court reporter or recorder must not lock any document that is part of the record.

(e)     In exhibit volumes, the court reporter or recorder must create bookmarks to mark the first page of each exhibit document.

(f)     In the event of a material violation of this rule in the preparation of a reporter's record, on motion of a party or on the court's own initiative, the appellate court may require the court reporter or court recorder to amend the reporter's record or to prepare a new reporter's record in proper form – and provide it to any party who has previously made a copy of the original, defective reporter's record – at the reporter's or recorder's expense.  A court reporter who fails to comply with the requirements of the Uniform Format Manual for Texas Reporters' Records is also subject to discipline by the Court Reporters Certification Board.

Amended April 8, 1999, effective May 1, 1999; Amended December 13, 2013, effective January 1, 2014.

## APPENDIX D
## Appendix: Certification of Defendant's Right to Appeal

No. _____

The State of Texas                                    In the _____ Court

v.                                                         of

_____        _____ County, Texas
Defendant

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

[]    is not a plea-bargain case, and the defendant has the right of appeal. [ *or* ]

[]    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeals. [ *or* ]

[]    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [ *or* ]

[]    is a plea-bargain case, and the defendant has NO right of appeal. [ *or* ]

[]    the defendant has waived the right of appeal.


_____                _____
Judge                                                          Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.


_____                _____
Defendant                                                    Defendant's Counsel
Mailing address:                                            State Bar of Texas ID number
Telephone number:                                        Mailing address:
Fax number (if any):                                       Telephone number:
                                                                     Fax number (if any):

• "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

Amended May 2, 2007 and Aug. 20, 2007, elf. Sept. 1, 2001.

# APPENDIX E

## COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07
## INSTRUCTIONS

1.      You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2.      The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3.      You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4.      You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5.      Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6.      You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7.      Legal citations and arguments may be made in a separate memorandum that complies with Texas Rules of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8.      You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9.      When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10.     You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

**NAME:** _____

**DATE OF BIRTH:** _____

**PLACE OF CONFINEMENT:** _____

**TDCJ-CID NUMBER:** _____ **SID NUMBER:** _____

**(1)** **This application concerns** (check all that apply)**:**

    □    **a conviction**        □    **parole**

    □    **a sentence**        □    **mandatory supervision**

    □    **time credit**        □    **out-of-time appeal or petition for discretionary review**

**(2)** **What district court entered the judgment of the conviction you want relief from?** (Include the court number and county.)

_____

**(3)** **What was the case number in the trial court?**

_____

**(4)** **What was the name of the trial judge?**

2

**(5)** **Were you represented by counsel? If yes, provide the attorney's name:**

.  _____

**(6)** **What was the date that the judgment was entered?**

.  _____

**(7)** **For what offense were you convicted and what was the sentence?**

.  _____

**(8)** **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

.  _____

.  _____

**(9)** **What was the plea you entered?** (Check one.)

☐ **guilty-open plea**      ☐ **guilty-plea bargain**
☐ **not guilty**           ☐ *nolo contendere*/**no contest**

**If you entered different pleas to counts in a multi-count indictment, please explain:**
.  _____

.  _____

**(10)** **What kind of trial did you have?**

☐ **no jury**                    ☐ **jury for guilt and punishment**

☐ **jury for guilt, judge for punishment**

**(11)** **Did you testify at trial? If yes, at what phase of the trial did you testify?**

.  _____

**(12)** **Did you appeal from the judgment of conviction?**

☐ **yes**                    ☐ **no**

**If you did appeal, answer the following questions:**

(A)    What court of appeals did you appeal to? _____

(B)    What was the case number? _____

(C)    Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____

(D)    What was the decision and the date of the decision? _____

**(13)    Did you file a petition for discretionary review in the Court of Criminal Appeals?**

☐ yes                ☐ no

**If you did file a petition for discretionary review, answer the following questions:**

(A)    What was the case number? _____

(B)    What was the decision and the date of the decision? _____

**(14)    Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?**

☐ yes                ☐ no

**If you answered yes, answer the following questions:**

(A)    What was the Court of Criminal Appeals' writ number? _____

(B)    What was the decision and the date of the decision? _____

(C)    Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes ☐ no

If you answered yes, please provide the name of the court and the case number:

. _____

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes ☐ no

If you answered yes, answer the following questions:

. **(A)** What date did you present the claim? _____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

. _____

If you answered no, please explain why you have not submitted your claim:

. _____

. _____

. _____

. _____

. _____

**(17)** Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times a needed to give you a separate page for each ground, with each ground

**numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.**

**You may include with the form a memorandum of the law if you want to present legal authorities, but the court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rules of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.**

**GROUND ONE:**

_____

**FACTS SUPPORTING GROUND ONE:**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**GROUND THREE:**

_____

_____


**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**GROUND:**

_____

**FACTS SUPPORTING GROUND:**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant /

petitioner (circle one) in this action and know the contents of the above application for a writ of

habeas corpus and, according to my belief, the facts stated in the application are true."


_____
Signature of Applicant / Petitioner (circle one)


SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20___.

_____
Signature of Notary Public

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and being

presently incarcerated in _____, declare under penalty of perjury

that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

Address: _____

_____

_____

Telephone: _____

Fax:        _____

Signed on _____, 20\_\_\_\_\_.


_____
Signature of Petitioner

Amended March 5, 2007, effective March 5, 2007; Amended December 13, 2013, effective January 1, 2014.

**APPENDIX F**

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS**

**ORDER ADOPTING SUMMARY SHEET**

**FOR POSTCONVICTION APPLICATIONS FOR**

**WRIT OF HABEAS CORPUS**

**Application for Writ of Habeas Corpus**

Ex Parte_____          from_____County

(Name of Applicant)                                   _____Court

TRIAL COURT WRIT NO._____

CLERK'S SUMMARY SHEET

APPLICANT'S NAME:_____

(As reflected in judgment)

OFFENSE:_____

(As reflected in judgment)

CAUSE NO:_____

(As reflected in judgment)

PLEA:_____GUILTY_____NOT GUILTY

SENTENCE:_____DATE:_____

(Terms of years reflected in judgment)

TRIAL DATE:_____

JUDGE'S NAME:_____

(Judge presiding at trial)

APPEAL NO:_____

(If applicable)

CITATION TO OPINION:_____S.W.3d_____

(If applicable)

HEARING HELD:_____YES_____NO

(Pertaining to the application for writ of habeas corpus)

FINDINGS & CONCLUSIONS FILED:_____YES_____NO
(Pertaining to the application for writ of habeas corpus)

RECOMMENDATION: _____GRANT_____DENY_____NONE
(Trial court's recommendation regarding application for writ of habeas corpus)

JUDGE'S NAME:
(Judge presiding over habeas corpus proceeding)

<u>NAME OF COUNSEL IF APPLICANT IS
REPRESENTED:_____</u>

# TEXAS RULES OF EVIDENCE
*Effective June 14, 2016*

| | | |
|---|---|---|
| ARTICLE I. | GENERAL PROVISIONS | |
| Rule 101. | Title, Scope, and Applicability of the Rules; Definitions | |
| Rule 102. | Purpose | |
| Rule 103. | Rulings on Evidence | |
| Rule 104. | Preliminary Questions | |
| Rule 105. | Evidence That Is Not Admissible Against Other Parties or for Other Purposes | |
| Rule 106. | Remainder of or Related Writings or Recorded Statements | |
| Rule 107. | Rule of Optional Completeness | |

| | | |
|---|---|---|
| ARTICLE II. | JUDICIAL NOTICE | |
| Rule 201. | Judicial Notice of Adjudicative Facts | |
| Rule 202. | Judicial Notice of Other States' Law | |
| Rule 203. | Determining Foreign Law | |
| Rule 204. | Judicial Notice of Texas Municipal and County Ordinances, Texas Register Contents, and Published Agency Rules | |

| | | |
|---|---|---|
| ARTICLE III. | PRESUMPTIONS | |
| Rule 301. | [No Rules Adopted at This Time] | |

| | | |
|---|---|---|
| ARTICLE IV. | RELEVANCE AND ITS LIMITS | |
| Rule 401. | Test for Relevant Evidence | |
| Rule 402. | General Admissibility of Relevant Evidence | |
| Rule 403. | Excluding Relevant Evidence for Prejudice, Confusion, or Other Reasons | |
| Rule 404. | Character Evidence; Crimes or Other Acts | |
| Rule 405. | Methods of Proving Character | |
| Rule 406. | Habit; Routine Practice | |
| Rule 407. | Subsequent Remedial Measures; Notification of Defect | |
| Rule 408. | Compromise Offers and Negotiations | |
| Rule 409. | Offers to Pay Medical and Similar Expenses | |
| Rule 410. | Pleas, Plea Discussions, and Related Statements | |
| Rule 411. | Liability Insurance | |
| Rule 412. | Evidence of Previous Sexual Conduct in Criminal Cases | |

| | | |
|---|---|---|
| ARTICLE V. | PRIVILEGES | |
| Rule 501. | Privileges in General | |
| Rule 502. | Required Reports Privileged By Statute | |
| Rule 503. | Lawyer–Client Privilege | |
| Rule 504. | Spousal Privileges | |
| Rule 505. | Privilege For Communications to a Clergy Member | |
| Rule 506. | Political Vote Privilege | |
| Rule 507. | Trade Secrets Privilege | |
| Rule 508. | Informer's Identity Privilege | |
| Rule 509. | Physician–Patient Privilege | |

Rule 510.        Mental Health Information Privilege in Civil Cases
Rule 511.        Waiver by Voluntary Disclosure
Rule 512.        Privileged Matter Disclosed Under Compulsion or Without Opportunity to Claim Privilege
Rule 513.        Comment On or Inference From a Privilege Claim; Instruction

ARTICLE VI.      WITNESSES
Rule 601.        Competency to Testify in General; "Dead Man's Rule"
Rule 602.        Need for Personal Knowledge
Rule 603.        Oath or Affirmation to Testify Truthfully
Rule 604.        Interpreter
Rule 605.        Judge's Competency as a Witness
Rule 606.        Juror's Competency as a Witness
Rule 607.        Who May Impeach a Witness
Rule 608.        A Witness's Character for Truthfulness or Untruthfulness
Rule 609.        Impeachment by Evidence of a Criminal Conviction
Rule 610.        Religious Beliefs or Opinions
Rule 611.        Mode and Order of Examining Witnesses and Presenting Evidence
Rule 612.        Writing Used to Refresh a Witness's Memory
Rule 613.        Witness's Prior Statement and Bias or Interest
Rule 614.        Excluding Witnesses
Rule 615.        Producing a Witness's Statement in Criminal Cases

ARTICLE VII.     OPINIONS AND EXPERT TESTIMONY
Rule 701.        Opinion Testimony by Lay Witnesses
Rule 702.        Testimony by Expert Witnesses
Rule 703.        Bases of an Expert's Opinion Testimony
Rule 704.        Opinion on an Ultimate Issue
Rule 705.        Disclosing the Underlying Facts or Data and Examining an Expert About Them
Rule 706.        Audit in Civil Cases

ARTICLE VIII.    HEARSAY
Rule 801.        Definitions That Apply to This Article; Exclusions from Hearsay
Rule 802.        The Rule Against Hearsay
Rule 803.        Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant Is Available as a Witness
Rule 804.        Exceptions to the Rule Against Hearsay—When the Declarant Is Unavailable as a Witness
Rule 805.        Hearsay Within Hearsay
Rule 806.        Attacking and Supporting the Declarant's Credibility

ARTICLE IX.      AUTHENTICATION AND IDENTIFICATION
Rule 901.        Authenticating or Identifying Evidence
Rule 902.        Evidence That Is Self-Authenticating
Rule 903.        Subscribing Witness's Testimony

ARTICLE X.    CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS
Rule 1001.    Definitions That Apply to This Article
Rule 1002.    Requirement of the Original
Rule 1003.    Admissibility of Duplicates
Rule 1004.    Admissibility of Other Evidence of Content
Rule 1005.    Copies of Public Records to Prove Content
Rule 1006.    Summaries to Prove Content
Rule 1007.    Testimony or Statement of a Party to Prove Content
Rule 1008.    Functions of the Court and Jury
Rule 1009.    Translating a Foreign Language Document

# ARTICLE I.
# GENERAL PROVISIONS

**Rule 101.**     **Title, Scope, and Applicability of the Rules; Definitions**

**(a)**     **Title.** These rules may be cited as the Texas Rules of Evidence.

**(b)**     **Scope.** These rules apply to proceedings in Texas courts except as otherwise provided in subdivisions (d)-(f).

**(c)**     **Rules on Privilege.** The rules on privilege apply to all stages of a case or proceeding.

**(d)**     **Exception for Constitutional or Statutory Provisions or Other Rules.** Despite these rules, a court must admit or exclude evidence if required to do so by the United States or Texas Constitution, a federal or Texas statute, or a rule prescribed by the United States or Texas Supreme Court or the Texas Court of Criminal Appeals. If possible, a court should resolve by reasonable construction any inconsistency between these rules and applicable constitutional or statutory provisions or other rules.

**(e)**     **Exceptions.**  These rules—except for those on privilege—do not apply to:

    **(1)**     the court's determination, under Rule 104(a), on a preliminary question of fact governing admissibility;

    **(2)**     grand jury proceedings; and

    **(3)**     the following miscellaneous proceedings:

        **(A)**     an application for habeas corpus in extradition, rendition, or interstate detainer proceedings;

        **(B)**     an inquiry by the court under Code of Criminal Procedure article 46B.004 to determine whether evidence exists that would support a finding that the defendant may be incompetent to stand trial;

        **(C)**     bail proceedings other than hearings to deny, revoke, or increase bail;

        **(D)**     hearings on justification for pretrial detention not involving bail;

        **(E)**     proceedings to issue a search or arrest warrant; and

        **(F)**     direct contempt determination proceedings.

**(f)**     **Exception for Justice Court Cases.** These rules do not apply to justice court cases except as authorized by Texas Rule of Civil Procedure 500.3.

**(g)** **Exception for Military Justice Hearings.** The Texas Code of Military Justice, Tex. Gov't Code §§ 432.001-432.195, governs the admissibility of evidence in hearings held under that Code.

**(h)** **Definitions.** In these rules:

**(1)** "civil case" means a civil action or proceeding;

**(2)** "criminal case" means a criminal action or proceeding, including an examining trial;

**(3)** "public office" includes a public agency;

**(4)** "record" includes a memorandum, report, or data compilation;

**(5)** a "rule prescribed by the United States or Texas Supreme Court or the Texas Court of Criminal Appeals" means a rule adopted by any of those courts under statutory authority;

**(6)** "unsworn declaration" means an unsworn declaration made in accordance with Tex. Civ. Prac. & Rem. Code § 132.001; and

**(7)** a reference to any kind of written material or any other medium includes electronically stored information.

**Comment to 2015 Restyling:** The reference to "hierarchical governance" in former Rule 101(c) has been deleted as unnecessary. The textual limitation of former Rule 101(c) to criminal cases has been eliminated. Courts in civil cases must also admit or exclude evidence when required to do so by constitutional or statutory provisions or other rules that take precedence over these rules. Likewise, the title to former Rule 101(d) has been changed to more accurately indicate the purpose and scope of the subdivision.

## Rule 102.     Purpose

These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.

## Rule 103.     Rulings on Evidence

**(a)** **Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:

**(1)** if the ruling admits evidence, a party, on the record:

  **(A)**  timely objects or moves to strike; and

  **(B)**  states the specific ground, unless it was apparent from the context; or

**(2)**  if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.

**(b)**  **Not Needing to Renew an Objection.** When the court hears a party's objections outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal.

**(c)**  **Court's Statement About the Ruling; Directing an Offer of Proof.** The court must allow a party to make an offer of proof outside the jury's presence as soon as practicable—and before the court reads its charge to the jury. The court may make any statement about the character or form of the evidence, the objection made, and the ruling. At a party's request, the court must direct that an offer of proof be made in question-and-answer form. Or the court may do so on its own.

**(d)**  **Preventing the Jury from Hearing Inadmissible Evidence.** To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.

**(e)**  **Taking Notice of Fundamental Error in Criminal Cases.** In criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved.

**Rule 104.**  **Preliminary Questions**

**(a)**  **In General.** The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.

**(b)**  **Relevance That Depends on a Fact.** When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

**(c)**  **Conducting a Hearing So That the Jury Cannot Hear It.** The court must conduct any hearing on a preliminary question so that the jury cannot hear it if:

**(1)**  the hearing involves the admissibility of a confession in a criminal case;

**(2)**  a defendant in a criminal case is a witness and so requests; or

**(3)**  justice so requires.

6

**(d)**  **Cross-Examining a Defendant in a Criminal Case.** By testifying outside the jury's hearing on a preliminary question, a defendant in a criminal case does not become subject to cross-examination on other issues in the case.

**(e)**  **Evidence Relevant to Weight and Credibility.** This rule does not limit a party's right to introduce before the jury evidence that is relevant to the weight or credibility of other evidence.

**Rule 105.**  **Evidence That Is Not Admissible Against Other Parties or for Other Purposes**

**(a)**  **Limiting Admitted Evidence.** If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly.

**(b)**  **Preserving a Claim of Error.**

   **(1)**  *Court Admits the Evidence Without Restriction.* A party may claim error in a ruling to admit evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—only if the party requests the court to restrict the evidence to its proper scope and instruct the jury accordingly.

   **(2)**  *Court Excludes the Evidence.* A party may claim error in a ruling to exclude evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—only if the party limits its offer to the party against whom or the purpose for which the evidence is admissible.

**Rule 106.**  **Remainder of or Related Writings or Recorded Statements**

If a party introduces all or part of a writing or recorded statement, an adverse party may introduce, at that time, any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time. "Writing or recorded statement" includes depositions.

**Rule 107.**  **Rule of Optional Completeness**

If a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent. "Writing or recorded statement" includes a deposition.

**ARTICLE II.**
**JUDICIAL NOTICE**

**Rule 201.          Judicial Notice of Adjudicative Facts**

**(a)          Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b)          Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

**(1)**     is generally known within the trial court's territorial jurisdiction; or

**(2)**     can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c)          Taking Notice.** The court:

**(1)**     may take judicial notice on its own; or

**(2)**     must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(d)          Timing.** The court may take judicial notice at any stage of the proceeding.

**(e)          Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

**(f)          Instructing the Jury.** In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

**Rule 202.          Judicial Notice of Other States' Law**

**(a)          Scope.** This rule governs judicial notice of another state's, territory's, or federal jurisdiction's:

- Constitution;
- public statutes;
- rules;
- regulations;
- ordinances;
- court decisions; and

- common law.

**(b) Taking Notice.** The court:

**(1)** may take judicial notice on its own; or

**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(c) Notice and Opportunity to Be Heard.**

**(1)** *Notice.* The court may require a party requesting judicial notice to notify all other parties of the request so they may respond to it.

**(2)** *Opportunity to Be Heard.* On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the matter to be noticed. If the court takes judicial notice before a party has been notified, the party, on request, is still entitled to be heard.

**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

**(e) Determination and Review.** The court—not the jury—must determine the law of another state, territory, or federal jurisdiction. The court's determination must be treated as a ruling on a question of law.

**Rule 203.    Determining Foreign Law**

**(a) Raising a Foreign Law Issue.** A party who intends to raise an issue about a foreign country's law must:

**(1)** give reasonable notice by a pleading or other writing; and

**(2)** at least 30 days before trial, supply all parties a copy of any written materials or sources the party intends to use to prove the foreign law.

**(b) Translations.** If the materials or sources were originally written in a language other than English, the party intending to rely on them must, at least 30 days before trial, supply all parties both a copy of the foreign language text and an English translation.

**(c) Materials the Court May Consider; Notice.** In determining foreign law, the court may consider any material or source, whether or not admissible. If the court considers any material or source not submitted by a party, it must give all parties notice and a reasonable opportunity to comment and submit additional materials.

**(d)** **Determination and Review.** The court—not the jury—must determine foreign law. The court's determination must be treated as a ruling on a question of law.

**Rule 204.** **Judicial Notice of Texas Municipal and County Ordinances, Texas Register Contents, and Published Agency Rules**

**(a)** **Scope.** This rule governs judicial notice of Texas municipal and county ordinances, the contents of the Texas Register, and agency rules published in the Texas Administrative Code.

**(b)** **Taking Notice.** The court:

   **(1)** may take judicial notice on its own; or

   **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(c)** **Notice and Opportunity to Be Heard.**

   **(1)** *Notice.* The court may require a party requesting judicial notice to notify all other parties of the request so they may respond to it.

   **(2)** *Opportunity to Be Heard.* On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the matter to be noticed. If the court takes judicial notice before a party has been notified, the party, on request, is still entitled to be heard.

**(d)** **Determination and Review.** The court—not the jury—must determine municipal and county ordinances, the contents of the Texas Register, and published agency rules. The court's determination must be treated as a ruling on a question of law.

## ARTICLE III.
## PRESUMPTIONS

[No rules adopted at this time.]

## ARTICLE IV.
## RELEVANCE AND ITS LIMITS

**Rule 401.** **Test for Relevant Evidence**

Evidence is relevant if:

**(a)**    it has any tendency to make a fact more or less probable than it would be without the evidence; and

**(b)**    the fact is of consequence in determining the action.


**Rule 402.       General Admissibility of Relevant Evidence**

Relevant evidence is admissible unless any of the following provides otherwise:

- the United States or Texas Constitution;
- a statute;
- these rules; or
- other rules prescribed under statutory authority.

Irrelevant evidence is not admissible.


**Rule 403.       Excluding Relevant Evidence for Prejudice, Confusion, or Other Reasons**

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.


**Rule 404.       Character Evidence; Crimes or Other Acts**

**(a)    Character Evidence.**

**(1)    *Prohibited Uses.*** Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

**(2)    *Exceptions for an Accused.***

**(A)**    In a criminal case, a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it.

**(B)**    In a civil case, a party accused of conduct involving moral turpitude may offer evidence of the party's pertinent trait, and if the evidence is admitted, the accusing party may offer evidence to rebut it.

**(3)    *Exceptions for a Victim.***

**(A)** In a criminal case, subject to the limitations in Rule 412, a defendant may offer evidence of a victim's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it.

**(B)** In a homicide case, the prosecutor may offer evidence of the victim's trait of peacefulness to rebut evidence that the victim was the first aggressor.

**(C)** In a civil case, a party accused of assaultive conduct may offer evidence of the victim's trait of violence to prove self-defense, and if the evidence is admitted, the accusing party may offer evidence of the victim's trait of peacefulness.

**(4)** *Exceptions for a Witness.* Evidence of a witness's character may be admitted under Rules 607, 608, and 609.

**(5)** *Definition of "Victim."* In this rule, "victim" includes an alleged victim.

**(b)** **Crimes, Wrongs, or Other Acts.**

**(1)** *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2)** *Permitted Uses; Notice in Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-in-chief.

**Rule 405.** **Methods of Proving Character**

**(a)** **By Reputation or Opinion.**

**(1)** *In General.* When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, inquiry may be made into relevant specific instances of the person's conduct.

**(2)** *Accused's Character in a Criminal Case.* In the guilt stage of a criminal case, a witness may testify to the defendant's character or character trait only if, before the day of the offense, the witness was familiar with the defendant's reputation or the facts or information that form the basis of the witness's opinion.

**(b)** **By Specific Instances of Conduct.** When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

## Rule 406. Habit; Routine Practice

Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

## Rule 407. Subsequent Remedial Measures; Notification of Defect

**(a)** **Subsequent Remedial Measures.** When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

- negligence;
- culpable conduct;
- a defect in a product or its design; or
- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

**(b)** **Notification of Defect.** A manufacturer's written notification to a purchaser of a defect in one of its products is admissible against the manufacturer to prove the defect.

**Comment to 2015 Restyling:** Rule 407 previously provided that evidence was not excluded if offered for a purpose not explicitly prohibited by the Rule. To improve the language of the Rule, it now provides that the court may admit evidence if offered for a permissible purpose. There is no intent to change the process for admitting evidence covered by the Rule. It remains the case that if offered for an impermissible purpose, it must be excluded, and if offered for a purpose not barred by the Rule, its admissibility remains governed by the general principles of Rules 402, 403, 801, etc.

## Rule 408. Compromise Offers and Negotiations

**(a)** **Prohibited Uses.** Evidence of the following is not admissible either to prove or disprove the validity or amount of a disputed claim:

**(1)** furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and

**(2)** conduct or statements made during compromise negotiations about the claim.

**(b)** **Permissible Uses.** The court may admit this evidence for another purpose, such as proving a party's or witness's bias, prejudice, or interest, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

**Comment to 2015 Restyling:** Rule 408 previously provided that evidence was not excluded if offered for a purpose not explicitly prohibited by the Rule. To improve the language of the Rule, it now provides that the court may admit evidence if offered for a permissible purpose. There is no intent to change the process for admitting evidence covered by the Rule. It remains the case that if offered for an impermissible purpose, it must be excluded, and if offered for a purpose not barred by the Rule, its admissibility remains governed by the general principles of Rules 402, 403, 801, etc.

The reference to "liability" has been deleted on the ground that the deletion makes the Rule flow better and easier to read, and because "liability" is covered by the broader term "validity." Courts have not made substantive decisions on the basis of any distinction between validity and liability. No change in current practice or in the coverage of the Rule is intended.

Finally, the sentence of the Rule referring to evidence "otherwise discoverable" has been deleted as superfluous. The intent of the sentence was to prevent a party from trying to immunize admissible information, such as a pre-existing document, through the pretense of disclosing it during compromise negotiations. But even without the sentence, the Rule cannot be read to protect pre-existing information simply because it was presented to the adversary in compromise negotiations.

**Rule 409.    Offers to Pay Medical and Similar Expenses**

Evidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is not admissible to prove liability for the injury.

**Rule 410.    Pleas, Plea Discussions, and Related Statements**

**(a)** **Prohibited Uses in Civil Cases.** In a civil case, evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions:

**(1)** a guilty plea that was later withdrawn;

**(2)** a nolo contendere plea;

**(3)**    a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or

**(4)**    a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

**(b)**    **Prohibited Uses in Criminal Cases.**  In a criminal case, evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions:

**(1)**    a guilty plea that was later withdrawn;

**(2)**    a nolo contendere plea that was later withdrawn;

**(3)**    a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or

**(4)**    a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty or nolo contendere plea or they resulted in a later-withdrawn guilty or nolo contendere plea.

**(c)**    **Exception.** In a civil case, the court may admit a statement described in paragraph (a)(3) or (4) and in a criminal case, the court may admit a statement described in paragraph (b)(3) or (4), when another statement made during the same plea or plea discussions has been introduced and in fairness the statements ought to be considered together.

## Rule 411.    Liability Insurance

Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or, if disputed, proving agency, ownership, or control.

## Rule 412.    Evidence of Previous Sexual Conduct in Criminal Cases

**(a)**    **In General.** The following evidence is not admissible in a prosecution for sexual assault, aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault:

**(1)**    reputation or opinion evidence of a victim's past sexual behavior; or

**(2)**    specific instances of a victim's past sexual behavior.

**(b)**     **Exceptions for Specific Instances.** Evidence of specific instances of a victim's past sexual behavior is admissible if:

    **(1)**     the court admits the evidence in accordance with subdivisions (c) and (d);

    **(2)**     the evidence:

        **(A)**     is necessary to rebut or explain scientific or medical evidence offered by the prosecutor;

        **(B)**     concerns past sexual behavior with the defendant and is offered by the defendant to prove consent;

        **(C)**     relates to the victim's motive or bias;

        **(D)**     is admissible under Rule 609; or

        **(E)**     is constitutionally required to be admitted; and

    **(3)**     the probative value of the evidence outweighs the danger of unfair prejudice.

**(c)**     **Procedure for Offering Evidence.** Before offering any evidence of the victim's past sexual behavior, the defendant must inform the court outside the jury's presence. The court must then conduct an in camera hearing, recorded by a court reporter, and determine whether the proposed evidence is admissible. The defendant may not refer to any evidence ruled inadmissible without first requesting and gaining the court's approval outside the jury's presence.

**(d)**     **Record Sealed.** The court must preserve the record of the in camera hearing, under seal, as part of the record.

**(e)**     **Definition of "Victim."** In this rule, "victim" includes an alleged victim.

## ARTICLE V.
## PRIVILEGES

### Rule 501.     Privileges in General

Unless a Constitution, a statute, or these or other rules prescribed under statutory authority provide otherwise, no person has a privilege to:

**(a)**     refuse to be a witness;

**(b)**     refuse to disclose any matter;

**(c)** refuse to produce any object or writing; or

**(d)** prevent another from being a witness, disclosing any matter, or producing any object or writing.

## Rule 502. Required Reports Privileged By Statute

**(a)** **In General.** If a law requiring a return or report to be made so provides:

**(1)** a person, corporation, association, or other organization or entity—whether public or private—that makes the required return or report has a privilege to refuse to disclose it and to prevent any other person from disclosing it; and

**(2)** a public officer or agency to whom the return or report must be made has a privilege to refuse to disclose it.

**(b)** **Exceptions.** This privilege does not apply in an action involving perjury, false statements, fraud in the return or report, or other failure to comply with the law in question.

## Rule 503. Lawyer–Client Privilege

**(a)** **Definitions.** In this rule:

**(1)** A "client" is a person, public officer, or corporation, association, or other organization or entity—whether public or private—that:

**(A)** is rendered professional legal services by a lawyer; or

**(B)** consults a lawyer with a view to obtaining professional legal services from the lawyer.

**(2)** A "client's representative" is:

**(A)** a person who has authority to obtain professional legal services for the client or to act for the client on the legal advice rendered; or

**(B)** any other person who, to facilitate the rendition of professional legal services to the client, makes or receives a confidential communication while acting in the scope of employment for the client.

**(3)** A "lawyer" is a person authorized, or who the client reasonably believes is authorized, to practice law in any state or nation.

**(4)** A "lawyer's representative" is:

    **(A)** one employed by the lawyer to assist in the rendition of professional legal services; or

    **(B)** an accountant who is reasonably necessary for the lawyer's rendition of professional legal services.

**(5)** A communication is "confidential" if not intended to be disclosed to third persons other than those:

    **(A)** to whom disclosure is made to further the rendition of professional legal services to the client; or

    **(B)** reasonably necessary to transmit the communication.

**(b)** **Rules of Privilege.**

**(1)** *General Rule*. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client:

    **(A)** between the client or the client's representative and the client's lawyer or the lawyer's representative;

    **(B)** between the client's lawyer and the lawyer's representative;

    **(C)** by the client, the client's representative, the client's lawyer, or the lawyer's representative to a lawyer representing another party in a pending action or that lawyer's representative, if the communications concern a matter of common interest in the pending action;

    **(D)** between the client's representatives or between the client and the client's representative; or

    **(E)** among lawyers and their representatives representing the same client.

**(2)** *Special Rule in a Criminal Case*. In a criminal case, a client has a privilege to prevent a lawyer or lawyer's representative from disclosing any other fact that came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney–client relationship.

**(c)** **Who May Claim.** The privilege may be claimed by:

**(1)** the client;

**(2)** the client's guardian or conservator;

**(3)** a deceased client's personal representative; or

**(4)** the successor, trustee, or similar representative of a corporation, association, or other organization or entity—whether or not in existence.

The person who was the client's lawyer or the lawyer's representative when the communication was made may claim the privilege on the client's behalf—and is presumed to have authority to do so.

**(d)** **Exceptions.** This privilege does not apply:

**(1)** *Furtherance of Crime or Fraud.* If the lawyer's services were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud.

**(2)** *Claimants Through Same Deceased Client.* If the communication is relevant to an issue between parties claiming through the same deceased client.

**(3)** *Breach of Duty By a Lawyer or Client.* If the communication is relevant to an issue of breach of duty by a lawyer to the client or by a client to the lawyer.

**(4)** *Document Attested By a Lawyer.* If the communication is relevant to an issue concerning an attested document to which the lawyer is an attesting witness.

**(5)** *Joint Clients.* If the communication:

**(A)** is offered in an action between clients who retained or consulted a lawyer in common;

**(B)** was made by any of the clients to the lawyer; and

**(C)** is relevant to a matter of common interest between the clients.

## Rule 504.  Spousal Privileges

**(a)** **Confidential Communication Privilege.**

**(1)** *Definition.* A communication is "confidential" if a person makes it privately to the person's spouse and does not intend its disclosure to any other person.

**(2)** *General Rule.* A person has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made to the person's

spouse while they were married. This privilege survives termination of the marriage.

**(3)** *Who May Claim.* The privilege may be claimed by:

**(A)** the communicating spouse;

**(B)** the guardian of a communicating spouse who is incompetent; or

**(C)** the personal representative of a communicating spouse who is deceased.

The other spouse may claim the privilege on the communicating spouse's behalf—and is presumed to have authority to do so.

**(4)** *Exceptions.* This privilege does not apply:

**(A)** *Furtherance of Crime or Fraud.* If the communication is made—wholly or partially—to enable or aid anyone to commit or plan to commit a crime or fraud.

**(B)** *Proceeding Between Spouse and Other Spouse or Claimant Through Deceased Spouse.* In a civil proceeding:

**(i)** brought by or on behalf of one spouse against the other; or

**(ii)** between a surviving spouse and a person claiming through the deceased spouse.

**(C)** *Crime Against Family, Spouse, Household Member, or Minor Child.* In a:

**(i)** proceeding in which a party is accused of conduct that, if proved, is a crime against the person of the other spouse, any member of the household of either spouse, or any minor child; or

**(ii)** criminal proceeding involving a charge of bigamy under Section 25.01 of the Penal Code.

**(D)** *Commitment or Similar Proceeding.* In a proceeding to commit either spouse or otherwise to place the spouse or the spouse's property under another's control because of a mental or physical condition.

**(E)** *Proceeding to Establish Competence.* In a proceeding brought by or on behalf of either spouse to establish competence.

**(b)**     **Privilege Not to Testify in a Criminal Case.**

    **(1)**     *General Rule*. In a criminal case, an accused's spouse has a privilege not to be called to testify for the state. But this rule neither prohibits a spouse from testifying voluntarily for the state nor gives a spouse a privilege to refuse to be called to testify for the accused.

    **(2)**     *Failure to Call Spouse.* If other evidence indicates that the accused's spouse could testify to relevant matters, an accused's failure to call the spouse to testify is a proper subject of comment by counsel.

    **(3)**     *Who May Claim*. The privilege not to testify may be claimed by the accused's spouse or the spouse's guardian or representative, but not by the accused.

    **(4)**     *Exceptions*. This privilege does not apply:

        **(A)**     *Certain Criminal Proceedings.* In a criminal proceeding in which a spouse is charged with:

            **(i)**     a crime against the other spouse, any member of the household of either spouse, or any minor child; or

            **(ii)**     bigamy under Section 25.01 of the Penal Code.

        **(B)**     *Matters That Occurred Before the Marriage*. If the spouse is called to testify about matters that occurred before the marriage.

**Comment to 2015 Restyling:** Previously, Rule 504(b)(1) provided that, "A spouse who testifies on behalf of an accused is subject to cross-examination as provided in Rule 611(b)." That sentence was included in the original version of Rule 504 when the Texas Rules of Criminal Evidence were promulgated in 1986 and changed the rule to a testimonial privilege held by the witness spouse. Until then, a spouse was deemed incompetent to testify against his or her defendant spouse, and when a spouse testified on behalf of a defendant spouse, the state was limited to cross-examining the spouse about matters relating to the spouse's direct testimony. The quoted sentence from the original Criminal Rule 504(b) was designed to overturn this limitation and allow the state to cross-examine a testifying spouse in the same manner as any other witness. More than twenty-five years later, it is clear that a spouse who testifies either for or against a defendant spouse may be cross-examined in the same manner as any other witness. Therefore, the continued inclusion in the rule of a provision that refers only to the cross-examination of a spouse who testifies on behalf of the accused is more confusing than helpful. Its deletion is designed to clarify the rule and does not change existing law.

**Rule 505.**     **Privilege For Communications to a Clergy Member**

**(a)**     **Definitions.** In this rule:

**(1)** A "clergy member" is a minister, priest, rabbi, accredited Christian Science Practitioner, or other similar functionary of a religious organization or someone whom a communicant reasonably believes is a clergy member.

**(2)** A "communicant" is a person who consults a clergy member in the clergy member's professional capacity as a spiritual adviser.

**(3)** A communication is "confidential" if made privately and not intended for further disclosure except to other persons present to further the purpose of the communication.

**(b)** **General Rule.** A communicant has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication by the communicant to a clergy member in the clergy member's professional capacity as spiritual adviser.

**(c)** **Who May Claim.** The privilege may be claimed by:

**(1)** the communicant;

**(2)** the communicant's guardian or conservator; or

**(3)** a deceased communicant's personal representative.

The clergy member to whom the communication was made may claim the privilege on the communicant's behalf—and is presumed to have authority to do so.

## Rule 506.       Political Vote Privilege

A person has a privilege to refuse to disclose the person's vote at a political election conducted by secret ballot unless the vote was cast illegally.

## Rule 507.       Trade Secrets Privilege

**(a)** **General Rule.** A person has a privilege to refuse to disclose and to prevent other persons from disclosing a trade secret owned by the person, unless the court finds that nondisclosure will tend to conceal fraud or otherwise work injustice.

**(b)** **Who May Claim.** The privilege may be claimed by the person who owns the trade secret or the person's agent or employee.

**(c)** **Protective Measure.** If a court orders a person to disclose a trade secret, it must take any protective measure required by the interests of the privilege holder and the parties and to further justice.

**Rule 508.**        **Informer's Identity Privilege**

**(a)**        **General Rule.** The United States, a state, or a subdivision of either has a privilege to refuse to disclose a person's identity if:

   **(1)**        the person has furnished information to a law enforcement officer or a member of a legislative committee or its staff conducting an investigation of a possible violation of law; and

   **(2)**        the information relates to or assists in the investigation.

**(b)**        **Who May Claim.** The privilege may be claimed by an appropriate representative of the public entity to which the informer furnished the information. The court in a criminal case must reject the privilege claim if the state objects.

**(c)**        **Exceptions.**

   **(1)**        *Voluntary Disclosure; Informer a Witness.* This privilege does not apply if:

      **(A)**        the informer's identity or the informer's interest in the communication's subject matter has been disclosed—by a privilege holder or the informer's own action—to a person who would have cause to resent the communication; or

      **(B)**        the informer appears as a witness for the public entity.

   **(2)**        *Testimony About the Merits.*

      **(A)**        *Criminal Case.* In a criminal case, this privilege does not apply if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence. If the court so finds and the public entity elects not to disclose the informer's identity:

         **(i)**        on the defendant's motion, the court must dismiss the charges to which the testimony would relate; or

         **(ii)**        on its own motion, the court may dismiss the charges to which the testimony would relate.

      **(B)**        *Certain Civil Cases.* In a civil case in which the public entity is a party, this privilege does not apply if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of a material issue on the merits. If the court so finds and the public entity elects not to disclose the informer's identity, the court may make any order that justice requires.

**(C)** *Procedures.*

    **(i)**    If it appears that an informer may be able to give the testimony required to invoke this exception and the public entity claims the privilege, the court must give the public entity an opportunity to show in camera facts relevant to determining whether this exception is met. The showing should ordinarily be made by affidavits, but the court may take testimony if it finds the matter cannot be satisfactorily resolved by affidavits.

    **(ii)**    No counsel or party may attend the in camera showing.

    **(iii)**    The court must seal and preserve for appeal evidence submitted under this subparagraph (2)(C). The evidence must not otherwise be revealed without the public entity's consent.

**(3)** *Legality of Obtaining Evidence.*

**(A)** *Court May Order Disclosure.* The court may order the public entity to disclose an informer's identity if:

    **(i)**    information from an informer is relied on to establish the legality of the means by which evidence was obtained; and

    **(ii)**    the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible.

**(B)** *Procedures.*

    **(i)**    On the public entity's request, the court must order the disclosure be made in camera.

    **(ii)**    No counsel or party may attend the in camera disclosure.

    **(iii)**    If the informer's identity is disclosed in camera, the court must seal and preserve for appeal the record of the in camera proceeding. The record of the in camera proceeding must not otherwise be revealed without the public entity's consent.

**Rule 509.**     **Physician–Patient Privilege**

**(a)**     **Definitions.** In this rule:

**(1)**     A "patient" is a person who consults or is seen by a physician for medical care.

**(2)** A "physician" is a person licensed, or who the patient reasonably believes is licensed, to practice medicine in any state or nation.

**(3)** A communication is "confidential" if not intended to be disclosed to third persons other than those:

**(A)** present to further the patient's interest in the consultation, examination, or interview;

**(B)** reasonably necessary to transmit the communication; or

**(C)** participating in the diagnosis and treatment under the physician's direction, including members of the patient's family.

**(b)** **Limited Privilege in a Criminal Case.** There is no physician–patient privilege in a criminal case. But a confidential communication is not admissible in a criminal case if made:

**(1)** to a person involved in the treatment of or examination for alcohol or drug abuse; and

**(2)** by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse.

**(c)** **General Rule in a Civil Case.** In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:

**(1)** a confidential communication between a physician and the patient that relates to or was made in connection with any professional services the physician rendered the patient; and

**(2)** a record of the patient's identity, diagnosis, evaluation, or treatment created or maintained by a physician.

**(d)** **Who May Claim in a Civil Case.** The privilege may be claimed by:

**(1)** the patient; or

**(2)** the patient's representative on the patient's behalf.

The physician may claim the privilege on the patient's behalf—and is presumed to have authority to do so.

**(e)** **Exceptions in a Civil Case.** This privilege does not apply:

**(1)** ***Proceeding Against Physician.*** If the communication or record is relevant to a claim or defense in:

    **(A)** a proceeding the patient brings against a physician; or

    **(B)** a license revocation proceeding in which the patient is a complaining witness.

**(2)** ***Consent.*** If the patient or a person authorized to act on the patient's behalf consents in writing to the release of any privileged information, as provided in subdivision (f).

**(3)** ***Action to Collect.*** In an action to collect a claim for medical services rendered to the patient.

**(4)** ***Party Relies on Patient's Condition.*** If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.

**(5)** ***Disciplinary Investigation or Proceeding.*** In a disciplinary investigation of or proceeding against a physician under the Medical Practice Act, Tex. Occ. Code § 164.001 et seq., or a registered nurse under Tex. Occ. Code § 301.451 et seq. But the board conducting the investigation or proceeding must protect the identity of any patient whose medical records are examined unless:

    **(A)** the patient's records would be subject to disclosure under paragraph (e)(1); or

    **(B)** the patient has consented in writing to the release of medical records, as provided in subdivision (f).

**(6)** ***Involuntary Civil Commitment or Similar Proceeding.*** In a proceeding for involuntary civil commitment or court-ordered treatment, or a probable cause hearing under Tex. Health & Safety Code:

    **(A)** chapter 462 (Treatment of Persons With Chemical Dependencies);

    **(B)** title 7, subtitle C (Texas Mental Health Code); or

    **(C)** title 7, subtitle D (Persons With an Intellectual Disability Act).

**(7)** ***Abuse or Neglect of "Institution" Resident.*** In a proceeding regarding the abuse or neglect, or the cause of any abuse or neglect, of a resident of an "institution" as defined in Tex. Health & Safety Code § 242.002.

**(f)    Consent For Release of Privileged Information.**

> **(1)**    Consent for the release of privileged information must be in writing and signed by:
>
> > **(A)**    the patient;
> >
> > **(B)**    a parent or legal guardian if the patient is a minor;
> >
> > **(C)**    a legal guardian if the patient has been adjudicated incompetent to manage personal affairs;
> >
> > **(D)**    an attorney appointed for the patient under Tex. Health & Safety Code title 7, subtitles C and D;
> >
> > **(E)**    an attorney ad litem appointed for the patient under Tex. Estates Code title 3, subtitle C;
> >
> > **(F)**    an attorney ad litem or guardian ad litem appointed for a minor under Tex. Fam. Code chapter 107, subchapter B; or
> >
> > **(G)**    a personal representative if the patient is deceased.
>
> **(2)**    The consent must specify:
>
> > **(A)**    the information or medical records covered by the release;
> >
> > **(B)**    the reasons or purposes for the release; and
> >
> > **(C)**    the person to whom the information is to be released.
>
> **(3)**    The patient, or other person authorized to consent, may withdraw consent to the release of any information. But a withdrawal of consent does not affect any information disclosed before the patient or authorized person gave written notice of the withdrawal.
>
> **(4)**    Any person who receives information privileged under this rule may disclose the information only to the extent consistent with the purposes specified in the consent.

**Comment to 2015 Restyling:** The physician–patient privilege in a civil case was first enacted in Texas in 1981 as part of the Medical Practice Act, formerly codified in Tex. Rev. Civ. Stat. art. 4495b. That statute provided that the privilege applied even if a patient had received a physician's services before the statute's enactment. Because more than thirty years have now passed, it is no longer necessary to burden the text of the rule with a statement regarding the privilege's retroactive application. But deleting this statement from the rule's text is not intended as a substantive change in the law.

The former rule's reference to "confidentiality or" and "administrative proceedings" in subdivision (e) [Exceptions in a Civil Case] has been deleted. First, this rule is a privilege rule only. Tex. Occ. Code § 159.004 sets forth exceptions to a physician's duty to maintain confidentiality of patient information outside court and administrative proceedings. Second, by their own terms the rules of evidence govern only proceedings in Texas courts. See Rule 101(b). To the extent the rules apply in administrative proceedings, it is because the Administrative Procedure Act mandates their applicability. Tex. Gov't Code § 2001.083 provides that "[i]n a contested case, a state agency shall give effect to the rules of privilege recognized by law." Section 2001.091 excludes privileged material from discovery in contested administrative cases.

Statutory references in the former rule that are no longer up-to-date have been revised. Finally, reconciling the provisions of Rule 509 with the parts of Tex. Occ. Code ch. 159 that address a physician-patient privilege applicable to court proceedings is beyond the scope of the restyling project.

## Rule 510.    Mental Health Information Privilege in Civil Cases

**(a)    Definitions.** In this rule:

    **(1)**    A "professional" is a person:

        **(A)**    authorized to practice medicine in any state or nation;

        **(B)**    licensed or certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional disorder;

        **(C)**    involved in the treatment or examination of drug abusers; or

        **(D)**    who the patient reasonably believes to be a professional under this rule.

    **(2)**    A "patient" is a person who:

        **(A)**    consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism and drug addiction; or

        **(B)**    is being treated voluntarily or being examined for admission to voluntary treatment for drug abuse.

    **(3)**    A "patient's representative" is:

        **(A)**    any person who has the patient's written consent;

        **(B)**    the parent of a minor patient;

**(C)** the guardian of a patient who has been adjudicated incompetent to manage personal affairs; or

**(D)** the personal representative of a deceased patient.

**(4)** A communication is "confidential" if not intended to be disclosed to third persons other than those:

**(A)** present to further the patient's interest in the diagnosis, examination, evaluation, or treatment;

**(B)** reasonably necessary to transmit the communication; or

**(C)** participating in the diagnosis, examination, evaluation, or treatment under the professional's direction, including members of the patient's family.

**(b)** **General Rule; Disclosure.**

**(1)** In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:

**(A)** a confidential communication between the patient and a professional; and

**(B)** a record of the patient's identity, diagnosis, evaluation, or treatment that is created or maintained by a professional.

**(2)** In a civil case, any person—other than a patient's representative acting on the patient's behalf—who receives information privileged under this rule may disclose the information only to the extent consistent with the purposes for which it was obtained.

**(c)** **Who May Claim.** The privilege may be claimed by:

**(1)** the patient; or

**(2)** the patient's representative on the patient's behalf.

The professional may claim the privilege on the patient's behalf—and is presumed to have authority to do so.

**(d)** **Exceptions.** This privilege does not apply:

**(1)** *Proceeding Against Professional.* If the communication or record is relevant to a claim or defense in:

**(A)** a proceeding the patient brings against a professional; or

**(B)** a license revocation proceeding in which the patient is a complaining witness.

**(2)** *Written Waiver.* If the patient or a person authorized to act on the patient's behalf waives the privilege in writing.

**(3)** *Action to Collect.* In an action to collect a claim for mental or emotional health services rendered to the patient.

**(4)** *Communication Made in Court-Ordered Examination.* To a communication the patient made to a professional during a court-ordered examination relating to the patient's mental or emotional condition or disorder if:

   **(A)** the patient made the communication after being informed that it would not be privileged;

   **(B)** the communication is offered to prove an issue involving the patient's mental or emotional health; and

   **(C)** the court imposes appropriate safeguards against unauthorized disclosure.

**(5)** *Party Relies on Patient's Condition.* If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.

**(6)** *Abuse or Neglect of "Institution" Resident.* In a proceeding regarding the abuse or neglect, or the cause of any abuse or neglect, of a resident of an "institution" as defined in Tex. Health & Safety Code § 242.002.

**Comment to 2015 Restyling:** The mental-health-information privilege in civil cases was enacted in Texas in 1979. Tex. Rev. Civ. Stat. art. 5561h (later codified at Tex. Health & Safety Code § 611.001 et seq.) provided that the privilege applied even if the patient had received the professional's services before the statute's enactment. Because more than thirty years have now passed, it is no longer necessary to burden the text of the rule with a statement regarding the privilege's retroactive application. But deleting this statement from the rule's text is not intended as a substantive change in the law.

Tex. Health & Safety Code ch. 611 addresses confidentiality rules for communications between a patient and a mental-health professional and for the professional's treatment records. Many of these provisions apply in contexts other than court proceedings. Reconciling the provisions of Rule 510 with the parts of chapter 611 that address a mental-health-information privilege applicable to court proceedings is beyond the scope of the restyling project.

**Rule 511.** **Waiver by Voluntary Disclosure**

**(a)** **General Rule.**

A person upon whom these rules confer a privilege against disclosure waives the privilege if:

**(1)** the person or a predecessor of the person while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged; or

**(2)** the person or a representative of the person calls a person to whom privileged communications have been made to testify as to the person's character or character trait insofar as such communications are relevant to such character or character trait.

**(b)** **Lawyer-Client Privilege and Work Product; Limitations on Waiver.**

Notwithstanding paragraph (a), the following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the lawyer-client privilege or work-product protection.

**(1)** *Disclosure Made in a Federal or State Proceeding or to a Federal or State Office or Agency; Scope of a Waiver.* When the disclosure is made in a federal proceeding or state proceeding of any state or to a federal office or agency or state office or agency of any state and waives the lawyer-client privilege or work-product protection, the waiver extends to an undisclosed communication or information only if:

**(A)** the waiver is intentional;

**(B)** the disclosed and undisclosed communications or information concern the same subject matter; and

**(C)** they ought in fairness to be considered together.

**(2)** *Inadvertent Disclosure in State Civil Proceedings.* When made in a Texas state proceeding, an inadvertent disclosure does not operate as a waiver if the holder followed the procedures of Rule of Civil Procedure 193.3(d).

**(3)** *Controlling Effect of a Court Order.* A disclosure made in litigation pending before a federal court or a state court of any state that has entered an order that the privilege or protection is not waived by disclosure connected with the litigation pending before that court is also not a waiver in a Texas state proceeding.

**(4)** *Controlling Effect of a Party Agreement.* An agreement on the effect of disclosure in a state proceeding of any state is binding only on the parties to the agreement, unless it is incorporated into a court order.

**Comment to 2015 Restyling:** The amendments to Rule 511 are designed to align Texas law with federal law on waiver of privilege by voluntary disclosure. Subsection (a) sets forth the general rule. Subsection (b) incorporates the provisions of Federal Rule of Evidence 502. Like the federal rule, subsection (b) only addresses disclosure of communications or information covered by the lawyer-client privilege or work-product protection. These amendments do not affect the law governing waiver of other privileges or protections.

### Rule 512. Privileged Matter Disclosed Under Compulsion or Without Opportunity to Claim Privilege

A privilege claim is not defeated by a disclosure that was:

**(a)** compelled erroneously; or

**(b)** made without opportunity to claim the privilege.

### Rule 513. Comment On or Inference From a Privilege Claim; Instruction

**(a)** **Comment or Inference Not Permitted.** Except as permitted in Rule 504(b)(2), neither the court nor counsel may comment on a privilege claim—whether made in the present proceeding or previously—and the factfinder may not draw an inference from the claim.

**(b)** **Claiming Privilege Without the Jury's Knowledge.** To the extent practicable, the court must conduct a jury trial so that the making of a privilege claim is not suggested to the jury by any means.

**(c)** **Claim of Privilege Against Self-Incrimination in a Civil Case.** Subdivisions (a) and (b) do not apply to a party's claim, in the present civil case, of the privilege against self-incrimination.

**(d)** **Jury Instruction.** When this rule forbids a jury from drawing an inference from a privilege claim, the court must, on request of a party against whom the jury might draw the inference, instruct the jury accordingly.

### ARTICLE VI.
### WITNESSES

### Rule 601. Competency to Testify in General; "Dead Man's Rule"

**(a)** **In General.** Every person is competent to be a witness unless these rules provide otherwise. The following witnesses are incompetent:

  **(1)** *Insane Persons.* A person who is now insane or was insane at the time of the events about which the person is called to testify.

  **(2)** *Persons Lacking Sufficient Intellect.* A child—or any other person—whom the court examines and finds lacks sufficient intellect to testify concerning the matters in issue.

**(b)** **The "Dead Man's Rule."**

  **(1)** *Applicability.* The "Dead Man's Rule" applies only in a civil case:

    **(A)** by or against a party in the party's capacity as an executor, administrator, or guardian; or

    **(B)** by or against a decedent's heirs or legal representatives and based in whole or in part on the decedent's oral statement.

  **(2)** *General Rule.* In cases described in subparagraph (b)(1)(A), a party may not testify against another party about an oral statement by the testator, intestate, or ward. In cases described in subparagraph (b)(1)(B), a party may not testify against another party about an oral statement by the decedent.

  **(3)** *Exceptions.* A party may testify against another party about an oral statement by the testator, intestate, ward, or decedent if:

    **(A)** the party's testimony about the statement is corroborated; or

    **(B)** the opposing party calls the party to testify at the trial about the statement.

  **(4)** *Instructions.* If a court excludes evidence under paragraph (b)(2), the court must instruct the jury that the law prohibits a party from testifying about an oral statement by the testator, intestate, ward, or decedent unless the oral statement is corroborated or the opposing party calls the party to testify at the trial about the statement.

**Comment to 2015 Restyling:** The text of the "Dead Man's Rule" has been streamlined to clarify its meaning without making any substantive changes. The text of former Rule 601(b) (as well as its statutory predecessor, Vernon's Ann. Civ. St. art. 3716) prohibits only a "party" from testifying about the dead man's statements. Despite this, the last sentence of former Rule 601(b) requires the court to instruct the jury when the rule "prohibits an interested party or witness" from testifying. Because the rule prohibits only a "party" from testifying, restyled Rule 601(b)(4) references only "a party," and not "an interested party or witness." To be sure, courts have indicated that the rule (or its statutory predecessor) may be applicable to a witness who is not

nominally a party and inapplicable to a witness who is only nominally a party. *See, e.g.*, *Chandler v. Welborn*, 156 Tex. 312, 294 S.W.2d 801, 809 (1956); *Ragsdale v. Ragsdale*, 142 Tex. 476, 179 S.W.2d 291, 295 (1944). But these decisions are based on an interpretation of the meaning of "party." Therefore, limiting the court's instruction under restyled Rule 601(b)(4) to "a party" does not change Texas practice. In addition, restyled Rule 601(b) deletes the sentence in former Rule 601(b) that states "[e]xcept for the foregoing, a witness is not precluded from giving evidence . . . because the witness is a party to the action . . ." This sentence is surplusage. Rule 601(b) is a rule of exclusion. If the testimony falls outside the rule of exclusion, its admissibility will be determined by other applicable rules of evidence.

## Rule 602.      Need for Personal Knowledge

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

## Rule 603.      Oath or Affirmation to Testify Truthfully

Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience.

## Rule 604.      Interpreter

An interpreter must be qualified and must give an oath or affirmation to make a true translation.

## Rule 605.      Judge's Competency as a Witness

The presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue.

## Rule 606.      Juror's Competency as a Witness

**(a)**     **At the Trial.** A juror may not testify as a witness before the other jurors at the trial. If a juror is called to testify, the court must give a party an opportunity to object outside the jury's presence.

**(b)**     **During an Inquiry into the Validity of a Verdict or Indictment.**

> **(1)**     ***Prohibited Testimony or Other Evidence***. During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident

that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

**(2)** *Exceptions.* A juror may testify:

**(A)** about whether an outside influence was improperly brought to bear on any juror; or

**(B)** to rebut a claim that the juror was not qualified to serve.

**Rule 607.** **Who May Impeach a Witness**

Any party, including the party that called the witness, may attack the witness's credibility.

**Rule 608.** **A Witness's Character for Truthfulness or Untruthfulness**

**(a)** **Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

**(b)** **Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness.

**Rule 609.** **Impeachment by Evidence of a Criminal Conviction**

**(a)** **In General.** Evidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if:

**(1)** the crime was a felony or involved moral turpitude, regardless of punishment;

**(2)** the probative value of the evidence outweighs its prejudicial effect to a party; and

**(3)** it is elicited from the witness or established by public record.

**(b)** **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

**(c)** **Effect of a Pardon, Annulment, or Certificate of Rehabilitation.** Evidence of a conviction is not admissible if:

**(1)** the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated, and the person has not been convicted of a later crime that was classified as a felony or involved moral turpitude, regardless of punishment;

**(2)** probation has been satisfactorily completed for the conviction, and the person has not been convicted of a later crime that was classified as a felony or involved moral turpitude, regardless of punishment; or

**(3)** the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

**(d)** **Juvenile Adjudications**. Evidence of a juvenile adjudication is admissible under this rule only if:

**(1)** the witness is a party in a proceeding conducted under title 3 of the Texas Family Code; or

**(2)** the United States or Texas Constitution requires that it be admitted.

**(e)** **Pendency of an Appeal.** A conviction for which an appeal is pending is not admissible under this rule.

**(f)** **Notice.** Evidence of a witness's conviction is not admissible under this rule if, after receiving from the adverse party a timely written request specifying the witness, the proponent of the conviction fails to provide sufficient written notice of intent to use the conviction. Notice is sufficient if it provides a fair opportunity to contest the use of such evidence.


**Rule 610.** **Religious Beliefs or Opinions**

Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility.


**Rule 611.** **Mode and Order of Examining Witnesses and Presenting Evidence**

**(a)** **Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

**(1)** make those procedures effective for determining the truth;

**(2)** avoid wasting time; and

**(3)** protect witnesses from harassment or undue embarrassment.

**(b)** **Scope of Cross-Examination.** A witness may be cross-examined on any relevant matter, including credibility.

**(c)** **Leading Questions.** Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:

> **(1)** on cross-examination; and
>
> **(2)** when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.

## Rule 612. Writing Used to Refresh a Witness's Memory

**(a)** **Scope.** This rule gives an adverse party certain options when a witness uses a writing to refresh memory:

> **(1)** while testifying;
>
> **(2)** before testifying, in civil cases, if the court decides that justice requires the party to have those options; or
>
> **(3)** before testifying, in criminal cases.

**(b)** **Adverse Party's Options; Deleting Unrelated Matter.** An adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.

**(c)** **Failure to Produce or Deliver the Writing.** If a writing is not produced or is not delivered as ordered, the court may issue any appropriate order. But if the prosecution does not comply in a criminal case, the court must strike the witness's testimony or—if justice so requires—declare a mistrial.

## Rule 613. Witness's Prior Statement and Bias or Interest

**(a)** **Witness's Prior Inconsistent Statement.**

> **(1)** *Foundation Requirement.* When examining a witness about the witness's prior inconsistent statement—whether oral or written—a party must first tell the witness:

**(A)** the contents of the statement;

**(B)** the time and place of the statement; and

**(C)** the person to whom the witness made the statement.

**(2)** *Need Not Show Written Statement.* If the witness's prior inconsistent statement is written, a party need not show it to the witness before inquiring about it, but must, upon request, show it to opposing counsel.

**(3)** *Opportunity to Explain or Deny.* A witness must be given the opportunity to explain or deny the prior inconsistent statement.

**(4)** *Extrinsic Evidence.* Extrinsic evidence of a witness's prior inconsistent statement is not admissible unless the witness is first examined about the statement and fails to unequivocally admit making the statement.

**(5)** *Opposing Party's Statement.* This subdivision (a) does not apply to an opposing party's statement under Rule 801(e)(2).

**(b)** **Witness's Bias or Interest.**

**(1)** *Foundation Requirement.* When examining a witness about the witness's bias or interest, a party must first tell the witness the circumstances or statements that tend to show the witness's bias or interest. If examining a witness about a statement— whether oral or written—to prove the witness's bias or interest, a party must tell the witness:

**(A)** the contents of the statement;

**(B)** the time and place of the statement; and

**(C)** the person to whom the statement was made.

**(2)** *Need Not Show Written Statement.* If a party uses a written statement to prove the witness's bias or interest, a party need not show the statement to the witness before inquiring about it, but must, upon request, show it to opposing counsel.

**(3)** *Opportunity to Explain or Deny.* A witness must be given the opportunity to explain or deny the circumstances or statements that tend to show the witness's bias or interest. And the witness's proponent may present evidence to rebut the charge of bias or interest.

**(4)** *Extrinsic Evidence.* Extrinsic evidence of a witness's bias or interest is not admissible unless the witness is first examined about the bias or interest and fails to unequivocally admit it.

**(c)**      **Witness's Prior Consistent Statement.** Unless Rule 801(e)(1)(B) provides otherwise, a witness's prior consistent statement is not admissible if offered solely to enhance the witness's credibility.

**Comment to 2015 Restyling:** The amended rule retains the requirement that a witness be given an opportunity to explain or deny (a) a prior inconsistent statement or (b) the circumstances or a statement showing the witness's bias or interest, but this requirement is not imposed on the examining attorney. A witness may have to wait until redirect examination to explain a prior inconsistent statement or the circumstances or a statement that shows bias. But the impeaching attorney still is not permitted to introduce extrinsic evidence of the witness's prior inconsistent statement or bias unless the witness has first been examined about the statement or bias and has failed to unequivocally admit it. All other changes to the rule are intended to be stylistic only.

## Rule 614.      Excluding Witnesses

At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

**(a)**      a party who is a natural person and, in civil cases, that person's spouse;

**(b)**      after being designated as the party's representative by its attorney:

     **(1)**      in a civil case, an officer or employee of a party that is not a natural person; or

     **(2)**      in a criminal case, a defendant that is not a natural person;

**(c)**      a person whose presence a party shows to be essential to presenting the party's claim or defense; or

**(d)**      the victim in a criminal case, unless the court determines that the victim's testimony would be materially affected by hearing other testimony at the trial.

## Rule 615.      Producing a Witness's Statement in Criminal Cases

**(a)**      **Motion to Produce.** After a witness other than the defendant testifies on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the state or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that:

     (1)      is in their possession;
     (2)      relates to the subject matter of the witness's testimony; and
     (3)      has not previously been produced.

**(b)** **Producing the Entire Statement.** If the entire statement relates to the subject matter of the witness's testimony, the court must order that the statement be delivered to the moving party.

**(c)** **Producing a Redacted Statement.** If the party who called the witness claims that the statement contains information that does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any unrelated portions, the court must order delivery of the redacted statement to the moving party. If a party objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.

**(d)** **Recess to Examine a Statement.** If the court orders production of a witness's statement, the court, on request, must recess the proceedings to allow the moving party time to examine the statement and prepare for its use.

**(e)** **Sanction for Failure to Produce or Deliver a Statement.** If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record. If an attorney for the state disobeys the order, the court must declare a mistrial if justice so requires.

**(f)** **"Statement" Defined.** As used in this rule, a witness's "statement'' means:

**(1)** a written statement that the witness makes and signs, or otherwise adopts or approves;

**(2)** a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

**(3)** the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Comment to 2015 Amendment: The Michael Morton Act, codified at Texas Code of Criminal Procedure art. 39.14, affords defendants substantial pre-trial discovery, requiring the state, upon request from the defendant, to produce and permit the defendant to inspect and copy various items, including witness statements. In many instances, therefore, art. 39.14 eliminates the need, after the witness testifies on direct examination, for a defendant to request, and the court to order, production of a witness's statement.

But art. 39.14 does not entirely eliminate the need for in-trial discovery of witness statements. Art. 39.14 does not extend equivalent discovery rights to the prosecution, and so prosecutors will still need to use Rule 615 to obtain witness statements of defense witnesses. Moreover, some defendants may fail to exercise their discovery rights under art. 39.14 and so may wish to obtain a witness statement under Rule 615. In addition, the Michael Morton Act applies only to the prosecution of offenses committed after December 31, 2013. Defendants on trial for offenses

committed before then have no right to pre-trial discovery of the witness statements of prosecution witnesses.

Consequently, Rule 615(a) has been amended to account for the changed pre-trial discovery regime introduced by the Michael Morton Act. If a party's adversary has already produced a witness's statement – whether through formal discovery under art. 39.14 or through more informal means – Rule 615(a) no longer gives a party the right to obtain, after the witness testifies on direct examination, a court order for production of the witness's statement. But if a party's adversary has not already produced a witness's statement, the party may still use Rule 615(a) to request and obtain a court order requiring production of the witness's statement after the witness finishes testifying on direct examination.

# ARTICLE VII.
## OPINIONS AND EXPERT TESTIMONY

### Rule 701.     Opinion Testimony by Lay Witnesses

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

**(a)**     rationally based on the witness's perception; and

**(b)**     helpful to clearly understanding the witness's testimony or to determining a fact in issue.

**Comment to 2015 Restyling:** All references to an "inference" have been deleted because this makes the Rule flow better and easier to read, and because any "inference" is covered by the broader term "opinion." Courts have not made substantive decisions on the basis of any distinction between an opinion and an inference. No change in current practice is intended.

### Rule 702.     Testimony by Expert Witnesses

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

### Rule 703.     Bases of an Expert's Opinion Testimony

An expert may base an opinion on facts or data in the case that the expert has been made aware of, reviewed, or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

**Comment to 2015 Restyling:** All references to an "inference" have been deleted because this makes the Rule flow better and easier to read, and because any "inference" is covered by the broader term "opinion." Courts have not made substantive decisions on the basis of any distinction between an opinion and an inference. No change in current practice is intended.


**Rule 704.       Opinion on an Ultimate Issue**

An opinion is not objectionable just because it embraces an ultimate issue.


**Rule 705.       Disclosing the Underlying Facts or Data and Examining an Expert About Them**

**(a)**    **Stating an Opinion Without Disclosing the Underlying Facts or Data.** Unless the court orders otherwise, an expert may state an opinion—and give the reasons for it—without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination.

**(b)**    **Voir Dire Examination of an Expert About the Underlying Facts or Data.** Before an expert states an opinion or discloses the underlying facts or data, an adverse party in a civil case may—or in a criminal case must—be permitted to examine the expert about the underlying facts or data. This examination must take place outside the jury's hearing.

**(c)**    **Admissibility of Opinion.** An expert's opinion is inadmissible if the underlying facts or data do not provide a sufficient basis for the opinion.

**(d)**    **When Otherwise Inadmissible Underlying Facts or Data May Be Disclosed; Instructing the Jury.** If the underlying facts or data would otherwise be inadmissible, the proponent of the opinion may not disclose them to the jury if their probative value in helping the jury evaluate the opinion is outweighed by their prejudicial effect. If the court allows the proponent to disclose those facts or data the court must, upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly.

**Comment to 2015 Restyling:** All references to an "inference" have been deleted because this makes the Rule flow better and easier to read, and because any "inference" is covered by the broader term "opinion." Courts have not made substantive decisions on the basis of any distinction between an opinion and an inference. No change in current practice is intended.


**Rule 706.       Audit in Civil Cases**

Notwithstanding any other evidence rule, the court must admit an auditor's verified report prepared under Rule of Civil Procedure 172 and offered by a party. If a party files exceptions to the report, a party may offer evidence supporting the exceptions to contradict the report.

## ARTICLE VIII.
## HEARSAY

**Rule 801.      Definitions That Apply to This Article; Exclusions from Hearsay**

**(a)      Statement.** "Statement" means a person's oral or written verbal expression, or nonverbal conduct that a person intended as a substitute for verbal expression.

**(b)      Declarant.** "Declarant" means the person who made the statement.

**(c)      Matter Asserted.** "Matter asserted" means:

**(1)**      any matter a declarant explicitly asserts; and

**(2)**      any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief about the matter.

**(d)      Hearsay.** "Hearsay" means a statement that:

**(1)**      the declarant does not make while testifying at the current trial or hearing; and

**(2)**      a party offers in evidence to prove the truth of the matter asserted in the statement.

**(e)      Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:

**(1)**      *A Declarant-Witness's Prior Statement.* The declarant testifies and is subject to cross-examination about a prior statement, and the statement:

**(A)**      is inconsistent with the declarant's testimony and:

**(i)**      when offered in a civil case, was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition; or

**(ii)**      when offered in a criminal case, was given under penalty of perjury at a trial, hearing, or other proceeding—except a grand jury proceeding—or in a deposition;

**(B)** is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

**(C)** identifies a person as someone the declarant perceived earlier.

**(2)** *An Opposing Party's Statement.* The statement is offered against an opposing party and:

**(A)** was made by the party in an individual or representative capacity;

**(B)** is one the party manifested that it adopted or believed to be true;

**(C)** was made by a person whom the party authorized to make a statement on the subject;

**(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

**(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.

**(3)** *A Deponent's Statement.* In a civil case, the statement was made in a deposition taken in the same proceeding. "Same proceeding" is defined in Rule of Civil Procedure 203.6(b). The deponent's unavailability as a witness is not a requirement for admissibility.

**Comment to 2015 Restyling:** Statements falling under the hearsay exclusion provided by Rule 801(e)(2) are no longer referred to as "admissions" in the title to the subdivision. The term "admissions" is confusing because not all statements covered by the exclusion are admissions in the colloquial sense—a statement can be within the exclusion even if it "admitted" nothing and was not against the party's interest when made. The term "admissions" also raises confusion in comparison with the Rule 803(24) exception for declarations against interest. No change in application of the exclusion is intended.

The deletion of former Rule 801(e)(1)(D), which cross-references Code of Criminal Procedure art. 38.071, is not intended as a substantive change. Including this cross-reference made sense when the Texas Rules of Criminal Evidence were first promulgated, but with subsequent changes to the statutory provision, its inclusion is no longer appropriate. The version of article 38.071 that was initially cross-referenced in the Rules of Criminal Evidence required the declarant-victim to be available to testify at the trial. That requirement has since been deleted from the statute, and the statute no longer requires either the availability or testimony of the declarant-victim. Thus, cross-referencing the statute in Rule 801(e)(1), which applies only when the declarant testifies at trial about the prior statement, no longer makes sense. Moreover, article 38.071 is but one of a number of statutes that mandate the admission of certain hearsay statements in particular circumstances. *See, e.g.*, Code of Criminal Procedure art. 38.072; Family Code §§ 54.031,

104.002, 104.006. These statutory provisions take precedence over the general rule excluding hearsay, see Rules 101(c) and 802, and there is no apparent justification for cross-referencing article 38.071 and not all other such provisions.

**Rule 802.      The Rule Against Hearsay**

Hearsay is not admissible unless any of the following provides otherwise:

- a statute;
- these rules; or
- other rules prescribed under statutory authority.

Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay.

**Rule 803.      Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant Is Available as a Witness**

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

**(1)**    *Present Sense Impression.* A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.

**(2)**    *Excited Utterance.* A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.

**(3)**    *Then-Existing Mental, Emotional, or Physical Condition.* A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

**(4)**    *Statement Made for Medical Diagnosis or Treatment.* A statement that:

**(A)**    is made for—and is reasonably pertinent to—medical diagnosis or treatment; and

**(B)**    describes medical history; past or present symptoms or sensations; their inception; or their general cause.

**(5)**    *Recorded Recollection.* A record that:

**(A)** is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately;

**(B)** was made or adopted by the witness when the matter was fresh in the witness's memory; and

**(C)** accurately reflects the witness's knowledge, unless the circumstances of the record's preparation cast doubt on its trustworthiness.

If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party.

**(6)** ***Records of a Regularly Conducted Activity.*** A record of an act, event, condition, opinion, or diagnosis if:

**(A)** the record was made at or near the time by—or from information transmitted by—someone with knowledge;

**(B)** the record was kept in the course of a regularly conducted business activity;

**(C)** making the record was a regular practice of that activity;

**(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by an affidavit or unsworn declaration that complies with Rule 902(10); and

**(E)** the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

"Business" as used in this paragraph includes every kind of regular organized activity whether conducted for profit or not.

**(7)** ***Absence of a Record of a Regularly Conducted Activity.*** Evidence that a matter is not included in a record described in paragraph (6) if:

**(A)** the evidence is admitted to prove that the matter did not occur or exist;

**(B)** a record was regularly kept for a matter of that kind; and

**(C)** the opponent fails to show that the possible source of the information or other circumstances indicate a lack of trustworthiness.

**(8)** ***Public Records.*** A record or statement of a public office if:

**(A)** it sets out:

        **(i)**      the office's activities;

        **(ii)**     a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

        **(iii)**    in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

    **(B)**    the opponent fails to demonstrate that the source of information or other circumstances indicate a lack of trustworthiness.

**(9)**    ***Public Records of Vital Statistics.*** A record of a birth, death, or marriage, if reported to a public office in accordance with a legal duty.

**(10)**   ***Absence of a Public Record.*** Testimony—or a certification under Rule 902—that a diligent search failed to disclose a public record or statement if the testimony or certification is admitted to prove that:

    **(A)**    the record or statement does not exist; or

    **(B)**    a matter did not occur or exist, if a public office regularly kept a record or statement for a matter of that kind.

**(11)**   ***Records of Religious Organizations Concerning Personal or Family History.*** A statement of birth, legitimacy, ancestry, marriage, divorce, death, relationship by blood or marriage, or similar facts of personal or family history, contained in a regularly kept record of a religious organization.

**(12)**   ***Certificates of Marriage, Baptism, and Similar Ceremonies.*** A statement of fact contained in a certificate:

    **(A)**    made by a person who is authorized by a religious organization or by law to perform the act certified;

    **(B)**    attesting that the person performed a marriage or similar ceremony or administered a sacrament; and

    **(C)**    purporting to have been issued at the time of the act or within a reasonable time after it.

**(13)**   ***Family Records.*** A statement of fact about personal or family history contained in a family record, such as a Bible, genealogy, chart, engraving on a ring, inscription on a portrait, or engraving on an urn or burial marker.

**(14)** ***Records of Documents That Affect an Interest in Property.*** The record of a document that purports to establish or affect an interest in property if:

**(A)** the record is admitted to prove the content of the original recorded document, along with its signing and its delivery by each person who purports to have signed it;

**(B)** the record is kept in a public office; and

**(C)** a statute authorizes recording documents of that kind in that office.

**(15)** ***Statements in Documents That Affect an Interest in Property.*** A statement contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose—unless later dealings with the property are inconsistent with the truth of the statement or the purport of the document.

**(16)** ***Statements in Ancient Documents.*** A statement in a document that is at least 20 years old and whose authenticity is established.

**(17)** ***Market Reports and Similar Commercial Publications.*** Market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations.

**(18)** ***Statements in Learned Treatises, Periodicals, or Pamphlets.*** A statement contained in a treatise, periodical, or pamphlet if:

**(A)** the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and

**(B)** the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.

If admitted, the statement may be read into evidence but not received as an exhibit.

**(19)** ***Reputation Concerning Personal or Family History.*** A reputation among a person's family by blood, adoption, or marriage—or among a person's associates or in the community—concerning the person's birth, adoption, legitimacy, ancestry, marriage, divorce, death, relationship by blood, adoption, or marriage, or similar facts of personal or family history.

**(20)** ***Reputation Concerning Boundaries or General History.*** A reputation in a community—arising before the controversy—concerning boundaries of land in

the community or customs that affect the land, or concerning general historical events important to that community, state, or nation.

**(21)** *Reputation Concerning Character.* A reputation among a person's associates or in the community concerning the person's character.

**(22)** *Judgment of a Previous Conviction.* Evidence of a final judgment of conviction if:

**(A)** it is offered in a civil case and:

**(i)** the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;

**(ii)** the conviction was for a felony;

**(iii)** the evidence is admitted to prove any fact essential to the judgment; and

**(iv)** an appeal of the conviction is not pending; or

**(B)** it is offered in a criminal case and:

**(i)** the judgment was entered after a trial or a guilty or nolo contendere plea;

**(ii)** the conviction was for a criminal offense;

**(iii)** the evidence is admitted to prove any fact essential to the judgment;

**(iv)** when offered by the prosecutor for a purpose other than impeachment, the judgment was against the defendant; and

**(v)** an appeal of the conviction is not pending.

**(23)** *Judgments Involving Personal, Family, or General History or a Boundary.* A judgment that is admitted to prove a matter of personal, family, or general history, or boundaries, if the matter:

**(A)** was essential to the judgment; and

**(B)** could be proved by evidence of reputation.

**(24)** *Statement Against Interest.* A statement that:

    **(A)** a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability or to make the declarant an object of hatred, ridicule, or disgrace; and

    **(B)** is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

**Rule 804.**     **Exceptions to the Rule Against Hearsay—When the Declarant Is Unavailable as a Witness**

**(a)**     **Criteria for Being Unavailable.** A declarant is considered to be unavailable as a witness if the declarant:

    **(1)** is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

    **(2)** refuses to testify about the subject matter despite a court order to do so;

    **(3)** testifies to not remembering the subject matter;

    **(4)** cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

    **(5)** is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance or testimony.

But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

**(b)**     **The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:

    **(1)** *Former Testimony.* Testimony that:

        **(A)** when offered in a civil case:

**(i)** was given as a witness at a trial or hearing of the current or a different proceeding or in a deposition in a different proceeding; and

**(ii)** is now offered against a party and the party—or a person with similar interest—had an opportunity and similar motive to develop the testimony by direct, cross-, or redirect examination.

**(B)** when offered in a criminal case:

**(i)** was given as a witness at a trial or hearing of the current or a different proceeding; and

**(ii)** is now offered against a party who had an opportunity and similar motive to develop it by direct, cross-, or redirect examination; or

**(iii)** was taken in a deposition under—and is now offered in accordance with—chapter 39 of the Code of Criminal Procedure.

**(2)** *Statement Under the Belief of Imminent Death.* A statement that the declarant, while believing the declarant's death to be imminent, made about its cause or circumstances.

**(3)** *Statement of Personal or Family History.* A statement about:

**(A)** the declarant's own birth, adoption, legitimacy, ancestry, marriage, divorce, relationship by blood, adoption or marriage, or similar facts of personal or family history, even though the declarant had no way of acquiring personal knowledge about that fact; or

**(B)** another person concerning any of these facts, as well as death, if the declarant was related to the person by blood, adoption, or marriage or was so intimately associated with the person's family that the declarant's information is likely to be accurate.

## Rule 805.    Hearsay Within Hearsay

Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.

## Rule 806.    Attacking and Supporting the Declarant's Credibility

When a hearsay statement—or a statement described in Rule 801(e)(2)(C), (D), or (E), or, in a civil case, a statement described in Rule 801(e)(3)—has been admitted in evidence, the

declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's statement or conduct, offered to impeach the declarant, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.

## ARTICLE IX.
## AUTHENTICATION AND IDENTIFICATION

**Rule 901.**     **Authenticating or Identifying Evidence**

**(a)**     **In General.** To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

**(b)**     **Examples.** The following are examples only—not a complete list—of evidence that satisfies the requirement:

**(1)**     ***Testimony of a Witness with Knowledge.*** Testimony that an item is what it is claimed to be.

**(2)**     ***Nonexpert Opinion About Handwriting.*** A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.

**(3)**     ***Comparison by an Expert Witness or the Trier of Fact.*** A comparison by an expert witness or the trier of fact with a specimen that the court has found is genuine.

**(4)**     ***Distinctive Characteristics and the Like.*** The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.

**(5)**     ***Opinion About a Voice.*** An opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker.

**(6)**     ***Evidence About a Telephone Conversation.*** For a telephone conversation, evidence that a call was made to the number assigned at the time to:

**(A)**     a particular person, if circumstances, including self-identification, show that the person answering was the one called; or

**(B)** a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.

**(7)** *Evidence About Public Records.* Evidence that:

**(A)** a document was recorded or filed in a public office as authorized by law; or

**(B)** a purported public record or statement is from the office where items of this kind are kept.

**(8)** *Evidence About Ancient Documents or Data Compilations.* For a document or data compilation, evidence that it:

**(A)** is in a condition that creates no suspicion about its authenticity;

**(B)** was in a place where, if authentic, it would likely be; and

**(C)** is at least 20 years old when offered.

**(9)** *Evidence About a Process or System.* Evidence describing a process or system and showing that it produces an accurate result.

**(10)** *Methods Provided by a Statute or Rule.* Any method of authentication or identification allowed by a statute or other rule prescribed under statutory authority.

## Rule 902. Evidence That Is Self-Authenticating

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

**(1)** *Domestic Public Documents That Are Sealed and Signed.* A document that bears:

**(A)** a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

**(B)** a signature purporting to be an execution or attestation.

**(2)** *Domestic Public Documents That Are Not Sealed But Are Signed and Certified.* A document that bears no seal if:

**(A)** it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and

**(B)** another public officer who has a seal and official duties within that same entity certifies under seal—or its equivalent—that the signer has the official capacity and that the signature is genuine.

**(3)** *Foreign Public Documents.* A document that purports to be signed or attested by a person who is authorized by a foreign country's law to do so.

**(A)** *In General.* The document must be accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester—or of any foreign official whose certificate of genuineness relates to the signature or attestation or is in a chain of certificates of genuineness relating to the signature or attestation. The certification may be made by a secretary of a United States embassy or legation; by a consul general, vice consul, or consular agent of the United States; or by a diplomatic or consular official of the foreign country assigned or accredited to the United States.

**(B)** *If Parties Have Reasonable Opportunity to Investigate.* If all parties have been given a reasonable opportunity to investigate the document's authenticity and accuracy, the court may, for good cause, either:

**(i)** order that it be treated as presumptively authentic without final certification; or

**(ii)** allow it to be evidenced by an attested summary with or without final certification.

**(C)** *If a Treaty Abolishes or Displaces the Final Certification Requirement.* If the United States and the foreign country in which the official record is located are parties to a treaty or convention that abolishes or displaces the final certification requirement, the record and attestation must be certified under the terms of the treaty or convention.

**(4)** *Certified Copies of Public Records.* A copy of an official record—or a copy of a document that was recorded or filed in a public office as authorized by law—if the copy is certified as correct by:

**(A)** the custodian or another person authorized to make the certification; or

**(B)** a certificate that complies with Rule 902(1), (2), or (3), a statute, or a rule prescribed under statutory authority.

**(5)**      ***Official Publications.*** A book, pamphlet, or other publication purporting to be issued by a public authority.

**(6)**      ***Newspapers and Periodicals.*** Printed material purporting to be a newspaper or periodical.

**(7)**      ***Trade Inscriptions and the Like.*** An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control.

**(8)**      ***Acknowledged Documents.*** A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments.

**(9)**      ***Commercial Paper and Related Documents.*** Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law.

**(10)**      ***Business Records Accompanied by Affidavit.*** The original or a copy of a record that meets the requirements of Rule 803(6) or (7), if the record is accompanied by an affidavit that complies with subparagraph (B) of this rule and any other requirements of law, and the record and affidavit are served in accordance with subparagraph (A). For good cause shown, the court may order that a business record be treated as presumptively authentic even if the proponent fails to comply with subparagraph (A).

     **(A)**      ***Service Requirement.*** The proponent of a record must serve the record and the accompanying affidavit on each other party to the case at least 14 days before trial. The record and affidavit may be served by any method permitted by Rule of Civil Procedure 21a.

     **(B)**      ***Form of Affidavit.*** An affidavit is sufficient if it includes the following language, but this form is not exclusive. The proponent may use an unsworn declaration made under penalty of perjury in place of an affidavit.

         1.      I am the custodian of records [*or* I am an employee or owner] of _____ and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

         2.      Attached are _____ pages of records. These are the original records or exact duplicates of the original records.

         3.      The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth. [*or* It is the regular practice of _____ to make this type of record at or near the

time of each act, event, condition, opinion, or diagnosis set forth in the record.]

    4.    The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. [*or* It is the regular practice of _____ for this type of record to be made by, or from information transmitted by, persons with knowledge of the matters set forth in them.]

    5.    The records were kept in the course of regularly conducted business activity. [*or* It is the regular practice of _____ to keep this type of record in the course of regularly conducted business activity.]

    6.    It is the regular practice of the business activity to make the records.

**(11)** ***Presumptions Under a Statute or Rule.*** A signature, document, or anything else that a statute or rule prescribed under statutory authority declares to be presumptively or prima facie genuine or authentic.

## Rule 903.    Subscribing Witness's Testimony

A subscribing witness's testimony is necessary to authenticate a writing only if required by the law of the jurisdiction that governs its validity.

## ARTICLE X.
## CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS

## Rule 1001.    Definitions That Apply to This Article

In this article:

**(a)**    A "writing" consists of letters, words, numbers, or their equivalent set down in any form.

**(b)**    A "recording" consists of letters, words, numbers, or their equivalent recorded in any manner.

**(c)**    A "photograph" means a photographic image or its equivalent stored in any form.

**(d)**    An "original" of a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by the person who executed or issued it. For electronically stored information, "original" means any printout—or other output

readable by sight—if it accurately reflects the information. An "original" of a photograph includes the negative or a print from it.

**(e)**   A "duplicate" means a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original.

## Rule 1002.   Requirement of the Original

An original writing, recording, or photograph is required in order to prove its content unless these rules or other law provides otherwise.

## Rule 1003.   Admissibility of Duplicates

A duplicate is admissible to the same extent as the original unless a question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.

## Rule 1004.   Admissibility of Other Evidence of Content

An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if:

**(a)**   all the originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith;

**(b)**   an original cannot be obtained by any available judicial process;

**(c)**   an original is not located in Texas;

**(d)**   the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or

**(e)**   the writing, recording, or photograph is not closely related to a controlling issue.

## Rule 1005.   Copies of Public Records to Prove Content

The proponent may use a copy to prove the content of an official record—or of a document that was recorded or filed in a public office as authorized by law—if these conditions are met: the record or document is otherwise admissible; and the copy is certified as correct in accordance with Rule 902(4) or is testified to be correct by a witness who has compared it with the original. If no such copy can be obtained by reasonable diligence, then the proponent may use other evidence to prove the content.

**Rule 1006.    Summaries to Prove Content**

The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

**Rule 1007.    Testimony or Statement of a Party to Prove Content**

The proponent may prove the content of a writing, recording, or photograph by the testimony, deposition, or written statement of the party against whom the evidence is offered. The proponent need not account for the original.

**Rule 1008.    Functions of the Court and Jury**

Ordinarily, the court determines whether the proponent has fulfilled the factual conditions for admitting other evidence of the content of a writing, recording, or photograph under Rule 1004 or 1005. But in a jury trial, the jury determines—in accordance with Rule 104(b)—any issue about whether:

**(a)**    an asserted writing, recording, or photograph ever existed;

**(b)**    another one produced at the trial or hearing is the original; or

**(c)**    other evidence of content accurately reflects the content.

**Rule 1009.    Translating a Foreign Language Document**

**(a)**    **Submitting a Translation.** A translation of a foreign language document is admissible if, at least 45 days before trial, the proponent serves on all parties:

    **(1)**    the translation and the underlying foreign language document; and

    **(2)**    a qualified translator's affidavit or unsworn declaration that sets forth the translator's qualifications and certifies that the translation is accurate.

**(b)**    **Objection.** When objecting to a translation's accuracy, a party should specifically indicate its inaccuracies and offer an accurate translation. A party must serve the objection on all parties at least 15 days before trial.

**(c)** **Effect of Failing to Object or Submit a Conflicting Translation.** If the underlying foreign language document is otherwise admissible, the court must admit—and may not allow a party to attack the accuracy of—a translation submitted under subdivision (a) unless the party has:

    **(1)** submitted a conflicting translation under subdivision (a); or

    **(2)** objected to the translation under subdivision (b).

**(d)** **Effect of Objecting or Submitting a Conflicting Translation.** If conflicting translations are submitted under subdivision (a) or an objection is made under subdivision (b), the court must determine whether there is a genuine issue about the accuracy of a material part of the translation. If so, the trier of fact must resolve the issue.

**(e)** **Qualified Translator May Testify.** Except for subdivision (c), this rule does not preclude a party from offering the testimony of a qualified translator to translate a foreign language document.

**(f)** **Time Limits.** On a party's motion and for good cause, the court may alter this rule's time limits.

**(g)** **Court-Appointed Translator.** If necessary, the court may appoint a qualified translator. The reasonable value of the translator's services must be taxed as court costs.

**RULE 1. Assignment of Related Cases to and Transfers of Related Cases between the First and Fourteenth Courts of Appeals.**

**Rule 1.1. Definitions.**

(a)  "Underlying case" means a trial court case number that is filed in one of the counties that comprise the jurisdiction of the First and Fourteenth Courts of Appeals and is subsequently the subject of either an appeal or original proceeding in the First or Fourteenth Court of Appeals.

(b)  "Related" means arising from the same underlying case or a case that has been remanded by either the First or Fourteenth Court of Appeals and includes cases severed from the main case.

(c)  "Previously filed" means that a case has been opened at either the First or Fourteenth Court of Appeals and that an appellate case number has been assigned to the underlying case.

**Rule 1.2. Assignment of Original Proceedings to either the First or Fourteenth Court of Appeals.**

(a)  Except as noted below, assignment of original proceedings must be alternated between the First and Fourteenth Courts of Appeals.

(b)  During the first six months of a calendar year, relators must first present any original proceeding to the clerk of the First Court of Appeals. During the last six months of a calendar year, relators must first present any original proceeding to the clerk of the Fourteenth Court of Appeals. Hereinafter, the "intake clerk" means the clerk receiving the original proceeding.

(c)  The intake clerk must log in each original proceeding sequentially, assigning original proceedings between the First and Fourteenth Courts of Appeals on an alternating basis.

(d)  If a related appeal or original proceeding has been previously filed in one of the courts, the intake clerk must assign the original proceeding in the manner provided for in Rule 1.3(a)-(b) below.

**Rule 1.3. Notice of and Assignment of Related Cases in Original Proceedings.**

(a)  At the time an original proceeding is filed in either the First or Fourteenth Court of Appeals, the relator must file a notice indicating whether any related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals. The notice must include the caption, trial court case number, and appellate court case number of the related appeal or original proceeding.

(b)  If any related appeal or original proceeding has been previously filed in or assigned to either the First or Fourteenth Court of Appeals, the clerk of the appellate court receiving the original proceeding must assign it to the court of appeals in which the related appeal or original proceeding was previously filed.

(c)    If related appeals or original proceedings have been filed in both the First and Fourteenth Courts of Appeals, the clerk of the appellate court receiving the original proceeding must assign it to the court of appeals in which the most recent related appeal or original proceeding was previously filed or assigned.

**Rule 1.4. Notice of and Assignment of Related Cases in Appeals.**

(a)    At the time the notice of appeal is filed in the trial court, the notice of appeal must contain a statement indicating whether a related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals and must include the caption, trial court case number, and appellate court case number of the related appeal or original proceeding.

(b)    If a related appeal or original proceeding has been previously filed in or assigned to either the First or Fourteenth Court of Appeals, the trial court clerk must assign the appeal to the court of appeals in which the related appeal or original proceeding was previously filed, pursuant to TEX. GOV'T CODE ANN. § 22.202(h) (Vernon 2004), which provides for companion cases to be assigned to the same court of appeals

(c)    If related appeals or original proceedings have been previously filed in both the First and Fourteenth Courts of Appeals, the trial court clerk must assign the appeal to the court of appeals in which the most recent related appeal or original proceeding was previously filed or assigned, pursuant to TEX. GOV'T CODE ANN. § 22.202(h) (Vernon 2004), which provides for companion cases to be assigned to the same court of appeals.

**Rule 1.5. Transfers of Related Cases Between the First and Fourteenth Courts of Appeals.**

(a)    The First or Fourteenth Court of Appeals may, either sua sponte or on motion of a party, transfer an appeal or an original proceeding to the other Houston court of appeals when a related appeal or original proceeding has been previously filed.

(b)    The transferring court must forward the case file, together with a transfer order, to the clerk of the transferee court. The clerk of the transferee court must docket the transferred appeal or original proceeding and must assign it a new appellate case number pursuant to TEX. R. APP. P. 12.1 and 12.2.

**Rule 1.6. Assignment of Permissive Appeals to either the First or Fourteenth Court of Appeals.**

(a)    Except as noted below, assignment of permissive appeals must be alternated between the First and Fourteenth Courts of Appeals.

(b)    During the first six months of a calendar year appellants must first present any petition for permission to appeal to the clerk of the First Court of Appeals. During the last six months of a calendar year, appellants must first present any petition for permission to appeal to the clerk of the Fourteenth Court of Appeals. Hereinafter, the "intake clerk" means the clerk receiving the petition for permission to appeal.

(c)    The intake clerk must log in each petition for permission to appeal sequentially, assigning petitions between the First and Fourteenth Courts of Appeals on an alternating basis.

(d)    At the time a petition for permission to appeal is filed, it must contain a statement indicating whether a related appeal or original proceeding has been previously filed in or assigned to either the First or Fourteenth Court of Appeals. If a related appeal or original proceeding has been previously filed in one of the courts, the intake clerk must assign the petition for permission to the court of appeals in which the related appeal or original proceeding was previously filed.